**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

2007 DEC 27 P 2: 32

| | | |
|---|---|---|
| STEVEN WOOD, an individual, | ) | DEBRA P. HACKETT, CLK |
| | ) | U.S. DISTRICT COURT |
| Plaintiff, | ) | MIDDLE DISTRICT ALA |
| | ) | |
| v. | ) | **CIVIL ACTION NO.:** |
| | ) | |
| CITY OF LANETT, a municipality, | ) | 3:07 CV1128 – MHT |
| MIKE YARBROUGH, in both his | ) | **CV-2006-267** |
| individual and official capacities; | ) | |
| OSCAR CRAWLEY, in both his | ) | |
| individual and official capacities; | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COMES NOW the Defendants, City of Lanett, Alabama, Oscar Crawley, and Mike

Yarbrough, by and through their attorney of record, and gives notice of removal of the above-

styled action from the Circuit Court of Chambers County, Alabama, to the United States

District Court for the Middle District of Alabama, Eastern Division.  As grounds for the

removal, the Defendants would state as follows:

1.    From information and belief, the Plaintiff, Steven Wood, is a resident of

Randolph County, in the State of Alabama.

2.    The Defendant City of Lanett, is a municipality within the State of Alabama.

3.    The Defendant Oscar Crawley is a resident of Chambers County, in the State of

Alabama.

4. The Defendant Mike Yarbrough is a resident of Chambers County, in the State of Alabama.

5. On or about November 28, 2006, the above-styled action was commenced against the Defendant in the Circuit Court of Chambers County, Alabama. However, the initial action was a petition for review of the City of Lanett's termination of the petitioner.

6. On November 8, 2007, the Plaintiff filed a motion to amend the petition and at that time included Defendants Oscar Crawley, and Mike Yarbrough, as well as the City of Lanett and further brought new causes of action under its requested amended petition.

7. The Circuit Court of Chambers County, Alabama, issued an Order on November 30, 2007, granting the Plaintiff's motion to amend their complaint.

8. The City of Lanett was not served with the Order until sometime thereafter. However, for purposes of removal, the City is using the Court's Order of November 30, 2007, for purposes of removal. A copy of the Court's Order is attached as Exhibit "A".

9. The Plaintiff's amended complaint for the first time alleges causes of action against the Defendant, the City of Lanett, as well as Crawley and Yarbrough, such as, violation of 42 U.S.C. §1983 -- substantive due process, violation of 42 U.S.C. §1983 procedural due process, violation of U.S.C. §1983 First Amendment Retaliation, Breach of Implied Contract, Wrongful Termination, Intentional Interference with Contractual Relationship, Intentional Infliction of Emotional Distress, Defamation, Breach of Contract, Intentional Interference with Contractual Relationship. A copy of the amended complaint and original complaint are attached as Exhibits "B".

10.    This action is subject to removal on the basis of federal question of jurisdiction. The complaint specifically invokes an attempt to asset claims under Counts One, Two, and Three alleging violation of 452 U.S.C.A. §1983. Therefore, the complaint includes Plaintiffs governed and necessarily arising under the Acts of Congress under 42 U.S.C.A. 1983, et seq.

11.    The amount in controversy in this case was not stated. However, it is the position of the Defendants that the amount in controversy is more than the jurisdictional amount.

12.    It is the Defendants' contention that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

13.    The remaining claims asserted in the complaint within this Court's subject matter jurisdiction pursuant to 28 U.S.C. §1367. This action is removable to this Court pursuant to 28 U.S.C. §1441(b). The state law claims are not separate and independent from the federal claims, thus, the remainder of the state law claims is not permissible under 28 U.S.C. §1441(c). Further, the state law claims, if any, do not fall within the limited exception enumerated in 28 U.S.C. §1367(c) as instances in which the district court can exercise its discretion to decline supplemental jurisdiction.

14.    This petition is filed with this Honorable Court within thirty days of service on the Defendants of the Order granting the amendment of the Plaintiff's complaint to add the federal claims.

15.    A notice of the Defendants' removal of the above-styled action has been given to the clerk of the Circuit Court of Chambers County, Alabama, and to the Plaintiffs as required by 28 U.S.C. §1446(b).  See Exhibit "C" attached hereto.

WHEREFORE, the Defendants are removing this action from the Circuit Court of Chambers County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division.

Respectfully Submitted,


T. RANDALL LYONS
Attorney for Defendants



OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830
334-887-0111

## CERTIFICATE OF SERVICE

I hereby certify that I have this date of December 27, 2007, mailed a copy of the foregoing filing to the following counsel of record:

Timothy Dillard
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, AL 35203

_____
OF COUNSEL

ELECTRONICALLY FILED
1/30/2007 3:39 PM
CV-2006-000267.00
CIRCUIT COURT OF
CHAMBERS COUNTY, ALA
CHARLES STORY, CLE

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

WOOD STEVEN                          )
           Plaintiff          )
                             )
     v.                       )          **Case No.:**  CV-2006-000267.00
                             )
CITY OF LANETT                       )
CRAWLEY OSCAR                        )
YARBROUGH MIKE                      )
        Defendants        )

## <u>ORDER</u>

Plaintiff's Motion to Amend Petition is Granted.

DONE this 30th day of November, 2007

/s TOM. F. YOUNG JR.
_____

CIRCUIT JUDGE



| State of Alabama | SUMMONS | Case Number |
|---|---|---|
| Unified Judicial System | -CIVIL- | CV _06-267_ |

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY

**Plaintiff:**      **Larry Clark, et al.**      **Defendant:**    **City of Lanett, et al.**

NOTICE TO:      City of Lanett              TO BE SERVED BY CERTIFIED MAIL
                 c/o Joel Holley
                 City Hall, City Manager's Office
                 Lanett, Alabama 36863

THE COMPLAINT, INTERROGATORIES AND REQUEST FOR PRODUCTION WHICH ARE ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY **Timothy L. Dillard, Dillard & Associates L.L.C.,** WHOSE ADDRESS IS 2015 2nd **Avenue North, Berry Building, Fourth Floor, Birmingham, Alabama, 35203.**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30** DAYS AFTER THE SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

\_\_\_     You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

Date: _12-04-06_                _Charles W. Story_ By:_____
                                    Clerk/Register

\_\_\_\_\_     I certify that I personally delivered a copy of the Summons and Complaint to
_____ in _____, County, Alabama
on _____.
                           Date

Date _____          Server's Signature _____

Address of Server _____      Type of Process Server _____



EXHIBIT
**B**

IN THE CIRCUIT COURT FOR CHAMBERS COUNTY, ALABAMA

STEVEN WOOD, an individual,     )

    Petitioner.                 )    NOV 2 8 2006

                            )

v.                         )  CLERK   Civil Action No.: CV 06-267

CITY OF LANETT, a municipality,  CHAMBERS COUNTY, ALABAMA

                           )

    Respondent.           )

## PETITION FOR REVIEW

    COMES NOW Petitioner, Steven Wood, by and through his attorney, and hereby

petitions the Court for review of the decision of the Lanett City Council entered on November 9,

2006, based on the following facts and law:

1.    Petitioner Steven Wood is over the age of nineteen (19) and is a resident of Randolph

       County.  Petitioner was a Lieutenant with the City of Lanett Police Department.

       Respondent City of Lanett is a municipality located in Chambers County, Alabama.

2.    On September 30, 2006, Plaintiff Steven Wood, while on duty and acting in accordance

       with the methods taught in their law enforcement training, arrested Lanett City

       Councilperson Mike Yarbrough (hereinafter "Yarbrough") at his home in Lanett, AL.

       Yarbrough was arrested for violation of City Ordinance 3-3, Posting Advertising Matter

       on Utility Poles.

3.    Following the arrest, on or about October 2, 2006, Yarbrough filed a complaint against

       Petitioner for the "way the arrest was handled." (See attached)

4.    On or about October 13, 2006, Petitioner was given of a Notification of Disciplinary

       Hearing scheduled for October 24, 2006, by City Manager Joel Holley, in which the

proposed disciplinary action was termination of employment. (See attached). Petitioner

was being terminated because of his lawful arrest of Yarbrough. The Notification listed

three reasons for the proposed action:

(1)   Violation of Group 2 Section 20 of the City of Lanett Personnel Handbook. "Abusive Personal Conduct or language toward the public or fellow employees, or abusive public criticism of a superior or other city official;"

(2)   Violation of Rules and Regulations of the Police Department 1.100 Primary Objectives.

(3)   Violations of Rules and Regulations of the Police Department 1.230 Conduct Unbecoming an Officer.

5.      On or about October 25, 2006, Petitioner was placed on Administrative Leave with Pay

pending the outcome of the Disciplinary Hearing held on October 24, a procedure for

which there is no policy in the City of Lanett Employee Personnel Handbook. (See

attached).

6.      The "Employee Personnel Handbook" of the City of Lanett does not enumerate

"administrative leave with pay" as a type of discipline to be implemented against City of

Lanett employees. Furthermore, the description of the City of Lanett's "Administrative

Leave Policy" in subsection C of Section IX of the ""Employee Personnel Handbook"

does not include the incident made the basis of this Complaint as an appropriate situation

for placing the Petitioner on such leave.

7.      On or about October 31, 2006, Petitioner received the Decision Upon Disciplinary

Hearing, stating that the "Department Head's recommendation of termination is upheld."

(See attached).

8.      Petitioner appealed the decision to the Lanett City Council, to wit; on or about November

9, 2006, an appeal was heard; whereby the City Council affirmed the termination of the

Petitioner. Respondents' discharge of Petitioner was arbitrary and capricious, malicious, willful, retaliatory, oppressive, in bad faith, and for trivial, personal, and improper reasons.

9. City Councilperson Yarbrough while "recusing" himself from the hearing did go into the "jury" room to participate in the deliberations.

10. Petitioner avers that Yarbrough asserted pressure on the remaining Councilpersons to find against Petitioner. The hearing was unfair because Yarbrough, who was the accuser and instigator of the termination proceedings against Petitioner, was allowed to participate in the deliberations concerning the Petitioner.

11. Petitioner was classified as an "Exempt Service Employee," Petitioner was entitled to his employment unless certain situations arose and/or Petitioner's conduct was within certain terminable categories. Petitioner was fired for reasons not enumerated in the City of Lanett Personnel Handbook.

12. Petitioner claims that the above retaliatory actions where taken as a result of the arrest of Yarbrough.

13. The standard of judicial review applied to rulings of administrative agencies differs from that applied to rulings of trial courts. An appellate court will affirm a ruling of a lower court if there is any valid reason to do so, even a reason not presented to--or rejected by-- the lower court.... When reviewing the decision of an administrative agency, however, an Alabama court will affirm only if the action and the stated basis for the action are correct." Glass v. City of Dothan Personnel Bd., 910 So.2d 128, 130 (Ala.Civ.App. 2004) (citing Ex parte Beverly Enterprises-Alabama, Inc., 812 So.2d 1189, 1195 (Ala. 2001)).

14. "The decision of an administrative agency will be affirmed unless the appellant can prove

that the agency acted in an arbitrary and capricious manner or failed to comply with applicable law.... The Board's decision 'must be affirmed if there is substantial evidence to support the [Board's] findings.' " <u>Ex parte City of Dothan Pers. Bd.</u>, 791 So.2d 353, 356 (Ala.2000) (*quoting* <u>Ex parte Personnel Bd. for Mobile County</u>, 637 So.2d 888, 889 (Ala.1994)).

15. The City of Lanett acted in an arbitrary and capricious manner when they brought this matter before the Lanett City Council and failed to comply with the law when they allowed Petitioner's accuser, Councilman Yarbrough, to participate in the above mentioned proceedings that led to the termination of the Petitioner.

16. The three reasons cited above, (*see* supra ¶ 4), for the termination of the Petitioner are all just a far reaching attempt to label the Petitioner's lawful conduct in a manner by which the City of Lanett could fire the Petitioner. The reasons cited above are simply a facade to mask the real reason for the termination which is that several officials employed by the City of Lanett have a deep seeded dislike for the Petitioner.

WHEREFORE, Petitioner prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

**DILLARD & ASSOCIATES, L.L.C.**
**Attorneys for the Petitioner**

Timothy L. Dillard (DIL 003)
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823

**Trial Counsel**:
Timothy L. Dillard (DIL 003)
Stewart S. Wilbanks (WIL 312)

## ** PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

OF COUNSEL

**Respondent's Address**:                    **(Please serve by certified mail)**

**City of Lanett**
c/o Joel Holley
City Hall, City Manager's Office
Lanett, Alabama 36863

IN THE CIRCUIT COURT IN AND FOR CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| STEVEN WOOD, an individual, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | Civil Action No.:CV 06-267 |
| | ) | |
| CITY OF LANETT, a municipality; | ) | |
| MIKE YARBROUGH, in both his individual | ) | |
| and official capacities; OSCAR CRAWLEY, in | ) | |
| both his individual and official capacities; | ) | |
| Defendants 2, 3, and 4, those persons or | ) | |
| institutions responsible for making the | ) | |
| employment decisions regarding the Plaintiff | ) | |
| made the basis of the Complaint; Defendants 5, | ) | |
| 6, and 7,those persons or institutions | ) | |
| responsible for defaming the Plaintiff; | ) | |
| Defendants 8, 9, and 10, those persons or | ) | |
| institutions responsible for breaching the | ) | |
| contract made the basis of this Complaint; | ) | |
| Defendants 11, 12, and 13, those persons or | ) | |
| institutions responsible for interfering with | ) | |
| Plaintiff's contractual and employment rights, | ) | |
| all of whose true names and legal identities are | ) | |
| unknown to the Plaintiff at this time but will be | ) | |
| added by amendment when ascertained, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED PETITION

**COMES NOW**, Plaintiff STEVEN WOOD, by and through undersigned counsel, hereby

files this Amended Petition against Defendants CITY OF LANETT, a municipality; MIKE

YARBROUGH, in both his official capacity as a Lanett City Council member and his individual

capacity; and OSCAR CRAWLEY, in both his official capacity as Mayor of the City of Lanett and

his individual capacity, (all the aforementioned defendants are hereinafter sometimes collectively

referred to as "Defendants") and further alleges as follows:

## JURISDICTION

1.  Plaintiff realleges and re-incorporates paragraphs one (1) through sixteen (16) of his initial petition and further avers that:

2.  This is an action in excess of $10,000.00 exclusive of all interest, attorney fees, and costs.

3.  Plaintiff STEVEN WOOD (hereinafter "WOOD") is a resident of Randolph County and is over the age of nineteen (19).

4.  Defendant CITY OF LANETT is a municipality located in Lanett, Chambers County, Alabama.

5.  Defendant MIKE YARBROUGH (hereinafter "YARBROUGH") is an individual and a Lanett City Council member residing in Lanett, Chambers County, Alabama.

6.  Defendant OSCAR CRAWLEY (hereinafter "CRAWLEY") is an individual and Mayor of the City of Lanett residing in Lanett, Chambers County, Alabama.

7.  Venue is proper because the cause of action accrued and all defendants reside in Chambers County, Alabama.

## FACTUAL BACKGROUND

8.  Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through seven (7) of the Amended Petition herein and further avers that:

9.  At all times material hereto Plaintiff WOOD was a police officer employed through Defendant CITY OF LANETT by and through the City of Lanett Police Department.

10. On or about September 30, 2006, Plaintiff WOOD, while on duty and acting in accordance with the methods taught in his law enforcement training with the City of Lanett Police Department, arrested Defendant/Lanett City Council Member YARBROUGH at his home in Lanett, Chambers County, Alabama.

11.    Defendant YARBROUGH was arrested for violation of City Ordinance 3-3, Posting Advertising Matter on Utility Poles.

12.    Prior to the arrest, Plaintiff WOOD, in compliance with the Fourth Amendment to the United States Constitution and police procedure as he was taught, obtained a judicial determination of probable cause regarding Defendant YARBROUGH whereby a valid arrest warrant was then issued for Defendant YARBROUGH.

13.    Following the arrest, on or about October 2, 2006, Defendant YARBROUGH filed a complaint against Plaintiff WOOD allegedly for the "way the arrest was handled."

14.    On or about October 13, 2006, Plaintiff WOOD was given a document titled "Notification of Disciplinary Hearing" which was scheduled for October 24, 2006. Plaintiff WOOD was to appear in front of Defendant CITY OF LANETT'S City Manager Joel Holley, in which the proposed disciplinary action was termination of employment.

15.    Plaintiff WOOD was allegedly being terminated because of his lawful arrest of Defendant YARBROUGH. More specifically, the Notification listed three reasons for the proposed action:

   (1)    Violation of Group 2 Section 20 of the City of Lanett Personnel Handbook. "Abusive Personal Conduct or language toward the public or fellow employees, or abusive public criticism of a superior or other city official;"
   (2)    Violation of Rules and Regulations of the Police Department 1.100 Primary Objectives.
   (3)    Violations of Rules and Regulations of the Police Department 1.230 Conduct Unbecoming an Officer.

16.    Defendant CITY OF LANETT had, at some time in the past, promulgated the City of Lanett Employee Personnel Handbook, which was to govern the disciplinary procedures of its city employees.

17.    The Employee Personnel Handbook gave Plaintiff WOOD property rights in continued

employment under the Due Process Clause of the Fourteenth Amendment with Defendant CITY OF LANETT.

18.  Upon receipt of the Notification of Disciplinary Hearing, Plaintiff WOOD was placed on "Administrative Leave with Pay" pending the outcome of the Disciplinary Hearing to be held on October 24, 2006.

19.  The Employee Personnel Handbook of the City of Lanett does not enumerate "Administrative Leave with Pay" as a type of discipline to be implemented against City of Lanett employees.

20.  Furthermore, the description of Defendant CITY OF LANETT'S "Administrative Leave Policy" under Section IX(C)(4) of the Employee Personnel Handbook does not even include the incident made the basis of this Complaint as an appropriate situation for placing the Plaintiffs on such leave.

21.  On or about October 31, 2006, Plaintiff WOOD received the Decision Upon Disciplinary Hearing signed by City Manager Joel Holley stating, *inter alia*, that the recommendation of termination would be upheld.

22.  Plaintiff WOOD immediately appealed the decision to the Lanett City Council, as was his right, and on or about November 9, 2006, an appeal was heard.

23.  Plaintiff WOOD was represented by counsel at said appeal.

24.  Prior to the hearing on appeal, Plaintiff WOOD requested that Defendant/Council Member YARBROUGH recuse himself from deliberations and any decision in Plaintiff WOOD'S appeal as a result of his bias, prejudice, and conflicts of interest that existed in the case.

25.  Specifically, Defendant YARBROUGH'S arrest was the subject of Plaintiff WOOD'S termination and Defendant YARBROUGH initiated the complaint against Plaintiff WOOD.

26.   Defendant/Council Member YARBROUGH agreed to recuse himself from deliberation.

27.   Prior to the hearing on appeal, Plaintiff WOOD requested that Defendant/Mayor CRAWLEY recuse himself from deliberations and any decision in Plaintiff WOOD'S appeal as a result of his bias, prejudice, and conflicts of interest that existed in the case

28.   Specifically, Defendant CRAWLEY was personally involved in the investigation of Plaintiff WOOD'S case, and he had made biased statements against Plaintiff WOOD.

29.   Defendant/Mayor CRAWLEY, despite the repeated requests by Plaintiff WOOD, refused to recuse himself from the deliberations on appeal.

30.   However, and to the dismay of Plaintiff WOOD, *both Defendant YARBROUGH and Defendant CRAWLEY participated in the deliberations and ultimate decision to uphold City Manager Joel Holley's termination of Plaintiff WOOD*.

31.   Thus, Defendant YARBROUGH, whose arrest was the reason for Plaintiff WOOD'S termination, and who initiated the complaint against Plaintiff WOOD was allowed to participate in the deliberations and decision that resulted in his termination.

32.   As well, Defendant CRAWLEY, who had personal involvement in the investigation of the case, and had made biased statement about Plaintiff WOOD prior to the appeal was allowed to participate in the deliberations and decision that resulted in his termination.

33.   The issues thus decided on Plaintiff WOOD'S appeal were the result of the bias and unfair prejudice of both Defendant YARBROUGH and Defendant CRAWLEY's exertion of pressure on the remaining of Lanett City Council's members.

34.   Defendant CRAWLEY even stated in deliberations that he "wanted [Plaintiff] WOOD fired because [Plaintiff WOOD] was going to sue them anyway."

35.   The Lanett City Council with participation from Defendant YARBROUGH and Defendant

CRAWLEY thereby affirmed the termination of Plaintiff WOOD.

36.     Defendant YARBROUGH and Defendant CRAWLEY'S participation in the decision and

deliberation was a conflict of interest as set out in the Employee Personnel Handbook.

37.     The discharge of Plaintiff WOOD by all present Defendants was in violation of Plaintiff

WOOD'S right to Due Process as guaranteed by the Fourteenth Amendment of the United

States Constitution and was thus arbitrary, capricious, malicious, willful, retaliatory,

oppressive, in bad faith, and for trivial, personal, and improper reasons.

## COUNT ONE - VIOLATION OF 42 U.S.C. § 1983 - SUBSTANTIVE DUE PROCESS

38.     Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through thirty-seven (37)

of the Amended Petition herein and further avers that:

39.     Plaintiff WOOD was a merit employee of the Defendant CITY OF LANETT and could be

dismissed only for cause as enumerated in Defendant CITY OF LANETT'S Employee

Personnel Handbook. Plaintiff WOOD therefore had a valid property interest in his

employment.

40.     Plaintiff WOOD was deprived of his valid property interest and his due process rights were

violated by all named Defendants herein when Defendant YARBROUGH and Defendant

CRAWLEY participated in the deliberations and decision on Plaintiff WOOD'S appeal.

41.     As such, and as a direct and proximate consequence of all present Defendant's violations of

the Plaintiff WOOD'S substantive due process rights, Plaintiff WOOD has suffered the

following injuries and damages:

>       **Plaintiff has been forced to endure financial hardship due to his
>       termination. Defendant's conduct caused Plaintiff to suffer
>       irreparable harm, which will continue unless enjoined by this
>       court. Plaintiffs has no remedy at law to redress the deprivation
>       of his rights. Defendants caused Plaintiff to be unlawfully**

deprived of wages and other benefits of his employment relations, career, and other employment related opportunities, and occupational liberty in his job. Defendant's conduct further caused Plaintiff to suffer substantial personal injuries, including, but not limited to anxiety, trauma, stress, emotional distress, embarrassment, loss of future employment prospects, and has permanently and adversely affected Plaintiff's life and career.

**WHEREFORE**, Plaintiff WOOD prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT TWO - VIOLATION OF 42 U.S.C. § 1983 - PROCEDURAL DUE PROCESS

42.    Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through forty-one (41) of the Amended Petition herein and further avers that:

43.    Plaintiff WOOD was a merit employee of the Defendant CITY OF LANETT and could be dismissed only for cause as enumerated in Defendant CITY OF LANETT'S Employee Personnel Handbook. Plaintiff WOOD therefore had a valid property interest in his employment.

44.    Plaintiff WOOD was deprived of his right to a fair hearing as required under the Procedural Due Process Clause of the 14th Amendment by all named Defendants herein when Defendant YARBROUGH and Defendant CRAWLEY participated in the deliberations and decision on Plaintiff WOOD'S appeal.

45.    As such, and as a direct and proximate consequence of all present Defendant's violations of the Plaintiff WOOD'S procedural due process rights, Plaintiff WOOD was injured as set out in paragraph forty-one (41) above.

**WHEREFORE**, Plaintiff WOOD prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT THREE - VIOLATION OF 42 U.S.C. § 1983 - FIRST AMENDMENT RETALIATION

46.     Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through forty-five (45) of the Amended Petition herein and further avers that:

47.     Plaintiff WOOD was a merit employee of the Defendant CITY OF LANETT and could be dismissed only for cause as enumerated in Defendant CITY OF LANETT'S Employee Personnel Handbook. Plaintiff WOOD therefore had a valid property interest in his employment.

48.     Plaintiff WOOD's arrest of Defendant YARBROUGH was an activity to which he had been trained by the City of Lanett Police Department and he so engaged in that activity. Said conduct was protected under the First Amendment.

49.     Defendants, all inclusive, retaliated against him for his exercise of that right and was fired because his otherwise valid arrest of Defendant/City Council Member YARBROUGH.

50.     As such, and as a direct and proximate consequence of all present Defendant's violations of Plaintiff WOOD'S First Amendment rights, Plaintiff WOOD was injured as set out in paragraph forty-one (41) above.

**WHEREFORE**, Plaintiff WOOD prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and

benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT FOUR - BREACH OF IMPLIED CONTRACT

51.    Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through fifty (50) of the Amended Petition herein and further avers that:

52.    Defendant CITY OF LANETT has adopted the City of Lanett Employee Personnel Handbook which was in effect at all times material hereto, and which gave Plaintiff WOOD certain procedural rights, and which further resulted in an implied contract as between Defendant CITY OF LANETT and Plaintiff WOOD.

53.    Defendant CITY OF LANETT breached said contract when it failed to follow the procedures outlined in its own City of Lanett Employee Personnel Handbook, to wit: failing to follow due process procedures established by federal law, state law, and the City of Lanett Employee Personnel Handbook itself.

54.    As such, and as a direct and proximate result of the Defendant's actions, Plaintiff WOOD has been injured as follows:

**The Plaintiff has lost the benefit of his bargain; The Plaintiff has been defrauded and lied to; Plaintiff has incurred additional unnecessary expenses as a result of Defendants' wrongful conduct; The Plaintiff has suffered extreme financial distress, emotional distress and mental anguish; Plaintiff has lost the value of his employment.**

**WHEREFORE,** Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts

and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT FIVE - WRONGFUL TERMINATION

55.    Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through fifty-four (54) of the Amended Petition herein and further avers that:

56.    The *neglectful, careless, and unskillful* conduct of all present Defendants in terminating Plaintiff's employment without an adequate appellate hearing pursuant to the City of Lanett Employee Personnel Handbook as well as state and federal law contravened the established public policy of Alabama; therefore, Defendants have violated the Alabama doctrine of wrongful termination.

57.    As a direct and proximate result of the wrongful termination, the Plaintiff was injured as set out in paragraph forty-one (41) above.

**WHEREFORE**, Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT SIX - INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

58.    Plaintiff realleges and re-incorporates paragraphs one (1) through fifty-seven (57) of the Amended Petition herein and further avers that:

59.    As aforementioned, Plaintiff WOOD had a valid property right in continued employment with Defendant CITY OF LANETT and could be dismissed only for cause.

60.    Defendant CITY OF LANETT, Defendant YARBROUGH, and Defendant CRAWLEY affirmatively, intentionally, knowingly, maliciously, unjustifiably, and unlawfully interfered with the contractual relationship and employment rights between Plaintiff WOOD and Defendant CITY OF LANETT.

61.    As a direct and proximate result of Defendant YARBROUGH and Defendant CRAWLEY'S, interference with Plaintiff's contractual relationship with Defendant CITY OF LANETT, the Plaintiff was injured as set out in paragraph forty-one (41) above.

    **WHEREFORE**, Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT SEVEN - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62.    Plaintiff realleges and re-incorporates paragraphs one (1) through sixty-one (61) of the Amended Petition herein and further avers that:

63.    The Defendants, all inclusive, had a duty to Plaintiff WOOD to act appropriately with respect to Plaintiff WOOD'S employment with Defendants, to honor their representations and promises, and to exercise due care with respect Plaintiff's employment.

64.    The Defendants, all inclusive, breached that duty by terminating Plaintiff for reasons not enumerated in the "Employee Personnel Handbook."

65.    The acts of Defendants, all inclusive, described in this Complaint were done willfully, maliciously, outrageously, deliberately, and intentionally with the intention to inflict emotional distress upon Plaintiff.  Such acts were done in reckless disregard of the

probability of causing Plaintiff emotional distress. These acts did in fact result in severe and extreme emotional distress to the Plaintiffs.

66. Defendants, all inclusive, knew or should have known that their conduct would cause Plaintiff severe emotional distress and mental suffering.

67. As a direct and proximate result of the extreme and outrageous conduct of Defendants alleged in this complaint, Plaintiff has suffered and continues to suffer severe emotional distress and mental suffering, anxiety, trauma, stress, embarrassment, and humiliation.

WHEREFORE, Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT EIGHT

68. Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through sixty-seven (67) of the Amended Petition herein and further avers that:

69. Defendants 2, 3, and 4 are those persons or institutions responsible for making the employment decisions regarding the Plaintiff made the basis of the Complaint.

70. As a direct and proximate result of these decisions, Plaintiff WOOD was injured as set out in paragraph forty-one (41) above.

WHEREFORE, Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court

deems just and proper.

## COUNT NINE - DEFAMATION

71.    Plaintiff realleges and re-incorporates paragraphs one (1) through seventy (70) of the Amended Petition herein and further avers that:

72.    Defendants 5, 6, and 7 are those persons or institutions responsible for defaming the Plaintiff.

73.    As a direct and proximate result of the defamation, the Plaintiff was injured as set out in paragraph forty-one (41) above.

**WHEREFORE**, Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT TEN - BREACH OF CONTRACT

74.    Plaintiff realleges and incorporates paragraphs one (1) through seventy-three (73) of the Amended Petition herein and further avers that:

75.    Defendants 8, 9, and 10 are those persons or institutions responsible for breaching the contract made the basis of the Complaint.

76.    When the Plaintiff was hired by the Defendants, Plaintiff was classified as an "Exempt Service Employee," whereby the Plaintiff and the Defendants entered into a contractual agreement wherein the Defendants agreed to provide the Plaintiff with employment that Plaintiff would be entitled to unless certain situations arose and/or Plaintiff's conduct was within certain terminable categories.

77.    The agreement entered into as previously described herein was a legal contract between the

parties. The Defendants, all inclusive, have breached said contract by taking actions to alter

its nature that were neither bargained for or agreed to by the Plaintiff. The Defendants, all

inclusive, breached that duty by terminating Plaintiff for reasons not enumerated in the

"Employee Personnel Handbook."

78.     As a direct and proximate result of the Defendant's, all inclusive, actions to the Plaintiff, he

has been injured as follows:

> **The Plaintiff has lost the benefit of his bargain; The Plaintiff has
> been defrauded and lied to; Plaintiff has incurred additional
> unnecessary expenses as a result of Defendants' wrongful
> conduct; The Plaintiff has suffered extreme financial distress,
> emotional distress and mental anguish; Plaintiff has lost the value
> of his employment.**

**WHEREFORE**, Plaintiff prays that this court afford the following relief: grant the Plaintiff

a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits;

award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts

and other violations of law against Plaintiff; and award such other and further relief as this court

deems just and proper.

## COUNT ELEVEN - INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

79.     Plaintiff WOOD realleges and incorporates paragraphs one (1) through seventy-eight (78)

of the Amended Petition herein and further avers that:

80.     Defendants 11, 12, and 13 are those persons or institutions responsible for interfering with

Plaintiff WOOD'S contractual and employment rights with Defendant CITY OF LANETT.

81.     As a direct and proximate result of these decisions, Plaintiff WOOD was injured as set out

in paragraph forty-one (41) above.

**WHEREFORE**, Plaintiff prays that this court afford the following relief: grant the Plaintiff

a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits;

award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts

and other violations of law against Plaintiff; and award such other and further relief as this court

deems just and proper.

**DILLARD & ASSOCIATES, L.L.C.**
**Attorneys for the Plaintiff**

Timothy L. Dillard (DIL 003)
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823

**Trial Counsel**:
Timothy L. Dillard (DIL 003)
Stewart S. Wilbanks (WIL 312)

## ** PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

OF COUNSEL

**DEFENDANT'S ADDRESS:**

**Mike Yarbrough**                                  **(Please serve by certified mail)**
1012 South 13th Avenue
Lanett, AL 36863

**Oscar Crawley**                                   **(Please serve by certified mail)**
City Hall - Mayor's Office
401 N. Lanier Ave.
Lanett, AL 36863

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8 day of <u>November,</u> 2007, I have served a copy of the above and foregoing Motion to Amend Petition on all parties of record by United States Mail, first class, postage prepaid and properly addressed.

## DEFENDANT'S ADDRESS:

**T. Randall Lyons**                                             **(Please serve by certified mail)**
Attorney for Defendant City of Lanett
Webster, Henry & Lyons, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| STEVEN WOOD, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| CITY OF LANETT, a municipality, | ) | |
| MIKE YARBROUGH, in both his | ) | CV-2006-267 |
| individual and official capacities; | ) | |
| OSCAR CRAWLEY, in both his | ) | |
| individual and official capacities; | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |


## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    Charles Storey, Clerk
Chambers County Circuit Court
Courthouse
2 Lafayette Street
Lafayette, Alabama 36862


PLEASE TAKE NOTICE, the Defendants, the City of Lanett, Mike Yarbrough, and

Oscar Crawley, through counsel in the above-styled action has of this date filed a Notice of

Removal with the Clerk of the United States District Court for the Middle District of

Alabama, Eastern Division, for the removal of Civil Action No.: CV-2006-267 pursuant to 28

U.S.C. §1331, §1367, §1441, and §1446.  A copy of the Notice of Removal is attached hereto.

EXHIBIT
C

DONE this the 27th day of December, 2007.


_____
T. RANDALL LYONS (LYO006)
Attorney for the Defendants


OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830
334-887-0111


## CERTIFICATE OF SERVICE

I hereby certify that I have this date of December 27, 2007, mailed a copy of the forgoing filing to the following counsel of record:

Timothy Dillard
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, AL 35203


_____
OF COUNSEL

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602002441
Cashier ID: khaynes
Transaction Date: 12/27/2007
Payer Name: WEBSTER HENRY LYONS AND WHITE
------------------------------------
CIVIL FILING FEE
 For: WEBSTER HENRY LYONS AND WHITE
 Case/Party: D-ALM-3-07-CV-001128-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 15679
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

WOOD V. CITY OF LANETT