## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **STEVEN WOOD, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 07-CV-1128-MHT** |
| | ) | |
| **CITY OF LANETT, a municipality,** | ) | |
| **MIKE YARBROUGH, in both his** | ) | |
| **individual and official capacities;** | ) | |
| **OSCAR CRAWLEY, in both his** | ) | |
| **individual and official capacities;** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER TO AMENDED PETITION

COME NOW the Defendants, City of Lanett, Alabama, Oscar Crawley, and Mike Yarbrough, by and through their attorney of record, and respond to the Plaintiff's Amended Petition as follows:

## JURISDICTION

1. The Defendant, City of Lanett, adopts and attaches its original Answer to the original Petition attached as Exhibit "A" hereto.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7.      Venue is proper in the Middle District of Alabama Federal Court.

## **FACTUAL BACKGROUND**

8.      These Defendants adopt and reaver all prior paragraphs as answered and stated fully herein.

9.      Admitted.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied as stated.

14.     Denied as stated.

15.     Denied as stated.

16.     Admitted.

17.     Denied as stated.

18.     Admitted.

19.     Denied.

20.     Denied.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Admitted.

27.    Based upon information and belief, admitted.

28.    Denied.

29.    Admitted.

30.    Denied as stated.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied as stated.

36.    Denied.

37.    Denied.

## COUNT I – VIOLATION AT 42 U.S.C.§ 1983 – SUBSTANTIVE DUE PROCESS

38.    These Defendants adopt and reaver all prior paragraphs as answered and stated fully herein.

39.    Denied as stated.

40.    Denied.

41.    Denied.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983 – PROCEDURAL DUE PROCESS

42    These Defendants adopt and reaver all prior paragraphs as answered and stated fully herein.

43.    Denied as stated.

44.    Denied.

45.    Denied.

## COUNT III – VIOLATION OF 42 U.S.C. § 1983 - FIRST AMENDMENT RETALIATION

46.    These Defendants adopt and reaver all prior paragraphs as answered and stated fully herein.

47.    Denied as stated.

48.    Denied.

49.    Denied.

50.    Denied.

## COUNT IV – BREACH OF IMPLIED CONTRACT

51.    These Defendants adopt and reaver all prior paragraphs as answered and stated fully herein.

52.    Denied.

53.    Denied.

54.    Denied.

## COUNT V – WRONGFUL TERMINATION

55.    These Defendants adopt and reaver all prior paragraphs as answered and stated fully herein.

56.    Denied.

57.    Denied.

## COUNT VI – INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

58.     These Defendants adopt and reaver all prior paragraphs as answered and stated fully herein.

59.     Denied as stated.

60.     Denied.

61.     Denied.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62.     These Defendants adopt and reaver all prior paragraphs as answered and stated fully herein.

63.     Denied as stated.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

## COUNT VIII

68.     These Defendants adopt and reaver all prior paragraphs as answered and stated fully herein.

69.     No response is required of these Defendants.  However, if a response is deemed necessary, it is deemed denied.

70.     No response is required of these Defendants.  However, if a response is deemed necessary, it is deemed denied.

## COUNT IX – DEFAMATION

71.     These Defendants adopt and reaver all prior paragraphs as answered and stated fully herein.

72.     No response is required of these Defendants.  However, if a response is deemed necessary, it is deemed denied.

73.     Denied.

## COUNT X – BREACH OF CONTRACT

74.     These Defendants adopt and reaver all prior paragraphs as answered and stated fully herein.

75.     No response is required of these Defendants.  However, if a response is deemed necessary, it is deemed denied.

76.     Denied.

77.     Denied.

78.     Denied.

## COUNT XI – INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

79.     These Defendants adopt and reaver all prior paragraphs as answered and stated fully herein.

80.     No response is required of these Defendants.  However, if a response is deemed necessary, it is deemed denied.

81.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

These Defendants deny each and every material allegation of the Plaintiff's Complaint and demands strict proof thereof.

### SECOND DEFENSE

These Defendants plead the genuine issue.

### THIRD DEFENSE

These Defendants plead that the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

These Defendants plead substantive immunity.

### FIFTH DEFENSE

These Defendants plead qualified immunity.

### SIXTH DEFENSE

These Defendants plead absolute immunity.

### SEVENTH DEFENSE

These Defendants plead contributory negligence.

### EIGHTH DEFENSE

These Defendants plead they are immune from punitive damages.  See City of Newport vs. Fat Concerts, Inc., 453 U.S. 247 (1981).

## NINTH DEFENSE

These Defendants plead discretionary function immunity.

## TENTH DEFENSE

These Defendants plead not guilty.

## ELEVENTH DEFENSE

These Defendants plead that any employment decision was not made with any type of discrimination or malice, but was made based upon legal and non-discriminatory factors.

## TWELFTH DEFENSE

These Defendants plead that they have justification for all actions taken against the Plaintiff.

## THIRTEENTH DEFENSE

These Defendants plead that there is a lack of causation between Plaintiff's alleged injuries and damages and any of the Defendants' actions.

## FOURTEENTH DEFENSE

These Defendants plead statutory limited damages applicable to this case and limits any recovery by the Plaintiff.

## FIFTEENTH DEFENSE

These Defendants plead that the Plaintiff has failed to show direct evidence of discrimination.

## SIXTEENTH DEFENSE

These Defendants plead the Plaintiff has failed to show substantial evidence of discrimination.

## SEVENTEENTH DEFENSE

These Defendants plead the Plaintiff has failed to show circumstantial evidence of discrimination.

## EIGHTEENTH DEFENSE

These Defendants plead that they have legitimate, non-discriminatory reasons for any actions taken against Plaintiff.

## NINETEENTH DEFENSE

These Defendants plead that the Plaintiff fails to establish a prima facie case.

## TWENTIETH DEFENSE

These Defendants plead that there was no defamation.

## TWENTY-FIRST DEFENSE

These Defendants plead the truth.

## TWENTY-SECOND DEFENSE

These Defendants plead that any actions taken without breach of duty or care to the Plaintiff.

## TWENTY-THIRD DEFENSE

These Defendants plead employee misconduct.

## TWENTY-FOURTH DEFENSE

These Defendants plead employee at will.

## TWENTY-FIFTH DEFENSE

These Defendants plead statute of frauds.

## TWENTY-SIXTH DEFENSE

These Defendants reserve the right to supplement this Answer as discovery

continues.


Respectfully submitted,


_____/s/ T. Randall Lyons_____
T. RANDALL LYONS (LYO006)
Attorney for the Defendants


OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
P.O. Box 239
Montgomery, Alabama 36101
334-264-9472
334-264-9599

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date of January 3, 2008, electronically filed the foregoing with the Clerk of the Court using the State of Alabama's electronic filing system which will send notification and a copy of such filing to the following counsel of record:

Timothy Dillard
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, AL 35203

_____/s/ T. Randall Lyons_____
OF COUNSEL

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

STEVEN WOOD, an individual, )

Petitioner, )
)
v. )                          Civil Action No.: CV-06-267
)
CITY OF LANETT, a municipality, )
)
Respondent. )



FILED IN OFFICE THIS

JAN 1 9 2007

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

### ANSWER OF CITY OF LANETT

COMES NOW the Respondent, City of Lanett, by and through its attorney of record, and responds to the Petitioner's Petition for Review as follows:

1.    Based upon information and belief, admitted.

2.    Denied.

3.    It is admitted that Yarbrough filed a complaint against Petitioner.

4.    It is admitted that Petitioner was given notification of a disciplinary hearing and the proposed disciplinary action was termination of employment.

5.    It is admitted that the Petitioner was placed on administrative leave with pay pending the outcome of the disciplinary hearing.

6.    It is denied that administrative leave with pay is a type of disciplinary action as stated in Petitioner's paragraph number six.

7.    Based upon information and belief, admitted.



EXHIBIT
A

8.    It is admitted that the City Council upheld the discharge.  However, it is denied that it was arbitrary, capricious, malicious, willful, retaliatory, oppressive, in bad faith, and for trivial, personal, and improper reasons.

9.    Denied as stated.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied as stated.

14.    Admitted as stated.

15.    Denied.

16.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This Respondent denies each and every material allegation of the Petitioner's Complaint and demands strict proof thereof.

### SECOND DEFENSE

This Respondent pleads that the Petitioner had due process and that the actions of the City are to be upheld and affirmed, in that the City did not act in an arbitrary or capricious manner and did not fail to comply with applicable law.

### THIRD DEFENSE

This Respondent pleads that administrative leave with pay was not a disciplinary

action, but allowed the Respondent time in which to determine the disciplinary actions that would be taken by the City, which was then affirmed by the City Council.

### FOURTH DEFENSE

This Respondent pleads that the Petitioner was terminated for violation of rules and regulations of the police department in violation of **Group 2**, Section 20 of the City of Lanett's personnel handbook, which was a viable cause for disciplinary action.

### FIFTH DEFENSE

This Respondent pleads immunity, qualified, substantive, and absolute.

### SIXTH DEFENSE

This Respondent pleads the statutory cap.

### SEVENTH DEFENSE

This Respondent pleads that the Petitioner is not entitled to money damages.

### EIGTHTH DEFENSE

This Respondent pleads that the Petitioner is not entitled to attorney's fees.

### NINTH DEFENSE

This Respondent pleads that the Petitioner is not entitled to a trial by jury.

WHEREFORE, the Respondent prays that the Court will deny the Petitioner a sum of money, deny reinstatement, deny all back pay and benefits, deny reasonable attorney's fees and cost, and to affirm the Respondent's actions as taken which were not arbitrary nor capricious and were in accordance with law.

Respectfully submitted,


_T. Randall Lyons signature_

T. RANDALL LYONS (LYO006)
Attorney for Above-named Respondent


OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830
334-887-0111


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the following on this the _16th_ day of January, 2007 via United States Mail, postage prepaid:

Timothy Dillard
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham ,AL 35203


_OF COUNSEL signature_

OF COUNSEL