IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **STEVEN WOOD, an individual,** ) | |
| ) | |
|    **Plaintiff.** ) | |
| ) | |
| v. ) | Civil Action No.: 3:07-cv-01128-MHT |
| ) | |
| **CITY OF LANETT, a municipality;** ) | |
| **MIKE YARBROUGH, in both his individual** ) | |
| **and official capacities; OSCAR CRAWLEY, in** ) | |
| **both his individual and official capacities; et al.** ) | |
| ) | |
|    **Defendants.** ) | |

**PETITIONER STEVEN WOOD'S MOTION TO REMAND**

**COMES NOW**, Petitioner STEVEN WOOD (hereinafter "Petitioner Wood"), by and through undersigned counsel, who hereby files this Motion to Remand the above-styled action to the state court from whence it came pursuant to 28 U.S.C. § 1447(c) and as grounds therefor alleges as follows:

**SUMMARY OF THE ARGUMENT**

The primary issues to be decided in the present motion are: 1) whether Petitioner Wood's state law claims brought forth in his Amended Petition should be remanded to the state court from which they came in light of 28 U.S.C. § 1441(c) as well as 28 U.S.C. § 1367(a); 2) whether Respondents timely filed their Notice of Removal pursuant to 28 U.S.C. § 1446(b); and 3) whether Respondents failed to comply with the procedure for removal as pursuant to 28 U.S.C. § 1446(a) by failing to include a copy of all process, pleadings, served upon the Respondents.

Respondents contend in their Notice of Removal that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and that, therefore, this Court has jurisdiction over the

remaining claims pursuant to supplemental jurisdiction as stated in 28 U.S.C. § 1367. However, and as further discussed *infra*, Respondents contentions in their Notice of Removal are misplaced in this instance and, therefore, this action should be remanded to the Circuit Court of Chambers County, Alabama for further proceedings.

## FACTUAL BACKGROUND

1. On or about October 31, 2006, Petitioner Wood, then a police officer for Respondent City of Lanett, was terminated for an arrest he made of Respondent Mike Yarbrough, a City of Lanett Council Member, on or about September 30, 2006.

2. Petitioner Wood then immediately appealed the decision to the Lanett City Council, as was his right, and on or about November 9, 2006, an appeal was heard. The Lanett City Council affirmed the decision to terminate Petitioner Wood.

3. On or about November 28, 2006, Petitioner Wood filed this action in the Circuit Court of Chambers County, Alabama, then known as *Civil Action Number: CV-2006-267*, against Respondent City of Lanett for, *inter alia*, wrongful termination of his employment.

4. The gravamen of Petitioner Wood's Petition and Amended Petition concerns the facts and circumstances surrounding the aforementioned appeal heard on November 9, 2006. However, and for a more detailed review of the facts of this case, please *see* Petitioner Wood's Amended Petition (Factual Background).

5. On or about November 8, 2007, Petitioner Wood filed his Amended Petition with the Circuit Court of Chambers County, Alabama alleging additional counts and adding Repondents Mike Yarbrough and Oscar Crawley to the action. More specifically Petitioner Wood's Amended Petition asserted eleven causes of action, three of which fall under 42 U.S.C. § 1983.

6.     The premise of Petitioner Wood's allegations in his Amended Petition arise under color of state law and, as such, they predominate over any federal claims he has made.

7.     On or about November 30, 2007, Petitioner Wood's Amended Petition was granted by Order of the Circuit Court of Chambers County, Alabama, and a copy of that Order was sent electronically to all parties of record.

8.     On or about December 11, 2007, Respondents filed a Motion to Reconsider the court's November 30, 2007 Order granting Petitioner Wood's Amended Petion.

9.     On or about December 17, 2007, Petitioner Wood filed his Brief in Opposition to Respondents' Motion to Reconsider.

10.     On or about December 27, 2007, the Motion to Reconsider was set for hearing for January 17, 2008.

11.     On or about December 27, 2007, Respondents filed a Notice of Removal with this Court.

12.     Because Petitioner Wood's Amended Petition was filed on November 8, 2007 and Respondents did not file their Notice of Removal until December 27, 2007, the Notice is untimely as it was filed outside the thirty day period required by 28 U.S.C. § 1446(b).

13.     Further, Respondents Notice of Removal is procedurally deficient because Respondents did not include a copy of all pleadings in their Notice, nor did they include a copy of the summons for Mike Yarbrough and Oscar Crawley as required by 28 U.S.C. 1446(a).

14.     As such, Petitioner Wood files the present Motion to Remand this case to the Circuit Court of Chambers County, Alabama, pursuant to 28 U.S.C. § 1447(c).

## **STANDARD OF REVIEW FOR REMOVAL/REMAND**

Federal courts are vested with original jurisdiction over matters "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

However, under 28 U.S.C. § 1446, "[a] removing defendant bears the burden of proving proper federal jurisdiction" *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). "Jurisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal.*" *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 *fn 13 (11th Cir. 1994); *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939).

Further, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, ***all doubts about jurisdiction should be resolved in favor of remand to state court***." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (emphasis added) (citation omitted); *see also Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006); *In re Business Men's Assur. Co. of America*, 992 F. 2d 181 (8th Cir. 1993). A party may move to remand the case to state court on the basis of any defect including lack of subject matter jurisdiction at any time, however "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Further, "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall

be remanded' to the state court from whence it came." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (quoting 28 U.S.C. § 1447(c)).

## **LEGAL ARGUMENT**

**I.   Remand is necessary of Petitioner Wood's state law claims as enumerated and required by 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(c).**

In their Notice of Removal, Respondents correctly state that the "state law claims are not separate and independent from the federal claims, thus, the remainder of the state law claims [are] not permissible under 28 U.S.C. § 1441(c)." Further, Respondents contend that this Court has jurisdiction over the entire action, both state and federal claims, under the ambit of supplemental jurisdiction as enumerated in 28 U.S.C. § 1367(a). Each of these issues are addressed below.

> *A.   Removal is not appropriate under 28 U.S.C. § 1441(c).*

Section 1441(c) of Title 28 of the United States Code states that:

> **[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.**

42 U.S.C. § 1441(c). Thus, "[i]n order to properly remove otherwise non-removable state law claims to federal court, 'the removing party must demonstrate that the 'otherwise non-removable claims or causes of action' [*are*] 'separate and independent' from the federal claim.'" *Muhammad v. City of Tuskegee*, 76 F. Supp.2d 1293, 1295 (M.D. Ala. 1999) (quoting *Reneau v. Oakwood Mobile Homes*, 952 F. Supp 724, 728 (N.D. Ala. 1997); and 28 U.S.C. § 1441(c)) (emphasis added). Indeed, "the mandatory strict construction of removal statutes absolutely prevents the removal of a state claim *unless* [*they are*] *separate and independent* from a federal claim." *Reneau v. Oakwood Mobile*

*Homes*, 952 F. Supp.2d 724, 729 (N.D. Ala. 1997) (emphasis added).

In *Reneau*, the plaintiffs, who were purchasers of a mobile home, brought two causes of action against the defendant in state court, one under color of state law and one under federal law. *Id.* at 725. Both claims in the case arose from the "same set of operative facts and were thus not 'separate and independent claims or causes of action'" as stated in 28 U.S.C. § 1441(c). *Id*. The defendant sought to remove the entire proceedings to federal court on the basis of a federal question. *Id.*

However, the Court in *Reneau* remanded the state law claim and retained the federal claim stating that the "removal took place under § 1441(b), which allows the removal of actions over 'which the district courts have *original* jurisdiction founded on [a federal claim]." *Id.* at 727-28. The Court went on to state that they "would have had *original* jurisdiction over the [federal claim] if it had initially been filed [t]here." *Id.* at 728. However, "for a state claim to be *removable* under § 1441(c), as distinguished from being permissibly filed in federal court *originally*, the removing party must demonstrate that the 'otherwise non-removable claims or causes of action' be 'separate and independent' from the federal claim." *Id.* As further discussed, *infra*, the court also stated that "[t]he right of a district court pursuant to 28 U.S.C. § 1367(a) to assume supplemental jurisdiction over a state claim, if that claims is not 'separate and independent' of an otherwise removable claim, only applies to cases *originally* filed in the district court and not to cases *removed* to the district court. *Id.* (emphasis in original).

Thus, under §1441(c), so long as the federal and state claims are not '*separate and independent*' of each other, the otherwise non-removable state claims are not subject to removal. Under the facts of this case, it can scarcely be argued that the state and federal claims are separate

and independent of each other. Indeed, the gravamen of Petitioner Wood's Petition and Amended Petition stems from the facts and circumstances that occurred during his termination appeal hearing with the City of Lanett City Council on or about November 9, 2006. Thus, as Respondents even appear to concede in their Notice of Removal (*see* Respondents' Notice of Removal at ¶ 13), the federal and state claims in this case involve a single wrong and are *not* separate and independent as stated in § 1441(c).

> B. *Section 1367(a) of Title 28 of the United States Code does not apply to removal jurisdiction.*

Respondents state that "the remaining claims asserted in the [Amended Petition] are within the purview of this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1367." *See* Respondents' Notice of Removal at ¶ 13. However, 28 U.S.C. § 1367(a) states that it applies only to "any civil action of which the district courts [have] original jurisdiction." 28 U.S.C. § 1367(a). Thus, as further discussed below, Respondents allegations are misplaced.

In *Muhammad v. City of Tuskegee*, the plaintiff filed a ten count complaint against the defendant in state court for unlawfully detaining her against her will and battering her. 76 F. Supp.2d 1293, 1294 (M.D. Ala. 1999). One of the counts was a federal claim asserted under 42 U.S.C. § 1983. *Id.* Similar to, and citing *Reneau*, *supra*, the *Muhammad* Court found that § 1441(c) did not apply to the proceedings because the claims brought by the plaintiff were not separate and independent as required by that statute. *Id.* at 1296.

The defendant in *Muhammad* also argued, and/or the court discussed *sua sponte,* the attachment of the state law claims to the federal proceedings under § 1367(a), supplemental jurisdiction. *Id.* However, the court remanded the state law claims stating that § 1367(a) did not

apply and that it "only applies to cases *originally* filed in the district court, and not to cases removed to the district court." *Id.* (emphasis added). The court stated further that **even if** "§ 1367(a) should somehow be construed to allow all tag-along supplementary state claims to be removed, rather than only to be filed originally in the district court, then § 1367(c)(2) makes easy the remand of...[state law claims that] predominate over the claim or claims over which the district court has original jurisdiction." *Id.*

        C.      <u>*Petitioner Wood's state law claims predominate over his federal law claims*</u>.

"Because Congress did not explain explicitly how to determine when state law predominates over federal question jurisdiction where pleadings invoke both state and federal law, 'a value judgment by the federal court' is required." *In re City of Mobile*, 75 F.3d 605, 613 (11th Cir. 1996) (Birch, J., dissenting) (citing *Martin v. Drummond Coal Co.*, 756 F.Supp. 524, 527) (N.D. Ala. 1991) (overruled on other grounds); *Moore v. DeBiase*, 766 F.Supp. 1311, 1319 (D.N.J. 1991) (overruled on other grounds). The language of 28 U.S.C. § 1441(c) stating that remand may be had where "state law claims predominate..." "closely mirrors that of [28 U.S.C.] § 1367(c)(2). *Bodenner v. Graves*, 828 F.Supp. 516, 518-19 (W.D. Mich. 1993). Therefore, in looking at 28 U.S.C. § 1441, the Commentary to that statute states that "[s]tate law predominates '[i]f the federal court finds that the federal claim, while plausible, is not really the plaintiff's main mission, that it is only an incident or adjunct of the state claim, and that the state claim is the crux of the action.'" *Id.* (Birch, J., dissenting) (quoting 28 U.S.C.A. § 1441 Commentary). "A district court decides whether state law predominates by examining the 'nature of the claims as set forth in the pleading and by determining whether the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims." *Id.* (Birch, J., dissenting)

(quoting *Moore*, 766 F.Supp. at 1319). "Thus, Congress accorded district courts '*broad discretion*' in determining whether to retain a removed case or remand it **entirely** to state court." *Id.* (Birch, J., dissenting) (citing *Moore* 766 F.Supp. at 1319).

In this case, Petitioner Wood filed his initial Petition in state court in November of 2006. It was not until one year later, on or about November 8, 2007, that Petitioner Wood added the federal claims to this action in the Amended Petition. Thus, for purposes of judicial economy, this cause should be remanded because the Circuit Court of Chambers County, Alabama has handled the proceedings for more than a year, and they are, therefore, well versed in the facts and circumstances surrounding the matter. Further, Petitioner Wood has asserted eleven causes of action, three of which are grounded under federal law. As such, the "crux" or gist of Petitioner Wood's Amended Petition arises under state law.

Therefore, Petitioner Wood respectfully requests this Court to remand the entire action to state court, or, in the alternative, to remand the state law claims to the Circuit Court of Chambers County, Alabama for further proceedings.

**II.    Respondents Notice of Removal was not timely filed as required by 28 U.S.C. § 1446(b).**

"The notice of removal...shall be filed within thirty days after the receipt by the defendant of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...," or more appropriately under the facts of this case, "if the case stated by the initial pleading is not removable, a notice of removal may be filed *within thirty days* after receipt by the defendant, through service or otherwise, of a copy of an *amended pleading*, motion, order or other paper *from which it may first be ascertained that the case in one which is or has become removable*..." 42 U.S.C. § 1446(b) (emphasis added).

As Respondents correctly state in their motion, Petitioner Wood filed an Amended Petition

on November 8, 2007. That Amended Petition, read in conjunction with the requirements of 28 U.S.C. § 1446(b), was the "paper from which it [was] first...ascertained that the case [was] removable..." 28 U.S.C. § 1446(b). Thereafter, on or about November 30, 2007, the Circuit Court of Chambers County, Alabama entered an Order granting the Amended Petition. Respondents are using the November 30, 2007 Order as the basis of their removal. *See* Respondents Notice of Removal at ¶ 8 ("for purposes of removal, the City is using the Court's Order of November 30, 2007, for purposes of removal."). However, that Order, to which Respondents rely was not the "paper" from which it could first be ascertained that the case was removable. Rather, that "paper" was the Amended Petition filed on November 8, 2007.

Therefore, because Respondents Notice of Removal was not filed until December 27, 2007, their removal is not within the thirty day period required by 28 U.S.C. § 1446(b), and thus, Petitioner Wood respectfully requests this Court to remand this case to the Circuit Court of Chambers County, Alabama.

### III.   Respondents Notice of Removal is procedurally defective under 28 U.S.C. § 1446(a).

The notice of removal must contain a "short and plain statement of the grounds for removal, together with a copy of ***all process***, ***pleadings***, and orders served upon such defendant or defendants in such action." 42 U.S.C. § 1446(a) (emphasis added). "[T]he absence in the notice of removal... [of such] is a clear procedural defect." *Reneau v. Oakwood Mobile Homes*, 952 F. Supp.2d 724, 726 (N.D. Ala. 1997).

In *Burnett v. Birmingham Board of Education*, defendants notice of removal did not contain a copy of the summons served on the defendant. 861 F. Supp.1036, 1037 (N.D. Alabama 1994). However, the plaintiff failed to bring this argument to the court's attention, and as such waived the

argument. *Id.* Nevertheless, the court alluded to defendant's failure to include a copy of summons when, in dicta, the court stated that "[t]he absence of this 'process' was a clear procedural defect under 28 U.S.C. § 1446(a) and one which would have been fatal if it had been raised by plaintiffs within the thirty (30) day period allowed by 28 U.S.C. § 1447(c)." *Id.*

Similar to *Burnett*, Petitioner Wood argues to this Court that Respondents failed to include a copy of all process and pleadings in their Notice of Removal. Specifically, nowhere in Respondents' Notice is there a copy of the summons for Respondent Oscar Crawley or Respondent Mike Yarbrough as is required by § 1446(a).

Additionally, Respondents' Notice of Removal does not include a copy of Respondent City of Lanett's Answer to Petitioner Wood's initial Petition, which was filed by Respondent City of Lanett on or about January 16, 2007. Respondent City of Lanett did file a copy of its initial Answer with this Court, which accompanied their Amended Answer, on or about January 3, 2008. However, the filing of Respondents initial Answer, which was not included in their Notice of Removal, was filed *outside* the thirty day requirement as enumerated in 28 U.S.C. § 1446(b). Further, Respondents failed to include documentation for or make note of the fact that there was a pending Motion to Reconsider and Brief in Opposition thereto in their Notice of Removal as well as outstanding discovery in the matter.

Therefore, Respondents' Notice of Removal is procedurally deficient under 42 U.S.C. § 1446(a) and therefore, this action should be remanded to the Circuit Court of Chambers County, Alabama for further proceedings.

## CONCLUSION

In light of the foregoing, Petitioner Wood has shown that Respondents failed to meet their burden of establishing the essential requirements of federal subject matter jurisdiction, and thus, Petitioner Wood's Motion to Remand to the Circuit Court of Chambers County, Alabama should be granted pursuant to 28 U.S.C. § 1447(c).

**WHEREFORE, PREMISES CONSIDERED**, Petitioner Wood respectfully requests that this Honorable Court Remand the above-styled case to the Circuit Court of Chambers County, Alabama for further proceedings.

Respectfully Submitted,

/s/ Timothy L. Dillard
Timothy L. Dillard
DILLARD AND ASSOCIATES, L.L.C
Fourth Floor, Berry Building
2015 Second Avenue North
Birmingham, Alabama 35203
Email: dillardandassoc@aol.com
ASB-1618-D63T

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEVEN WOOD, an individual, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | Civil Action No.: 3:07-cv-01128-MHT |
| ) | |
| CITY OF LANETT, a municipality; ) | |
| MIKE YARBROUGH, in both his individual ) | |
| and official capacities; OSCAR CRAWLEY, in ) | |
| both his individual and official capacities; et al. ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8th, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: T. Randall Lyons, Esq., Webster, Henry & Lyons, P.C., Auburn Bank Center, 132 N. Gay Street, Suite 211, Auburn, AL 36830; and hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: NONE.

Respectfully Submitted,

/s/ Timothy L. Dillard
Timothy L. Dillard
DILLARD AND ASSOCIATES, L.L.C
Fourth Floor, Berry Building
2015 Second Avenue North
Birmingham, Alabama 35203
Email: dillardandassoc@aol.com
ASB-1618-D63T