IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEVEN WOOD, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 07-CV-1128-MHT |
| | ) |
| CITY OF LANETT, a municipality, | ) |
| MIKE YARBROUGH, in both his | ) |
| individual and official capacities; | ) |
| OSCAR CRAWLEY, in both his | ) |
| individual and official capacities; | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

COME NOW the Defendants/Respondents, City of Lanett, Alabama, Oscar Crawley, and Mike Yarbrough, by and through their attorney of record, and respond to the Plaintiff/Petitioner's Motion to Remand as follows:

1. The Defendants/Respondents' removal is proper. First, Plaintiff's federal claims predominate over Plaintiff's state law claims. Plaintiff stated in his Motion to Remand, "The gravamen of Petitioner Wood's Petition and Amended Petition stem from the facts and circumstances that occurred during his termination appeal hearing with the City of Lanett's city council on or about November 9, 2006." The reason that is important is because of the status of the individuals involved; the Plaintiff was terminated from his position as a police officer and is bringing multiple § 1983 claims against Defendants as a result of his termination. These are federal questions.

2. When removal is available under 28 U.S.C. § 1441(b), the federal district court to which the action has been removed may also exercise jurisdiction over a supplemental state law claim arising from the same nucleus of operative facts. Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988); see also Federal Procedure, Lawyers Edition § 69.19 "Supplemental Jurisdiction".  Plaintiff stated in his Motion to Remand, "The gravamen of Petitioner Wood's Petition and Amended Petition stem from the facts and circumstances that occurred during his termination appeal hearing with the City of Lanett's city council on or about November 9, 2006."  In other words, all of the Plaintiff's claims arise from "the same nucleus of operative facts," as discussed in Carnegie-Mellon University.

3. The Plaintiff's Motion to Remand focuses on the operation of supplemental jurisdiction on "separate and independent" claims under 28 U.S.C. § 1441(c). The Plaintiff argues that the Plaintiff's state law claims are not removable because they are not separate and independent claims, as required by 28 U.S.C. § 1441(c). This is an incorrect statement of the law on the removability of state law claims as applied to the facts of this matter.

4. This matter is removable based on 28 U.S.C. § 1441(b). Therefore, this Honorable Court may exercise supplemental jurisdiction over supplemental state law claims arising from the same nucleus of operative facts. Carnegie-Mellon University. As a result, the Plaintiff's discussion of 28 U.S.C. § 1441(c) is not applicable to this matter.

5. The first three causes of action under Plaintiff's Amended Petition are under 42 U.S.C.1983. While it is true there are other causes of action identified in the Amended Petition, these three form the "crux" of the issues. Plaintiff filed his original Petition in state court and did not allege any federal questions. However, after lying nearly dormant for more

than a year, Plaintiff amended his Petition to add three causes of action arising from federal law. In doing so, Plaintiff listed the federal questions in the primary positions, the first three causes of action, of his Amended Petition.

6. The Defendants timely filed a Notice of Removal as required by 28 U.S.C. Section 1446 (b). In paragraph two of 1446, Section B, it states as follows:

> "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant through service or otherwise of a copy of an amended pleading, motion, **order**, or other papers from which it may be first ascertained that the case is one which is or has become removable except that a case may not be removed on the basis of jurisdiction conferred by Section 1332 of this title more than one year after the commencement of this action."

In this matter, Plaintiff filed the Amended Petition with a motion to allow the amendment. Therefore, the matter was not removable until the court issued an order allowing the amendment. Had the Defendants attempted to remove this matter before the court issued an order allowing the amendment, the Defendants would have attempted to remove this matter based on an amendment that may have been disallowed by the state court. Therefore, it was the state court's order that made the matter removable.

The Defendants filed the Notice of Removal within thirty days of the order of the Circuit Court of Chambers County allowing the Amended Petition. As a result, the Notice of Removal was timely filed.

7. The Notice of Removal included all documents that were in the Defendants/Respondents' possession at the time of the removal. Based upon information and belief, the undersigned does not believe there were summons issued at the time of the removal

to Crawley or Yarbrough. Therefore, counsel for the Defendants/Respondents did not have them in his possession to attach at the time of the removal because based upon information and belief those were not issued until the Court's order granting the petition.

8. At the time of the filing of this response, Mr. Yarbrough has yet to be served with the Amended Complaint and the two Defendants, Oscar Crawley and Mike Yarbrough, were not added to the Circuit Court case until November 30, 2007. Further, it does not appear that Mr. Crawley was served until approximately November 28, 2007.

Therefore, the Defendants/Respondents respectfully request the Court to maintain jurisdiction of this action and deny the Plaintiff/Petitioner's Motion to Remand.

Respectfully submitted,

/s/ T. Randall Lyons
T. RANDALL LYONS (LYO006)
Attorney for Defendants/Respondents

OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830
334-887-0111

## **CERTIFICATE OF SERVICE**

 I hereby certify that I have this date of January 22, 2008 electronically filed the foregoing with the Clerk of the Court using the State of Alabama's electronic filing system which will send notification and a copy of such filing to the following counsel of record:

Timothy Dillard
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, AL 35203

               /s/ T. Randall Lyons
               OF COUNSEL