IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

|  |  |  |
|---|---|---|
| STEVEN WOOD, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 07-CV-1128-MHT |
| | ) | |
| CITY OF LANETT, a municipality, | ) | |
| MIKE YARBROUGH, in both his | ) | |
| individual and official capacities; | ) | |
| OSCAR CRAWLEY, in both his | ) | |
| individual and official capacities; | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING STATE COURT CLERK RECORDS

COME NOW the Defendants, City of Lanett, Mike Yarbrough, and Oscar Crawley,

by and through their attorney of record, and pursuant to this Court's order of February 4,

2008, file copies of the Circuit Court of Chambers County, Alabama clerk's records.


Respectfully submitted,


T. RANDALL LYONS (LYO006)
Attorney for the Defendants

OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
P.O. Box 239
Montgomery, Alabama 36101
334-264-9472
334-264-9599

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the following on this the ___7___ day of February, 2008 via United States Mail, postage prepaid:

Timothy Dillard
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, AL 35203

OF COUNSEL

```
---------------------------------------------------------------------------
| AVSO351                                            CV 2006 000267.00     |
|                                                                          |
|                                        JUDGE: TOM. F. YOUNG JR.          |
|--------------------------------------------------------------------------|
|                    ALABAMA JUDICIAL DATA CENTER                          |
|                      CASE ACTION SUMMARY                                  |
|                         CIRCUIT CIVIL                                     |
|--------------------------------------------------------------------------|
|  IN THE CIRCUIT  COURT OF  CHAMBERS     COUNTY                            |
|                                                                          |
|    STEVEN WOOD  -VS-  CITY OF LANETT, ET AL                              |
|  FILED:  11/15/2006 TYPE: ADMIN APPEAL       TYPE TRIAL: JURY    TRACK:  |
|                                                                          |
| *********************************************************************** |
| DATE1:          CA:    OTHER         CA DATE:  12/31/2007                |
| DATE2:  01/17/2008 AMT:        $.00 PAYMENT:                             |
| DATE3:  12/11/2007                                                       |
| *********************************************************************** |
|  PLAINTIFF  001: WOOD STEVEN                                             |
|                                   ATTORNEY: DILLARD TIMOTHY L            |
|                                   DIL003    DILLLARD & ASSOC LLC         |
|                 , AL  00000-0000            2015 2ND AVE N,STE 400       |
|                 PHONE: (334)000-0000        BIRMINGHAM, AL  35203        |
|  ENTERED:  11/20/2006 ISSUED:          TYPE:          (205)251-2823      |
|  SERVED:              ANSWERED:             JUDGEMENT:  12/31/2007       |
|                                                                          |
|                                   WILBANKS STEWART SEALY                 |
|                                   2015 2ND AVE NORTH                     |
|                                   4TH FLOOR                              |
|                                   BIRMINGHAM, AL  35203                  |
|                                          (205)251-2823                   |
|--------------------------------------------------------------------------|
| DEFENDANT  001: CITY OF LANETT      ATTORNEY: LYONS T RANDALL            |
|               C/O JOEL HOLLEY       LYO006    WEBSTER,HENRY,& LYONS,P     |
|               CITY HALL                       P.O. BOX 239               |
|               LANETT, AL  36863-0000          MONTGOMERY, AL  36101      |
|               PHONE: (334)000-0000                    (334)264-9472      |
|  ENTERED:  11/20/2006 ISSUED:  12/05/2006 TYPE:     SHERIFF              |
|  SERVED:              ANSWERED: 01/19/2007 JUDGEMENT: 12/31/2007         |
|--------------------------------------------------------------------------|
| DEFENDANT  002: CRAWLEY OSCAR       ATTORNEY: LYONS T RANDALL            |
|               CITY HALL             LYO006    WEBSTER,HENRY,& LYONS,P     |
|               LANETT, AL  36863-0000          P.O. BOX 239               |
|               PHONE: (334)000-0000            MONTGOMERY, AL  36101      |
|  ENTERED:  11/19/2007 ISSUED:          TYPE:          (334)264-9472      |
|  SERVED:   11/27/2007 ANSWERED:             JUDGEMENT:  12/31/2007       |
|--------------------------------------------------------------------------|
| DEFENDANT  003: YARBROUGH MIKE      ATTORNEY: LYONS T RANDALL            |
|               CITY HALL             LYO006    WEBSTER,HENRY,& LYONS,P     |
|               LANETT, AL  36863-0000          P.O. BOX 239               |
|               PHONE: (334)000-0000            MONTGOMERY, AL  36101      |
|  ENTERED:  11/19/2007 ISSUED:          TYPE:          (334)264-9472      |
|  SERVED:              ANSWERED:             JUDGEMENT:  12/31/2007       |
|                                                                          |
|     _____             |
|                                                                          |
|   11/15/2006    MOTION FOR A PROTECTIVE ORDER FOR DISCOVERY              |
|                                                                          |
|   11/15/2006    PENDING ACTION-PLT                                       |
|                                                                          |
|   11/16/2006    ORDER-GRANTED, CASE SET FOR HEARING ON 12-12-06         |
|                                                                          |
|   11/20/2006    FILED THIS DATE: 11/15/2006          (AV01)             |
|                                                                          |
|   11/20/2006    ORIGIN: INITIAL FILING               (AV01)             |
|                                                                          |
|   11/20/2006    BENCH/NON-JURY TRIAL REQUESTED       (AV01)             |
|                                                                          |
|   11/20/2006    ASSIGNED TO JUDGE: TOM. F. YOUNG JR. (AV01)             |
|--------------------------------------------------------------------------|
| DES   02/07/2008                              CV 2006 000267.00         |
```

```
AVSO351                                                      CV 2006 000267.00

                                         JUDGE: TOM. F. YOUNG JR.
------------------------------------------------------------------------------
                      ALABAMA JUDICIAL DATA CENTER
                        CASE ACTION SUMMARY
                          CIRCUIT CIVIL
------------------------------------------------------------------------------
  IN THE CIRCUIT  COURT OF  CHAMBERS      COUNTY

   STEVEN WOOD   -VS-   CITY OF LANETT, ET AL
 FILED:  11/15/2006 TYPE: ADMIN APPEAL         TYPE TRIAL: JURY      TRACK:

******************************************************************************
DATE1:             CA:    OTHER            CA DATE:   12/31/2007
DATE2:  01/17/2008 AMT:            $.00 PAYMENT:
DATE3:  12/11/2007
******************************************************************************
   11/20/2006    CASE ASSIGNED STATUS OF: ACTIVE           (AV01)

   11/20/2006    WOOD STEVEN ADDED AS C001                 (AV02)

   11/20/2006    LISTED AS ATTORNEY FOR C001: DILLARD TIMOTHY L

   11/20/2006    SET FOR: HEARING ON 12/12/2006 AT 0900A   (AV01)

   11/28/2006    PETITION FOR REVIEW-PLT

   12/04/2006    EX PARTE STEVEN WOOD                       (AV01)

   12/04/2006    JURY TRIAL REQUESTED                       (AV01)

   12/05/2006    CITY OF LANETT ADDED AS D001               (AV02)

   12/05/2006    SHERIFF ISSUED: 12/05/2006 TO D001         (AV02)

   12/06/2006    LISTED AS ATTORNEY FOR C001: WILBANKS STEWART SEA

   12/12/2006    TIM L DILLARD TO SUBMIT ORDER

   12/15/2006    ORDER TO BE SIGNED BY JUDGE YOUNG

   12/21/2006    ORDER-CITY OF LANETT, SHALL  W/5 DAYS TURN OVER

   12/21/2006    ATTYS PLT, S WOOD

   01/18/2007    NOTICE OF SERVICE OF DISCOVERY DOCUMENTS-DEF

   01/30/2007    LISTED AS ATTORNEY FOR D001: LYONS T RANDALL(AV02)

   01/30/2007    ANSWER OF COMP DENIED ON 01/19/2007 FOR D001(AV02)

   11/08/2007    SET FOR: DOCKET CALL JURY ON 12/11/2007 AT 0900A

   11/08/2007    NOTICE SENT: 11/08/2007 DILLARD TIMOTHY L

   11/08/2007    NOTICE SENT: 11/08/2007 WILBANKS STEWART SEALY

   11/08/2007    NOTICE SENT: 11/08/2007 LYONS T RANDALL

   11/09/2007    AMENDED PETITION-PLT

   11/09/2007    MOTION TO AMEND PETITION-PLT

   11/26/2007    PETITIONERS 1ST SET OF INTERROG & REQ FOR PRODUCT

   11/26/2007    TO RESPONDENT MIKE YARBROUGH, OSCAR CRAWLEY,

   11/26/2007    & CITY OF LANETT-NOTICE OF SERVICE OF PETITIONERS

   11/26/2007    1ST INTERROG & REQ FOR PROD TO DEFS
------------------------------------------------------------------------------
DES   02/07/2008                                   CV 2006 000267.00
```

```
AVSO351                                            CV 2006 000267.00

                                        JUDGE: TOM. F. YOUNG JR.
------------------------------------------------------------------------
                   ALABAMA JUDICIAL DATA CENTER
                      CASE ACTION SUMMARY
                         CIRCUIT CIVIL
------------------------------------------------------------------------
  IN THE CIRCUIT  COURT OF  CHAMBERS        COUNTY

  STEVEN WOOD   -VS-  CITY OF LANETT, ET AL
FILED:  11/15/2006 TYPE: ADMIN APPEAL        TYPE TRIAL: JURY      TRACK:

************************************************************************
DATE1:           CA:    OTHER        CA DATE:  12/31/2007
DATE2:  01/17/2008  AMT:          $.00  PAYMENT:
DATE3:  12/11/2007
************************************************************************
  11/29/2007    CRAWLEY OSCAR ADDED AS D002             (AV02)

  11/29/2007    YARBROUGH MIKE ADDED AS D003            (AV02)

  11/30/2007    ORDER E-FILED - ORDER - ORDER E-FILED.

  11/30/2007    ORDER - TRANSMITTAL

  12/10/2007    SERVICE OF CERTIFIED MAI ON 11/27/2007 FOR D002

  12/11/2007    D001-D002-D003-OTHER - MOTION TO RECONSIDER FILED.

  12/11/2007    MOTION - TRANSMITTAL

  12/12/2007    D001-D002-D003-OTHER /DOCKETED

  12/12/2007    LISTED AS ATTORNEY FOR D002: LYONS T RANDALL(AV02)

  12/12/2007    LISTED AS ATTORNEY FOR D003: LYONS T RANDALL(AV02)

  12/17/2007    PETITIONER'S BRIEF IN OPOSITION TO RESPONDENTS'

  12/17/2007    MOTION TO RECONSIDER

  12/21/2007    GRANTED CONTINUANCE DUE TO: CONT'D NEXT TERM(AV01)

  12/21/2007    ABOVE CONTINUANCE EFFECTIVE: 12/19/2007     (AV01)

  12/27/2007    ORDER GENERATED FOR OTHER

  12/27/2007    ORDER - TRANSMITTAL

  12/28/2007    SET FOR: HEARING ON 01/17/2008 AT 0900A    (AV01)

  12/28/2007    NOTICE OF FILING OF NOTICE OF REMOVAL-DEFS

  12/31/2007    CASE ASSIGNED STATUS OF: DISPOSED          (AV01)

  12/31/2007    COURT ACTION JUDGE: ASSIGNED JUDGE         (AV01)

  12/31/2007    DISPOSED ON: 12/31/2007 BY (OTHER)         (AV01)

  12/31/2007    C001 DISPOSED BY (OTHER) ON 12/31/2007     (AV01)

  12/31/2007    D001 DISPOSED BY (OTHER) ON 12/31/2007     (AV01)

  12/31/2007    D002 DISPOSED BY (OTHER) ON 12/31/2007     (AV01)

  12/31/2007    D003 DISPOSED BY (OTHER) ON 12/31/2007     (AV01)

  02/04/2008    COPY OF ENTIRE FILE MADE FOR R. LYONS

------------------------------------------------------------------------
DES    02/07/2008                              CV 2006 000267.00
```

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93    Rev. 5/99 | **COVER SHEET**<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number<br>`C V 2 0 0 6   2 6 7     . ` |
|---|---|---|

Date of Filing: | Judge Code:
Month | Day | Year

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ Chambers _____, ALABAMA
*(Name of County)*

Steven Wood _____ v. _____ City of Lanett

| | Plaintiff | | | Defendant |
|---|---|---|---|---|
| **First Plaintiff** | ☐ Business  ☑ Individual | | **First Defendant** | ☐ Business  ☐ Individual |
| | ☐ Government  ☐ Other | | | ☑ Government  ☐ Other |

**NATURE OF SUIT:**  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☑ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

NOV 2 8 2006

**ORIGIN** *(check one):*  F ☐ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER: _____
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO    Note:  Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☐ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
`D I L 0 0 3`   11/21/06
Date

Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☐ UNDECIDED

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Oscar Crawley
City Hall - Mayor's Office
401 N. Lanier Ave.
Lanett, AL 36863

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _James Clark_  ☐ Agent
                 ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
James Clark

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

CV 06-267

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)   7005 1820 0003 2098 9815

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| STEVEN WOOD, an individual, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | |
| CITY OF LANETT, a municipality, ) | |
| MIKE YARBROUGH, in both his ) | **CV-2006-267** |
| individual and official capacities; ) | |
| OSCAR CRAWLEY, in both his ) | |
| individual and official capacities; ) | |
| et al., ) | |
| ) | |
| **Defendants.** ) | |

FILED IN OFFICE THIS

DEC 2 8 2007

CHARLES M. STOREY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:   Charles Storey, Clerk
      Chambers County Circuit Court
      Courthouse
      2 Lafayette Street
      Lafayette, Alabama 36862

PLEASE TAKE NOTICE, the Defendants, the City of Lanett, Mike Yarbrough, and

Oscar Crawley, through counsel in the above-styled action has of this date filed a Notice of

Removal with the Clerk of the United States District Court for the Middle District of

Alabama, Eastern Division, for the removal of Civil Action No.: CV-2006-267 pursuant to 28

U.S.C. §1331, §1367, §1441, and §1446.  A copy of the Notice of Removal is attached hereto.

DONE this the 27th day of December, 2007.

_____
T. RANDALL LYONS (LYO006)
Attorney for the Defendants

OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830
334-887-0111

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date of December 27, 2007, mailed a copy of the forgoing filing to the following counsel of record:

Timothy Dillard
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, AL 35203

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

STEVEN WOOD, an individual,    )
                               )
    Plaintiff,                 )
                               )
v.                             )            CIVIL ACTION NO.:
                               )
CITY OF LANETT, a municipality, )
MIKE YARBROUGH, in both his    )            CV-2006-267
individual and official capacities; )
OSCAR CRAWLEY, in both his     )
individual and official capacities; )
et al.,                        )
                               )
    Defendants.                )

## <u>NOTICE OF REMOVAL</u>

COMES NOW the Defendants, City of Lanett, Alabama, Oscar Crawley, and Mike

Yarbrough, by and through their attorney of record, and gives notice of removal of the above-

styled action from the Circuit Court of Chambers County, Alabama, to the United States

District Court for the Middle District of Alabama, Eastern Division. As grounds for the

removal, the Defendants would state as follows:

1.    From information and belief, the Plaintiff, Steven Wood, is a resident of

Randolph County, in the State of Alabama.

2.    The Defendant City of Lanett, is a municipality within the State of Alabama.

3.    The Defendant Oscar Crawley is a resident of Chambers County, in the State of

Alabama.

4.     The Defendant Mike Yarbrough is a resident of Chambers County, in the State of Alabama.

5.     On or about November 28, 2006, the above-styled action was commenced against the Defendant in the Circuit Court of Chambers County, Alabama. However, the initial action was a petition for review of the City of Lanett's termination of the petitioner.

6.     On November 8, 2007, the Plaintiff filed a motion to amend the petition and at that time included Defendants Oscar Crawley, and Mike Yarbrough, as well as the City of Lanett and further brought new causes of action under its requested amended petition.

7.     The Circuit Court of Chambers County, Alabama, issued an Order on November 30, 2007, granting the Plaintiff's motion to amend their complaint.

8.     The City of Lanett was not served with the Order until sometime thereafter. However, for purposes of removal, the City is using the Court's Order of November 30, 2007, for purposes of removal. A copy of the Court's Order is attached as Exhibit "A".

9.     The Plaintiff's amended complaint for the first time alleges causes of action against the Defendant, the City of Lanett, as well as Crawley and Yarbrough, such as, violation of 42 U.S.C. §1983 -- substantive due process, violation of 42 U.S.C. §1983 procedural due process, violation of U.S.C. §1983 First Amendment Retaliation, Breach of Implied Contract, Wrongful Termination, Intentional Interference with Contractual Relationship, Intentional Infliction of Emotional Distress, Defamation, Breach of Contract, Intentional Interference with Contractual Relationship. A copy of the amended complaint and original complaint are attached as Exhibits "B".

10.    This action is subject to removal on the basis of federal question of jurisdiction. The complaint specifically invokes an attempt to asset claims under Counts One, Two, and Three alleging violation of 452 U.S.C.A. §1983. Therefore, the complaint includes Plaintiffs governed and necessarily arising under the Acts of Congress under 42 U.S.C.A. 1983, et seq.

11.    The amount in controversy in this case was not stated. However, it is the position of the Defendants that the amount in controversy is more than the jurisdictional amount.

12.    It is the Defendants' contention that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

13.    The remaining claims asserted in the complaint within this Court's subject matter jurisdiction pursuant to 28 U.S.C. §1367. This action is removable to this Court pursuant to 28 U.S.C. §1441(b). The state law claims are not separate and independent from the federal claims, thus, the remainder of the state law claims is not permissible under 28 U.S.C. §1441(c). Further, the state law claims, if any, do not fall within the limited exception enumerated in 28 U.S.C. §1367(c) as instances in which the district court can exercise its discretion to decline supplemental jurisdiction.

14.    This petition is filed with this Honorable Court within thirty days of service on the Defendants of the Order granting the amendment of the Plaintiff's complaint to add the federal claims.

15.    A notice of the Defendants' removal of the above-styled action has been given to the clerk of the Circuit Court of Chambers County, Alabama, and to the Plaintiffs as required by 28 U.S.C. §1446(b).  See Exhibit "C" attached hereto.

WHEREFORE, the Defendants are removing this action from the Circuit Court of Chambers County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division.

Respectfully Submitted,

_____
T. RANDALL LYONS
Attorney for Defendants

OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830
334-887-0111

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date of December 27, 2007, mailed a copy of the foregoing filing to the following counsel of record:

Timothy Dillard
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, AL 35203

OF COUNSEL

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

WOOD STEVEN                    )
                    Plaintiff    )
                              )
            v.                )        Case No.:  CV-2006-000267.00
                              )
CITY OF LANETT                )
CRAWLEY OSCAR              )
YARBROUGH MIKE            )
                    Defendants   )

## ORDER

Plaintiff's Motion to Amend Petition is Granted.

DONE this 30th day of November, 2007

/s TOM. F. YOUNG JR.
_____
CIRCUIT JUDGE

EXHIBIT
A

State of Alabama
Unified Judicial System

**SUMMONS**
**-CIVIL-**

Case Number

CV 06-267

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY

Plaintiff:     **Larry Clark, et al.**          Defendant:    **City of Lanett, et al.**

NOTICE TO:     City of Lanett                     **TO BE SERVED BY CERTIFIED MAIL**
               c/o Joel Holley
               City Hall, City Manager's Office
               Lanett, Alabama 36863

THE COMPLAINT, INTERROGATORIES AND REQUEST FOR PRODUCTION WHICH ARE ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY **Timothy L. Dillard, Dillard & Associates L.L.C.,** WHOSE ADDRESS IS **2015 2nd Avenue North, Berry Building, Fourth Floor, Birmingham, Alabama, 35203.**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30** DAYS AFTER THE SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

____     You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
         defendant.

Date:   _12-04-06_____           _Charles W. Story_ By:_____
                                      Clerk/Register

____     I certify that I personally delivered a copy of the Summons and Complaint to
         _____ in _____, County, Alabama
         on _____.
                        Date

_____          _____
Date                                     Server's Signature

_____          _____
Address of Server                        Type of Process Server


EXHIBIT
B

IN THE CIRCUIT COURT FOR CHAMBERS COUNTY, ALABAMA

STEVEN WOOD, an individual,                    )

      Petitioner,                              )   NOV 2 8 2006

                                              )

v.                                             )   Civil Action No.: CV 06-267

                                              CLERK

CITY OF LANETT, a municipality,                )

                                              )

      Respondent.                             )

## PETITION FOR REVIEW

COMES NOW Petitioner, Steven Wood, by and through his attorney, and hereby

petitions the Court for review of the decision of the Lanett City Council entered on November 9,

2006, based on the following facts and law:

1.    Petitioner Steven Wood is over the age of nineteen (19) and is a resident of Randolph

      County. Petitioner was a Lieutenant with the City of Lanett Police Department.

      Respondent City of Lanett is a municipality located in Chambers County, Alabama.

2.    On September 30, 2006, Plaintiff Steven Wood, while on duty and acting in accordance

      with the methods taught in their law enforcement training, arrested Lanett City

      Councilperson Mike Yarbrough (hereinafter "Yarbrough") at his home in Lanett, AL.

      Yarbrough was arrested for violation of City Ordinance 3-3, Posting Advertising Matter

      on Utility Poles.

3.    Following the arrest, on or about October 2, 2006, Yarbrough filed a complaint against

      Petitioner for the "way the arrest was handled." (See attached)

4.    On or about October 13, 2006, Petitioner was given of a Notification of Disciplinary

      Hearing scheduled for October 24, 2006, by City Manager Joel Holley, in which the

proposed disciplinary action was termination of employment. (See attached). Petitioner

was being terminated because of his lawful arrest of Yarbrough. The Notification listed

three reasons for the proposed action:

(1)   Violation of Group 2 Section 20 of the City of Lanett Personnel Handbook.
      "Abusive Personal Conduct or language toward the public or fellow
      employees, or abusive public criticism of a superior or other city official;"

(2)   Violation of Rules and Regulations of the Police Department 1.100 Primary
      Objectives.

(3)   Violations of Rules and Regulations of the Police Department 1.230 Conduct
      Unbecoming an Officer.

5.   On or about October 25, 2006, Petitioner was placed on Administrative Leave with Pay

pending the outcome of the Disciplinary Hearing held on October 24, a procedure for

which there is no policy in the City of Lanett Employee Personnel Handbook. (See

attached).

6.   The "Employee Personnel Handbook" of the City of Lanett does not enumerate

"administrative leave with pay" as a type of discipline to be implemented against City of

Lanett employees. Furthermore, the description of the City of Lanett's "Administrative

Leave Policy" in subsection C of Section IX of the ""Employee Personnel Handbook"

does not include the incident made the basis of this Complaint as an appropriate situation

for placing the Petitioner on such leave.

7.   On or about October 31, 2006, Petitioner received the Decision Upon Disciplinary

Hearing, stating that the "Department Head's recommendation of termination is upheld."

(See attached).

8.   Petitioner appealed the decision to the Lanett City Council, to wit; on or about November

9, 2006, an appeal was heard; whereby the City Council affirmed the termination of the

Petitioner. Respondents' discharge of Petitioner was arbitrary and capricious, malicious, willful, retaliatory, oppressive, in bad faith, and for trivial, personal, and improper reasons.

9.   City Councilperson Yarbrough while "recusing" himself from the hearing did go into the "jury" room to participate in the deliberations.

10.  Petitioner avers that Yarbrough asserted pressure on the remaining Councilpersons to find against Petitioner. The hearing was unfair because Yarbrough, who was the accuser and instigator of the termination proceedings against Petitioner, was allowed to participate in the deliberations concerning the Petitioner.

11.  Petitioner was classified as an "Exempt Service Employee," Petitioner was entitled to his employment unless certain situations arose and/or Petitioner's conduct was within certain terminable categories. Petitioner was fired for reasons not enumerated in the City of Lanett Personnel Handbook.

12.  Petitioner claims that the above retaliatory actions where taken as a result of the arrest of Yarbrough.

13.  The standard of judicial review applied to rulings of administrative agencies differs from that applied to rulings of trial courts. An appellate court will affirm a ruling of a lower court if there is any valid reason to do so, even a reason not presented to--or rejected by-- the lower court.... When reviewing the decision of an administrative agency, however, an Alabama court will affirm only if the action and the stated basis for the action are correct." Glass v. City of Dothan Personnel Bd., 910 So.2d 128, 130 (Ala.Civ.App. 2004) (citing Ex parte Beverly Enterprises-Alabama, Inc., 812 So.2d 1189, 1195 (Ala. 2001)).

14.  "The decision of an administrative agency will be affirmed unless the appellant can prove

that the agency acted in an arbitrary and capricious manner or failed to comply with applicable law.... The Board's decision 'must be affirmed if there is substantial evidence to support the [Board's] findings.' " Ex parte City of Dothan Pers. Bd., 791 So.2d 353, 356 (Ala.2000) (*quoting* Ex parte Personnel Bd. for Mobile County, 637 So.2d 888, 889 (Ala.1994)).

15.    The City of Lanett acted in an arbitrary and capricious manner when they brought this matter before the Lanett City Council and failed to comply with the law when they allowed Petitioner's accuser, Councilman Yarbrough, to participate in the above mentioned proceedings that led to the termination of the Petitioner.

16.    The three reasons cited above, (*see* supra ¶ 4), for the termination of the Petitioner are all just a far reaching attempt to label the Petitioner's lawful conduct in a manner by which the City of Lanett could fire the Petitioner. The reasons cited above are simply a facade to mask the real reason for the termination which is that several officials employed by the City of Lanett have a deep seeded dislike for the Petitioner.

WHEREFORE, Petitioner prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

DILLARD & ASSOCIATES, L.L.C.
Attorneys for the Petitioner

Timothy L. Dillard (DIL 003)
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823

Trial Counsel:
Timothy L. Dillard (DIL 003)
Stewart S. Wilbanks (WIL 312)

** PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

OF COUNSEL

Respondent's Address:                          (Please serve by certified mail)

City of Lanett
c/o Joel Holley
City Hall, City Manager's Office
Lanett, Alabama 36863

IN THE CIRCUIT COURT IN AND FOR CHAMBERS COUNTY, ALABAMA

STEVEN WOOD, an individual,                    )
                                               )
    Plaintiff.                             )
                                               )
v.                                             )     Civil Action No.:CV 06-267
                                               )
CITY OF LANETT, a municipality;                )
MIKE YARBROUGH, in both his individual         )
and official capacities; OSCAR CRAWLEY, in     )
both his individual and official capacities;   )
Defendants 2, 3, and 4, those persons or       )
institutions responsible for making the        )
employment decisions regarding the Plaintiff   )
made the basis of the Complaint; Defendants 5, )
6, and 7,those persons or institutions         )
responsible for defaming the Plaintiff;        )
Defendants 8, 9, and 10, those persons or      )
institutions responsible for breaching the     )
contract made the basis of this Complaint;     )
Defendants 11, 12, and 13, those persons or    )
institutions responsible for interfering with  )
Plaintiff's contractual and employment rights, )
all of whose true names and legal identities are )
unknown to the Plaintiff at this time but will be )
added by amendment when ascertained,           )
                                               )
    Defendants.                            )

## AMENDED PETITION

    **COMES NOW**, Plaintiff STEVEN WOOD, by and through undersigned counsel, hereby

files this Amended Petition against Defendants CITY OF LANETT, a municipality; MIKE

YARBROUGH, in both his official capacity as a Lanett City Council member and his individual

capacity; and OSCAR CRAWLEY, in both his official capacity as Mayor of the City of Lanett and

his individual capacity, (all the aforementioned defendants are hereinafter sometimes collectively

referred to as "Defendants") and further alleges as follows:

## JURISDICTION

1. Plaintiff realleges and re-incorporates paragraphs one (1) through sixteen (16) of his initial petition and further avers that:

2. This is an action in excess of $10,000.00 exclusive of all interest, attorney fees, and costs.

3. Plaintiff STEVEN WOOD (hereinafter "WOOD") is a resident of Randolph County and is over the age of nineteen (19).

4. Defendant CITY OF LANETT is a municipality located in Lanett, Chambers County, Alabama.

5. Defendant MIKE YARBROUGH (hereinafter "YARBROUGH") is an individual and a Lanett City Council member residing in Lanett, Chambers County, Alabama.

6. Defendant OSCAR CRAWLEY (hereinafter "CRAWLEY") is an individual and Mayor of the City of Lanett residing in Lanett, Chambers County, Alabama.

7. Venue is proper because the cause of action accrued and all defendants reside in Chambers County, Alabama.

## FACTUAL BACKGROUND

8. Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through seven (7) of the Amended Petition herein and further avers that:

9. At all times material hereto Plaintiff WOOD was a police officer employed through Defendant CITY OF LANETT by and through the City of Lanett Police Department.

10. On or about September 30, 2006, Plaintiff WOOD, while on duty and acting in accordance with the methods taught in his law enforcement training with the City of Lanett Police Department, arrested Defendant/Lanett City Council Member YARBROUGH at his home in Lanett, Chambers County, Alabama.

11. Defendant YARBROUGH was arrested for violation of City Ordinance 3-3, Posting Advertising Matter on Utility Poles.

12. Prior to the arrest, Plaintiff WOOD, in compliance with the Fourth Amendment to the United States Constitution and police procedure as he was taught, obtained a judicial determination of probable cause regarding Defendant YARBROUGH whereby a valid arrest warrant was then issued for Defendant YARBROUGH.

13. Following the arrest, on or about October 2, 2006, Defendant YARBROUGH filed a complaint against Plaintiff WOOD allegedly for the "way the arrest was handled."

14. On or about October 13, 2006, Plaintiff WOOD was given a document titled "Notification of Disciplinary Hearing" which was scheduled for October 24, 2006. Plaintiff WOOD was to appear in front of Defendant CITY OF LANETT'S City Manager Joel Holley, in which the proposed disciplinary action was termination of employment.

15. Plaintiff WOOD was allegedly being terminated because of his lawful arrest of Defendant YARBROUGH. More specifically, the Notification listed three reasons for the proposed action:

    (1) Violation of Group 2 Section 20 of the City of Lanett Personnel Handbook. "Abusive Personal Conduct or language toward the public or fellow employees, or abusive public criticism of a superior or other city official;"
    (2) Violation of Rules and Regulations of the Police Department 1.100 Primary Objectives.
    (3) Violations of Rules and Regulations of the Police Department 1.230 Conduct Unbecoming an Officer.

16. Defendant CITY OF LANETT had, at some time in the past, promulgated the City of Lanett Employee Personnel Handbook, which was to govern the disciplinary procedures of its city employees.

17. The Employee Personnel Handbook gave Plaintiff WOOD property rights in continued

employment under the Due Process Clause of the Fourteenth Amendment with Defendant CITY OF LANETT.

18. Upon receipt of the Notification of Disciplinary Hearing, Plaintiff WOOD was placed on "Administrative Leave with Pay" pending the outcome of the Disciplinary Hearing to be held on October 24, 2006.

19. The Employee Personnel Handbook of the City of Lanett does not enumerate "Administrative Leave with Pay" as a type of discipline to be implemented against City of Lanett employees.

20. Furthermore, the description of Defendant CITY OF LANETT'S "Administrative Leave Policy" under Section IX(C)(4) of the Employee Personnel Handbook does not even include the incident made the basis of this Complaint as an appropriate situation for placing the Plaintiffs on such leave.

21. On or about October 31, 2006, Plaintiff WOOD received the Decision Upon Disciplinary Hearing signed by City Manager Joel Holley stating, *inter alia*, that the recommendation of termination would be upheld.

22. Plaintiff WOOD immediately appealed the decision to the Lanett City Council, as was his right, and on or about November 9, 2006, an appeal was heard.

23. Plaintiff WOOD was represented by counsel at said appeal.

24. Prior to the hearing on appeal, Plaintiff WOOD requested that Defendant/Council Member YARBROUGH recuse himself from deliberations and any decision in Plaintiff WOOD'S appeal as a result of his bias, prejudice, and conflicts of interest that existed in the case.

25. Specifically, Defendant YARBROUGH'S arrest was the subject of Plaintiff WOOD'S termination and Defendant YARBROUGH initiated the complaint against Plaintiff WOOD.

26. Defendant/Council Member YARBROUGH agreed to recuse himself from deliberation.

27. Prior to the hearing on appeal, Plaintiff WOOD requested that Defendant/Mayor CRAWLEY recuse himself from deliberations and any decision in Plaintiff WOOD'S appeal as a result of his bias, prejudice, and conflicts of interest that existed in the case

28. Specifically, Defendant CRAWLEY was personally involved in the investigation of Plaintiff WOOD'S case, and he had made biased statements against Plaintiff WOOD.

29. Defendant/Mayor CRAWLEY, despite the repeated requests by Plaintiff WOOD, refused to recuse himself from the deliberations on appeal.

30. However, and to the dismay of Plaintiff WOOD, *both Defendant YARBROUGH and Defendant CRAWLEY participated in the deliberations and ultimate decision to uphold City Manager Joel Holley's termination of Plaintiff WOOD.*

31. Thus, Defendant YARBROUGH, whose arrest was the reason for Plaintiff WOOD'S termination, and who initiated the complaint against Plaintiff WOOD was allowed to participate in the deliberations and decision that resulted in his termination.

32. As well, Defendant CRAWLEY, who had personal involvement in the investigation of the case, and had made biased statement about Plaintiff WOOD prior to the appeal was allowed to participate in the deliberations and decision that resulted in his termination.

33. The issues thus decided on Plaintiff WOOD'S appeal were the result of the bias and unfair prejudice of both Defendant YARBROUGH and Defendant CRAWLEY's exertion of pressure on the remaining of Lanett City Council's members.

34. Defendant CRAWLEY even stated in deliberations that he "wanted [Plaintiff] WOOD fired because [Plaintiff WOOD] was going to sue them anyway."

35. The Lanett City Council with participation from Defendant YARBROUGH and Defendant

CRAWLEY thereby affirmed the termination of Plaintiff WOOD.

36.    Defendant YARBROUGH and Defendant CRAWLEY'S participation in the decision and

deliberation was a conflict of interest as set out in the Employee Personnel Handbook.

37.    The discharge of Plaintiff WOOD by all present Defendants was in violation of Plaintiff

WOOD'S right to Due Process as guaranteed by the Fourteenth Amendment of the United

States Constitution and was thus arbitrary, capricious, malicious, willful, retaliatory,

oppressive, in bad faith, and for trivial, personal, and improper reasons.

## COUNT ONE - VIOLATION OF 42 U.S.C. § 1983 - SUBSTANTIVE DUE PROCESS

38.    Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through thirty-seven (37)

of the Amended Petition herein and further avers that:

39.    Plaintiff WOOD was a merit employee of the Defendant CITY OF LANETT and could be

dismissed only for cause as enumerated in Defendant CITY OF LANETT'S Employee

Personnel Handbook. Plaintiff WOOD therefore had a valid property interest in his

employment.

40.    Plaintiff WOOD was deprived of his valid property interest and his due process rights were

violated  by all named Defendants herein when Defendant YARBROUGH and Defendant

CRAWLEY participated in the deliberations and decision on Plaintiff WOOD'S appeal.

41.    As such, and as a direct and proximate consequence of all present Defendant's violations of

the Plaintiff WOOD'S substantive due process rights, Plaintiff WOOD has suffered the

following injuries and damages:

> **Plaintiff has been forced to endure financial hardship due to his**
> **termination. Defendant's conduct caused Plaintiff to suffer**
> **irreparable harm, which will continue unless enjoined by this**
> **court. Plaintiffs has no remedy at law to redress the deprivation**
> **of his rights. Defendants caused Plaintiff to be unlawfully**

deprived of wages and other benefits of his employment relations, career, and other employment related opportunities, and occupational liberty in his job. Defendant's conduct further caused Plaintiff to suffer substantial personal injuries, including, but not limited to anxiety, trauma, stress, emotional distress, embarrassment, loss of future employment prospects, and has permanently and adversely affected Plaintiff's life and career.

**WHEREFORE,** Plaintiff WOOD prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT TWO - VIOLATION OF 42 U.S.C. § 1983 - PROCEDURAL DUE PROCESS

42.　Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through forty-one (41) of the Amended Petition herein and further avers that:

43.　Plaintiff WOOD was a merit employee of the Defendant CITY OF LANETT and could be dismissed only for cause as enumerated in Defendant CITY OF LANETT'S Employee Personnel Handbook. Plaintiff WOOD therefore had a valid property interest in his employment.

44.　Plaintiff WOOD was deprived of his right to a fair hearing as required under the Procedural Due Process Clause of the 14th Amendment by all named Defendants herein when Defendant YARBROUGH and Defendant CRAWLEY participated in the deliberations and decision on Plaintiff WOOD'S appeal.

45.　As such, and as a direct and proximate consequence of all present Defendant's violations of the Plaintiff WOOD'S procedural due process rights, Plaintiff WOOD was injured as set out in paragraph forty-one (41) above.

WHEREFORE, Plaintiff WOOD prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT THREE - VIOLATION OF 42 U.S.C. § 1983 - FIRST AMENDMENT RETALIATION

46.    Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through forty-five (45) of the Amended Petition herein and further avers that:

47.    Plaintiff WOOD was a merit employee of the Defendant CITY OF LANETT and could be dismissed only for cause as enumerated in Defendant CITY OF LANETT'S Employee Personnel Handbook. Plaintiff WOOD therefore had a valid property interest in his employment.

48.    Plaintiff WOOD's arrest of Defendant YARBROUGH was an activity to which he had been trained by the City of Lanett Police Department and he so engaged in that activity. Said conduct was protected under the First Amendment.

49.    Defendants, all inclusive, retaliated against him for his exercise of that right and was fired because his otherwise valid arrest of Defendant/City Council Member YARBROUGH.

50.    As such, and as a direct and proximate consequence of all present Defendant's violations of Plaintiff WOOD'S First Amendment rights, Plaintiff WOOD was injured as set out in paragraph forty-one (41) above.

WHEREFORE, Plaintiff WOOD prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and

benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT FOUR - BREACH OF IMPLIED CONTRACT

51.   Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through fifty (50) of the Amended Petition herein and further avers that:

52.   Defendant CITY OF LANETT has adopted the City of Lanett Employee Personnel Handbook which was in effect at all times material hereto, and which gave Plaintiff WOOD certain procedural rights, and which further resulted in an implied contract as between Defendant CITY OF LANETT and Plaintiff WOOD.

53.   Defendant CITY OF LANETT breached said contract when it failed to follow the procedures outlined in its own City of Lanett Employee Personnel Handbook, to wit: failing to follow due process procedures established by federal law, state law, and the City of Lanett Employee Personnel Handbook itself.

54.   As such, and as a direct and proximate result of the Defendant's actions, Plaintiff WOOD has been injured as follows:

> **The Plaintiff has lost the benefit of his bargain; The Plaintiff has been defrauded and lied to; Plaintiff has incurred additional unnecessary expenses as a result of Defendants' wrongful conduct; The Plaintiff has suffered extreme financial distress, emotional distress and mental anguish; Plaintiff has lost the value of his employment.**

**WHEREFORE,** Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts

and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT FIVE - WRONGFUL TERMINATION

55.    Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through fifty-four (54) of the Amended Petition herein and further avers that:

56.    The *neglectful, careless, and unskillful* conduct of all present Defendants in terminating Plaintiff's employment without an adequate appellate hearing pursuant to the City of Lanett Employee Personnel Handbook as well as state and federal law contravened the established public policy of Alabama; therefore, Defendants have violated the Alabama doctrine of wrongful termination.

57.    As a direct and proximate result of the wrongful termination, the Plaintiff was injured as set out in paragraph forty-one (41) above.

**WHEREFORE**, Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT SIX - INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

58.    Plaintiff realleges and re-incorporates paragraphs one (1) through fifty-seven (57) of the Amended Petition herein and further avers that:

59.    As aforementioned, Plaintiff WOOD had a valid property right in continued employment with Defendant CITY OF LANETT and could be dismissed only for cause.

60.    Defendant CITY OF LANETT, Defendant YARBROUGH, and Defendant CRAWLEY affirmatively, intentionally, knowingly, maliciously, unjustifiably, and unlawfully interfered with the contractual relationship and employment rights between Plaintiff WOOD and Defendant CITY OF LANETT.

61.    As a direct and proximate result of Defendant YARBROUGH and Defendant CRAWLEY'S, interference with Plaintiff's contractual relationship with Defendant CITY OF LANETT, the Plaintiff was injured as set out in paragraph forty-one (41) above.

WHEREFORE, Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT SEVEN - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62.    Plaintiff realleges and re-incorporates paragraphs one (1) through sixty-one (61) of the Amended Petition herein and further avers that:

63.    The Defendants, all inclusive, had a duty to Plaintiff WOOD to act appropriately with respect to Plaintiff WOOD'S employment with Defendants, to honor their representations and promises, and to exercise due care with respect Plaintiff's employment.

64.    The Defendants, all inclusive, breached that duty by terminating Plaintiff for reasons not enumerated in the "Employee Personnel Handbook."

65.    The acts of Defendants, all inclusive, described in this Complaint were done willfully, maliciously, outrageously, deliberately, and intentionally with the intention to inflict emotional distress upon Plaintiff. Such acts were done in reckless disregard of the

probability of causing Plaintiff emotional distress. These acts did in fact result in severe and extreme emotional distress to the Plaintiffs.

66.  Defendants, all inclusive, knew or should have known that their conduct would cause Plaintiff severe emotional distress and mental suffering.

67.  As a direct and proximate result of the extreme and outrageous conduct of Defendants alleged in this complaint, Plaintiff has suffered and continues to suffer severe emotional distress and mental suffering, anxiety, trauma, stress, embarrassment, and humiliation.

**WHEREFORE**, Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

<u>COUNT EIGHT</u>

-68.  Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through sixty-seven (67) of the Amended Petition herein and further avers that:

69.  Defendants 2, 3, and 4 are those persons or institutions responsible for making the employment decisions regarding the Plaintiff made the basis of the Complaint.

70.  As a direct and proximate result of these decisions, Plaintiff WOOD was injured as set out in paragraph forty-one (41) above.

**WHEREFORE**, Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court

deems just and proper.

<u>COUNT NINE - DEFAMATION</u>

71.    Plaintiff realleges and re-incorporates paragraphs one (1) through seventy (70) of the Amended Petition herein and further avers that:

72.    Defendants 5, 6, and 7 are those persons or institutions responsible for defaming the Plaintiff.

73.    As a direct and proximate result of the defamation, the Plaintiff was injured as set out in paragraph forty-one (41) above.

**WHEREFORE**, Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

<u>COUNT TEN - BREACH OF CONTRACT</u>

74.    Plaintiff realleges and incorporates paragraphs one (1) through seventy-three (73) of the Amended Petition herein and further avers that:

75.    Defendants 8, 9, and 10 are those persons or institutions responsible for breaching the contract made the basis of the Complaint.

76.    When the Plaintiff was hired by the Defendants, Plaintiff was classified as an "Exempt Service Employee," whereby the Plaintiff and the Defendants entered into a contractual agreement wherein the Defendants agreed to provide the Plaintiff with employment that Plaintiff would be entitled to unless certain situations arose and/or Plaintiff's conduct was within certain terminable categories.

77.    The agreement entered into as previously described herein was a legal contract between the

parties. The Defendants, all inclusive, have breached said contract by taking actions to alter

its nature that were neither bargained for or agreed to by the Plaintiff. The Defendants, all

inclusive, breached that duty by terminating Plaintiff for reasons not enumerated in the

"Employee Personnel Handbook."

78.     As a direct and proximate result of the Defendant's, all inclusive, actions to the Plaintiff, he

has been injured as follows:

> **The Plaintiff has lost the benefit of his bargain; The Plaintiff has
> been defrauded and lied to; Plaintiff has incurred additional
> unnecessary expenses as a result of Defendants' wrongful
> conduct; The Plaintiff has suffered extreme financial distress,
> emotional distress and mental anguish; Plaintiff has lost the value
> of his employment.**

**WHEREFORE**, Plaintiff prays that this court afford the following relief: grant the Plaintiff

a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits;

award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts

and other violations of law against Plaintiff; and award such other and further relief as this court

deems just and proper.

## COUNT ELEVEN - INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

79.     Plaintiff WOOD realleges and incorporates paragraphs one (1) through seventy-eight (78)

of the Amended Petition herein and further avers that:

80.     Defendants 11, 12, and 13 are those persons or institutions responsible for interfering with

Plaintiff WOOD'S contractual and employment rights with Defendant CITY OF LANETT.

81.     As a direct and proximate result of these decisions, Plaintiff WOOD was injured as set out

in paragraph forty-one (41) above.

**WHEREFORE**, Plaintiff prays that this court afford the following relief: grant the Plaintiff

a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits;

award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts

and other violations of law against Plaintiff; and award such other and further relief as this court

deems just and proper.

**DILLARD  &  ASSOCIATES, L.L.C.**
**Attorneys for the Plaintiff**

Timothy L. Dillard (DIL 003)
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823

**Trial Counsel**:
Timothy L. Dillard (DIL 003)
Stewart S. Wilbanks (WIL 312)

**\*\* PLAINTIFFS DEMAND TRIAL BY STRUCK JURY\*\***

OF COUNSEL

**DEFENDANT'S ADDRESS:**

**Mike Yarbrough**                                     (Please serve by certified mail)
1012 South 13th Avenue
Lanett, AL 36863

**Oscar Crawley**                                       (Please serve by certified mail)
City Hall - Mayor's Office
401 N. Lanier Ave.
Lanett, AL 36863

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the ___8___ day of <u>November,</u> 2007, I have served a copy of the above and foregoing Motion to Amend Petition on all parties of record by United States Mail, first class, postage prepaid and properly addressed.

**<u>DEFENDANT'S ADDRESS:</u>**

**T. Randall Lyons**                                    **(Please serve by certified mail)**
Attorney for Defendant City of Lanett
Webster, Henry & Lyons, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| STEVEN WOOD, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| CITY OF LANETT, a municipality, | ) | |
| MIKE YARBROUGH, in both his | ) | CV-2006-267 |
| individual and official capacities; | ) | |
| OSCAR CRAWLEY, in both his | ) | |
| individual and official capacities; | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:  Charles Storey, Clerk
     Chambers County Circuit Court
     Courthouse
     2 Lafayette Street
     Lafayette, Alabama 36862

PLEASE TAKE NOTICE, the Defendants, the City of Lanett, Mike Yarbrough, and

Oscar Crawley, through counsel in the above-styled action has of this date filed a Notice of

Removal with the Clerk of the United States District Court for the Middle District of

Alabama, Eastern Division, for the removal of Civil Action No.: CV-2006-267 pursuant to 28

U.S.C. §1331, §1367, §1441, and §1446. A copy of the Notice of Removal is attached hereto.


EXHIBIT
C

DONE this the 27th day of December, 2007.


T. RANDALL LYONS (LYO006)
Attorney for the Defendants


OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830
334-887-0111


## CERTIFICATE OF SERVICE

I hereby certify that I have this date of December 27, 2007, mailed a copy of the forgoing filing to the following counsel of record:

Timothy Dillard
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, AL 35203


OF COUNSEL



ELECTRONICALLY FILED
12/27/2007 2:57 PM
CV-2006-000267.00
CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
CHARLES STORY, CLERK

**IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA**

WOOD STEVEN                                )
             Plaintiff        )
                                 )
           v.                     )    **Case No.:**  CV-2006-000267.00
                                 )
CITY OF LANETT                             )
CRAWLEY OSCAR                            )
YARBROUGH MIKE                          )
            Defendants        )

## ORDER

The Motion to Reconsider filed herein by the Respondents shall be scheduled for hearing before the Court on January 17, 2008, at 9:00 a.m.

DONE this 27th day of December, 2007

                          /s TOM. F. YOUNG JR.
                          ———————————————

                          CIRCUIT JUDGE

| **STATE OF ALABAMA**<br>Unified Judicial System<br><br>12-CHAMBERS | Revised 2/14/05 | Case |
|---|---|---|
| | ☐ District Court  ☑ Circuit Court | CV200 |

ELECTRONICALLY FILED<br>12/11/2007 3:51 PM<br>CV-2006-000267.00<br>CIRCUIT COURT OF<br>CHAMBERS COUNTY, ALABAMA<br>CHARLES STORY, CLERK

| STEVEN WOOD  -VS-  CITY OF LANETT, ET AL | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:* D003 - YARBROUGH MIKE |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br><br>TIMOTHY LYONS<br>P.O. Box 239<br>Montgomery, AL 36101<br><br>*Attorney Bar No.:* LYO006 | ☐ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Costs $ _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other    Motion to Reconsider |
| | pursuant to Rule 0    (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br><br>12/11/2007 3:45:32 PM | Signature of Attorney or Party:<br><br>/s TIMOTHY LYONS |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
12/11/2007 3:51 PM
CV-2006-000267.00
CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
CHARLES STORY, CLERK

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| STEVEN WOOD, an individual, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.: CV-06-267 |
| | ) | |
| CITY OF LANETT, a municipality, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO RECONSIDER

COME NOW the Respondents, by and through their attorney of record, and respectfully request the Court to reconsider its order granting the Petitioner's Motion to Amend the Complaint in this matter. As reasons therefore, the Respondents would state as follows:

The Respondents never received this Court's order granting the Motion to Amend, but learned of the order from Petitioner's counsel on or about December 11, 2007.

Counsel for the Respondents filed an objection by mail to the Motion to Amend on or about November 29, 2007. It is the undersigned's understanding that the order granting the Petitioner's Motion to Amend was actually entered prior to the objection being filed.

The Respondents would adopt their objections made in the Objection to the Motion to Amend, which is attached to this Motion to Reconsider as Exhibit "A". Clearly, the Petitioner filed a different type of action in the original action, which was a request for an equitable review of an employment decision made by the City of Lanett's city council. Mr. Wood, the Petitioner, never made any proof of claim as required by Section 11-47-23

**IN THE CIRCUIT COURT IN AND FOR CHAMBERS COUNTY, ALABAMA**

DEC 1 7 2007

|                                          |     |                              |
|------------------------------------------|-----|------------------------------|
| STEVEN WOOD, an individual,              | )   |                              |
|                                          | )   |                              |
|     Plaintiff.       | )   |                              |
|                                          | )   |                              |
| v.                                       | )   | Civil Action No.:CV 06-267   |
|                                          | )   |                              |
| CITY OF LANETT, a municipality; et al.   | )   |                              |
|                                          | )   |                              |
|                                          | )   |                              |
|     Defendants.      | )   |                              |

## PETITIONER'S BRIEF IN OPPOSITION TO RESPONDENTS' MOTION TO RECONSIDER

**COMES NOW**, Petitioner STEVEN WOOD (hereinafter "Wood"), by and through undersigned counsel, hereby files this Brief in Support in Opposition to Respondents' Motion to Reconsider this Court's Order granting Wood's Amended Petition, and as grounds therefor alleges as follows:

## SUMMARY OF THE ARGUMENT

The issues involved in the present motion are: 1) whether Petitioner Wood complied with §§ 11-47-23 and 11-47-192 of the Code of Alabama which, in essence, requires a Plaintiff to give notice to a municipality prior to instituting a claim against it; and 2) whether §§ 11-47-23 and 11-47-192 of the Code of Alabama require the same notice be given to a political officer of a municipality prior instituting a claim against him or her. Respondents' contend in their Motion to Reconsider that Petitioner Wood failed to give said notice to Respondent City of Lanett, as well as Respondents Mike Yarbrough and Oscar Crawley, and therefore Petitioner Wood's claims should be barred as a matter of law. However, and as further discussed *infra*, Respondents' contentions that Petitioner Wood failed to give notice is incorrect and misplaced under the facts of this case, and

therefore Respondents' Motion to Reconsider should be denied.

## SUMMARY OF THE FACTS

1.      On or about October 31, 2006, Petitioner Wood, then a police officer for Respondent City of Lanett, was terminated for an arrest he made of Respondent Mike Yarbrough, a City of Lanett Council Member, on or about September 30, 2006.

2.      Petitioner Wood then immediately appealed the decision to the Lanett City Council, as was his right, and on or about November 9, 2006, an appeal was heard. The Lanett City Council affirmed the decision to terminate Petitioner Wood.

3.      On or about November 28, 2006, Petitioner Wood filed a Petition with this Court seeking damages for his wrongful termination; reinstatement of Petitioner to his former position; an award of all Petitioner's back pay and benefits; injunctive relief from any other retaliatory acts or violations of law against Petitioner; as well as attorney fees and costs. *See* Petitioner Wood's Petition.

4.      The gravamen of Petitioner Wood's initial Petition and Amended Petition concerns the facts and circumstances surrounding the appeal heard on November 9, 2006. *See* Petitioner Wood's Petition and Amended Petition.

5.      On or about November 9, 2007, Petitioner Wood filed a Motion to Amend Petition with this Court asserting additional causes of action against Respondent City of Lanett, and adding Mike Yarbrough and Oscar Crawley as Respondents in the action in both their individual and official capacities.

6.      On or about November 30, 2007, this Court entered an Order granting Plaintiff's Motion to Amend Petition. A true and correct copy of said Order is attached hereto and incorporated herein as **Exhibit "A."**

7.    On or about November 29, 2007, Respondents' filed an Objection to Petitioner Wood's Motion to Amend Petition by mail. Upon information and belief, however, this Court's Order of November 30, 2007 had been entered prior to said objections by Respondents'.

8.    As a result, on or about December 11, 2007, Respondents' filed a Motion to Reconsider this Court's Order granting Petitioner Wood's Motion to Amend Petition.

9.    The present Motion by Petitioner Wood addresses the issues presented in Respondents' Motion to Reconsider.

## STANDARD FOR GRANT OF AMENDED PLEADING

"Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court's own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires." Ala. R. Civ. P. § 15(a). Further, "it is well established that Rule 15 [of the Alabama Rules of Civil Procedure], dealing with amendments, is to be liberally construed." *United Handicapped Industries of America v. National Bank of Commerce*, 386 So.2d 437, 441 (Ala. Civ. App. 1980). Indeed, "amendments are to be freely allowed and their refusal must be based on some valid ground." *Id.* (citing *National Distillers & Chemical Corp. v. American Laubscher Corp.*, 338 So.2d 1269 (Ala. 1976).

## LEGAL ARGUMENT

I.    **Petitioner Wood has complied with the notice requirements of §§ 11-47-23 and 11-47-192 of the Code of Alabama as it relates to Respondent City of Lanett because the initial Petition was filed within required time and set-forth adequate facts sufficient to give the City of Lanett notice of his claim.**

Respondents' in their Motion to Reconsider argue that Petitioner Wood has failed to comply with the notice requirements of §§ 11-47-23 and 11-47-192 of the Code of Alabama as they relate

to Respondent City of Lanett, a municipality, and that his claims are therefore barred as a matter of

law. Section 11-47-23 of the Code of Alabama states that:

> **[a]ll claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.**

Further, § 11-47-192 of the Code of Alabama states that:

> **[n]o recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed.**

These two sections of the Code of Alabama have been the subject of much litigation in

Alabama State Courts. Most notably, in *Diemert v. City of Mobile*, 474 So.2d 663 (Ala. 1985), the

decedent's father filed a wrongful death action against the City of Mobile just over three months

after the accident made basis of his complaint. *Diemert*, 474 So.2d at 664. Thereafter, the City of

Mobile moved for summary judgment claiming that the plaintiff failed to comply with the notice pre-

requisites of §§ 11-47-23 and 11-47-192 of the Code of Alabama. *Id.* The trial court granted the

motion and the plaintiff then appealed the case to the Alabama Supreme Court. *Id.* The *Diemert*

Court then pointed out that the case law which had previously been handed down from the Alabama

Supreme Court appeared to be in conflict. *Id.* at 665-66. More specifically, in *Eason v. City of

Huntsville*, 347 So.2d 1321 (Ala. 1977), the Court held that "the filing of suit within the six-month

period following the incident made the basis of the action does not constitute a compliance with the

notice provisions of the statute." *Eason*, 347 So.2d at 1321. However, one year later, in the case of

*Browning v. City of Gadsden*, 359 So.2d 361 (Ala. 1978), the Court held that "[i]f a suit on a claim

against a city is commenced within the six-month period prescribed in [§ 11-47-23], it is a sufficient presentation of the claim under the statute." *Browning*, 359 So.2d at 364.

However, these conflicts were put to rest in *Diemert* when this state's highest court adopted the rule as stated in *Browning*, *supra*, and held that the plaintiff in instituting his wrongful death claim against the City of Mobile within the six-month period satisfied the requirements of § 11-47-23. *Diemert*, 474 So.2d at 666. The *Diemert* Court also held that if the plaintiff's "complaint provides the information required by § 11-47-192, [namely] 'the manner in which the injury was received, the day and time and place where the accident occurred and the damages claimed,' the complaint satisfies both §§ 11-47-23 and 11-47-192. *Id.* at 665. The court then reversed the grant of summary judgment in favor of the defendant and remanded the case to the trial court. *Id.* at 666.

Similar to *Diemert*, present Petitioner Wood filed his initial Petition with this Court on or about November 30, 2006, less than a month after the appeal that is the gravamen of said Petition. Therefore, because Petitioner Wood filed suit within a month from the date of his injury, he satisfied § 11-47-23 of the Code of Alabama requiring notice to be given to a municipality within the six months from the date of injury. Additionally, said Petition set forth "the manner in which the injury was received, the day and time and place where the [injury] occurred, and the damages claimed" as required by § 11-47-23 of the Code. Ala. Code § 11-47-23.

Specifically, Wood's initial Petition filed with this Court states, in essence, that he was wrongfully terminated on or about October 30, 2006 in retaliation for making a lawful arrest on Respondent Mike Yarbrough; that an appeal was heard on or about November 9, 2006 regarding said termination that was "arbitrary and capricious, malicious, willful, retaliatory, oppressive, in bad faith, and for trivial, personal and improper reasons." *See* Wood's initial <u>Petition</u>. Further, the initial Petition requested a sum of damages for the Respondent City of Lanett's actions; a reinstatement of

Petitioner Wood to his former position; all back pay and benefits; an injunction from all further retaliatory acts and violations of law against Petitioner Wood; as well as reasonable attorney fees and costs. *See* Wood's initial <u>Petition</u>. As such, Petitioner Wood has satisfied §§ 11-47-23 and 11-47-192 of the Code of Alabama and Respondents' Motion to Reconsider should therefore be denied.

**II.    Petitioner Wood's was not obligated to file a proof of claim to Respondents Mike Yarbrough and Oscar Crawley as §§ 11-47-23 and 11-47-192 of the Code of Alabama do not apply to individuals.**

Respondents' argue that Petitioner Wood's Motion to Amend should not be granted because he failed to file a proof of claim with Respondents Mike Yarbrough and Oscar Crawley. The undersigned is unable to discern from their Motion what law is being relied upon by Respondents' in their argument that Petitioner Wood failed to file a proof of claim with Mike Yarbrough and Oscar Crawley, and assumes that Respondents are indeed relying upon the same statutes, §§ 11-47-23 and 11-47-192 of the Code of Alabama, as cited above.

In addition, the undersigned has discovered no law which requires that officers of a municipality receive notice or a proof of claim prior to instituting suit against them. Indeed, §§ 11-47-23 and 11-47-192 of the Code of Alabama deal strictly with the requirements of notice as it relates to municipalities. Therefore, Respondents' Motion to Reconsider should be denied.

<u>**CONCLUSION**</u>

Summarily, Petitioner Wood gave notice to Respondent City of Lanett within the required time as stated by § 11-47-23 of the Code of Alabama when he initially filed suit against the City of Lanett a month after the date of injury. Further, the Petition that was filed by Wood set forth the requisite facts and circumstances to give adequate notice of what his claims are and were against the City of Lanett as required by § 11-47-192 of the Code of Alabama. Additionally, Petitioner Wood was not legally required to give notice to Respondents Mike Yarbrough or Oscar Crawley.

**DILLARD & ASSOCIATES, L.L.C.**
Attorney for Plaintiff

Timothy L. Dillard (DIL 003)
Fourth Floor, The Berry Building
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823

## CERTIFICATE OF SERVICE

I hereby certify that on this the _14th_ day of December, 2007, I have served a copy of the above and foregoing Motion to Amend Petition on all parties of record by United States Mail, first class, postage prepaid and properly addressed.

**DEFENDANT'S ADDRESS:**

**T. Randall Lyons**                                    **(Please serve by certified mail)**
Attorney for Defendant City of Lanett
Webster, Henry & Lyons, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830

*Of Counsel*

# EXHIBIT "A"

ELECTRONICALLY FILE
11/30/2007 3:39 PM
CV-2006-000267.00
CIRCUIT COURT OF
CHAMBERS COUNTY, ALA
CHARLES STORY, CLE

**IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA**

| | | |
|---|---|---|
| WOOD STEVEN | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Case No.:**  CV-2006-000267.00 |
| | ) | |
| CITY OF LANETT | ) | |
| CRAWLEY OSCAR | ) | |
| YARBROUGH MIKE | ) | |
| Defendants | ) | |

## **ORDER**

Plaintiff's Motion to Amend Petition is Granted.

DONE this 30th day of November, 2007

/s TOM. F. YOUNG JR.
_____

CIRCUIT JUDGE



ELECTRONICALLY FILED
11/30/2007 3:39 PM
CV-2006-000267.00
CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
CHARLES STORY, CLERK

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| WOOD STEVEN | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.:  CV-2006-000267.00 |
| | ) | |
| CITY OF LANETT | ) | |
| CRAWLEY OSCAR | ) | |
| YARBROUGH MIKE | ) | |
| Defendants | ) | |

## ORDER

Plaintiff's Motion to Amend Petition is Granted.

DONE this 30th day of November, 2007

/s TOM. F. YOUNG JR.
_____

CIRCUIT JUDGE



**AlaFile E-Notice**

12-CV-2006-000267.00

Judge: TOM. F. YOUNG JR.

To:  DILLARD TIMOTHY L
     timldillard@yahoo.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

STEVEN WOOD  -VS-  CITY OF LANETT, ET AL
12-CV-2006-000267.00

The following matter was FILED on 11/30/2007 3:39:15 PM

Notice Date:     11/30/2007 3:39:15 PM

**CHARLES STORY**
**CIRCUIT COURT CLERK**
CHAMBERS COUNTY, ALABAMA
2 LAFAYETTE STREET
LAFAYETTE, AL 36862

334-864-4348
charles.story@alacourt.gov



**AlaFile E-Notice**

12-CV-2006-000267.00

Judge: TOM. F. YOUNG JR.

To:  LYONS T RANDALL
     randy@whlwpc.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

**STEVEN WOOD  -VS-  CITY OF LANETT, ET AL**
**12-CV-2006-000267.00**

The following matter was FILED on 11/30/2007 3:39:15 PM

Notice Date:     11/30/2007 3:39:15 PM

*Case Look up*
*Case*

**CHARLES STORY**
**CIRCUIT COURT CLERK**
CHAMBERS COUNTY, ALABAMA
2 LAFAYETTE STREET
LAFAYETTE, AL 36862

334-864-4348
charles.story@alacourt.gov

*Misty*
*334 887- 0983*

*CV06 - 267*
*Lyons).*

## IN THE CIRCUIT COURT IN AND FOR CHAMBERS COUNTY, ALABAMA

STEVEN WOOD, an individual,                         )
                                                     )
     Plaintiff.                                )
                                                     )
v.                                                   )   Civil Action No.:CV 06-267
                                                     )
CITY OF LANETT, a municipality;                     )
MIKE YARBROUGH, in both his individual              )
and official capacities; OSCAR CRAWLEY, in          )
both his individual and official capacities;        )
Defendants 2, 3, and 4, those persons or            )
institutions responsible for making the             )
employment decisions regarding the Plaintiff        )
made the basis of the Complaint; Defendants 5,      )
6, and 7,those persons or institutions              )
responsible for defaming the Plaintiff;             )
Defendants 8, 9, and 10, those persons or           )
institutions responsible for breaching the          )
contract made the basis of this Complaint;          )
Defendants 11, 12, and 13, those persons or         )
institutions responsible for interfering with       )
Plaintiff's contractual and employment rights,      )
all of whose true names and legal identities are    )
unknown to the Plaintiff at this time but will be   )
added by amendment when ascertained,                )
                                                     )
     Defendants.                              )

FILED IN OFFICE THIS

NOV  9 2007

CHAM CO VALLEY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

### MOTION TO AMEND PETITION

    **COMES NOW** the Plaintiff STEVEN WOOD, by and through undersigned counsel, in the

above styled cause and requests leave of this Honorable Court to amend his initial Petition and states

as grounds the following:

1.    That at the time of the filing of the initial Petition, Plaintiff STEVEN WOOD mistakenly

      failed to include OSCAR CRAWLEY and MIKE YARBROUGH as named Defendants to

      the above styled cause as well as additional causes of action that existed against them and

Defendant CITY OF LANETT.

2.      That the Amended Petition claims arise out of the same set of facts and circumstances that

are the subject matter of the initial Petition.

3.      That no party will be prejudiced by allowing the amendment.  However, Plaintiff may be

prejudiced if amendment is not allowed by this Honorable Court.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff STEVEN WOOD respectfully

requests leave of this Honorable Court to Amend his original Petition to add the aforementioned

Defendants to the above styled cause.

**DILLARD & ASSOCIATES, L.L.C.**
Attorney for Plaintiff

Timothy L. Dillard (DIL 003)
Fourth Floor, The Berry Building
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823

**Mike Yarbrough**                             **(Please serve by certified mail)**
1012 South 13th Avenue
Lanett, AL 36863

**Oscar Crawley**                                **(Please serve by certified mail)**
City Hall - Mayor's Office
401 N. Lanier Ave.
Lanett, AL 36863

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___8___ day of November, 2007, I have served a copy of the above and foregoing Motion to Amend Petition on all parties of record by United States Mail, first class, postage prepaid and properly addressed.

**Defendant's Address:**

**T. Randall Lyons**
Attorney for Defendant City of Lanett
Webster, Henry & Lyons, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830

**(Please serve by certified mail)**

OF COUNSEL

| State of Alabama | **SUMMONS** | Case Number |
| Unified Judicial System | **-CIVIL-** | CV: 06-267 |

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY

**Plaintiff:**     **STEVEN WOOD**          **Defendant:**     **CITY OF LANETT, et al.**

**OSCAR CRAWLEY**                          **TO BE SERVED BY: Certified Mail**
**City Hall - Mayor's Office**
**401 N. Lanier Ave.**
**Lanett, AL 36863**

THE COMPLAINT, AMENDED COMPLAINT, INTERROGATORIES AND REQUEST FOR PRODUCTION WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY **Timothy L. Dillard, Dillard & Associates L.L.C.,** WHOSE ADDRESS IS **2015 2nd Avenue North, Berry Building, Fourth Floor, Birmingham, Alabama, 35203.**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30** DAYS AFTER THE SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

____    You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

Date: _____*11-09-07*_____          *Charles W. Story*, By:_____
                                         Clerk/Register

_____    I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____, County, Alabama

on _____.
                  Date

_____          _____
Date                                       Server's Signature

_____          _____
Address of Server                          Type of Process Server

| State of Alabama | **SUMMONS** | Case Number |
|---|---|---|
| Unified Judicial System | **-CIVIL-** | CV: 06-267 |

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY

Plaintiff:      **STEVEN WOOD**          Defendant:      **CITY OF LANETT, et al.**

**MIKE YARBROUGH**                        **TO BE SERVED BY: Certified Mail**
**1012 South 13th Avenue**
**Lanett, AL 36863**

THE COMPLAINT, AMENDED COMPLAINT, INTERROGATORIES AND REQUEST FOR PRODUCTION WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY **Timothy L. Dillard, Dillard & Associates L.L.C.,** WHOSE ADDRESS IS **2015 2nd Avenue North, Berry Building, Fourth Floor, Birmingham, Alabama, 35203.**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30** DAYS AFTER THE SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

____      You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
          defendant.

Date: _____*11-09-07*_____          *Charles W- Story*_____ By:_____
                                    Clerk/Register

____   I certify that I personally delivered a copy of the Summons and Complaint to
       _____ in _____, County, Alabama
       on _____.
                        Date

_____          _____
Date                                       Server's Signature

_____          _____
Address of Server                          Type of Process Server

| **STATE OF ALABAMA**<br>Unified Judicial System<br>_____ Chambers _____ County | **Revised 3/23/05**<br>Check one (Not for Workers' Comp., PFA, or Small Claims cases):<br>☐ District Court  ☑ Circuit Court | ➤ Case No.<br><br>CV 06-267 |
|---|---|---|
| _Style of case:_     Steven Wood<br><br>v.<br>        City of Lanett, et al. | **CIVIL MOTION COVER SHEET**<br>_Name of Filing Party:_<br>                    Steven Wood | |

| _Name, Address, and Telephone No. of Attorney or Party, If Not Represented:_<br>Timothy L. Dillard, Fourth Floor, Berry Building, 2015 Second Avenue North<br>Birmingham, AL 35203, (205) 251-2823<br>_Attorney Alabama State Bar No.:_          DIL 003 | To be filled out by Clerk of Court:<br>☐ Filing Fee Charged and Collected (Amt $_____)<br>☐ Filing Fee Not Required<br>☐ Affidavit of Hardship on File or State Agency |
|---|---|

## Type of Motion (Check One)

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00)<br>☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)<br>☐ Judgment on the Pleadings ($50.00)<br>☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00)<br>☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)<br>☐ Summary Judgment Pursuant to Rule 56 ($50.00)<br>☐ Other _____,<br>     pursuant to Rule_____($50.00)<br><br><br>* Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.<br><br>☐ Local Court Cost $_____ | ☐ Add Party<br>☑ Amend<br>☐ Change of Venue/Transfer<br>☐ Compel<br>☐ Consolidation<br>☐ Continue<br>☐ Deposition<br>☐ Designate a Mediator<br>☐ Judgment as a Matter of Law (during trial)<br>☐ Disburse Funds<br>☐ Extension of Time<br>☐ In Limine<br>☐ Joinder<br>☐ More Definite Statement<br>☐ Motion to Dismiss pursuant to Rule 12(b)<br>☐ New Trial<br>☐ Objection of Exemptions Claimed<br>☐ Pendente Lite<br>☐ Plaintiff's Motion to Dismiss<br>☐ Preliminary Injunction<br>☐ Protective Order<br>☐ Quash<br>☐ Release from Stay of Execution<br>☐ Revive Judgment<br>☐ Sanctions<br>☐ Sever<br>☐ Special Practice in Alabama<br>☐ Stay<br>☐ Strike<br>☐ Supplement to Pending Motion<br>☐ Vacate or Modify<br>☐ Withdraw<br>☐ Other_____<br>     pursuant to Rule_____(Subject to filing fee) |

FILED IN OFFICE

NOV  9 2007

CHARLES ... 
CIRCUIT CLERK
CHAMBERS COUNTY

Hearing Date: _____

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br><br>11/8/2007 | Signature of **Attorney or Party:**<br><br>_(signature)_ |
|---|---|---|

* This Cover Sheet must be completed, signed **by the filing attorney or party,** and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
** Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

**IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA**



STEVEN WOOD, an individual,      )
                                 )
    Petitioner,                  )
                                 )
v.                               )      Civil Action No.: CV-06-267
                                 )
CITY OF LANETT, a municipality,  )
                                 )
    Respondent.                  )

## OBJECTION TO MOTION TO AMEND PETITION

    COMES NOW the Respondent, City of Lanett, by and through its attorney of record, and hereby objects to the Petitioner's Motion to Amend Petition. As reasons therefore, the Defendant would state as follows:

1.    This action was filed on November 28, 2006. In this action, the Petitioner asked for the Circuit Court to review an employment decision made by the City of Lanett's City Council.

2.    Stephen Wood never filed any type of proof of claim as required by Section 11-47-23 and 11-47-192 Code of Alabama with the City of Lanett regarding any claims to be made by him.

3.    Further, Mr. Wood never filed any proof of claim regarding any claim against the Mayor or Councilman Mike Yarbrough.

4.    The Petitioner now files a motion to amend his previously filed petition and in this action brings causes of action against the City of Lanett as well as the

Mayor and Councilman Mike Yarbrough in their individual and official capacities.

5.    The Defendants object to these amendments, in that the Petitioner did not file a proof of claim within six months and Alabama law determines that his motion is untimely and is due to be denied.

Respectfully submitted,

_____
T. RANDALL LYONS (LYO006)
Attorney for City of Lanett

OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830
334-887-0111

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the following on this the 2⁹ᵗ day of November, 2007 via United States Mail, postage prepaid:

Timothy Dillard
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham ,AL 35203

_____
OF COUNSEL

**SENDER:** COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mike Yarbrough
1012 South 13th Avenue
Lanett, AL 36863

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Elizabeth Yarbrough_    ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

Elizabeth Yarbrough

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☑ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number
   (Transfer from service label)   7005 1820 0003 2098 9808

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

IN THE CIRCUIT COURT IN AND FOR CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| STEVEN WOOD, an individual, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |
| v. | ) | Civil Action No.:CV 06-267 |
| | ) | |
| CITY OF LANETT, et al. | ) | |
| | ) | |
| Respondents. | ) | |

## NOTICE OF SERVICE OF PETITIONERS FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANTS

     **COMES NOW**, Petitioner Steven Wood, by and through undersigned counsel, and hereby

gives notice that Petitioner's First Set of Interrogatories and Request For Production on Respondent

City of Lanett, Respondent Oscar Crawley, and Respondent Mike Yarbrough was served on counsel

for all Respondents.

DILLARD & ASSOCIATES, L.L.C.
Attorneys for Plaintiff

Timothy L. Dillard (DIL 003)
Fourth Floor, Berry Building
2015 2nd Avenue North
Birmingham, Alabama 35203
205-251-2823

FILED IN OFFICE THIS

NOV 2 6 2007

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20 day of November 2007, I have served a copy of the above and foregoing Petitioner's First Set of Interrogatories and Request for Production on all parties of record by United States Mail, first class, postage prepaid and properly addressed.

OF COUNSEL

**RESPONDENT'S ADDRESS:**

**T. Randall Lyons**
Attorney for all Respondents
Webster, Henry & Lyons, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830

**IN THE CIRCUIT COURT IN AND FOR CHAMBERS COUNTY, ALABAMA**

STEVEN WOOD, an individual,  )
                                          )
    Petitioner.                   )
                                          )
v.                                        )    Civil Action No.:CV 06-267
                                          )
CITY OF LANETT, et al.                    )
                                          )
    Respondents.                 )

## PETITIONERS FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO RESPONDENT OSCAR CRAWLEY

**COMES NOW**, Petitioner Steven Wood, by and through undersigned counsel, and desiring

the testimony of the Respondent Oscar Crawley, hereby propounds the following interrogatories to

be answered separately and severally and requests for production to be provided in the manner and

form provided by law:

## DEFINITIONS

As used herein, the words defined below shall be deemed to have the following meanings:

1.    "Documents" mean, without limitation, the originals and all non-identical copies of the

following items, whether printed or recorded or reproduced by any mechanical process, or

written or produced by hand, namely: correspondence, affidavits, communications,

telegrams, memoranda, summaries of records of personal conversations or interviews,

diaries, forecasts, statistical statements, graphs, reports, notebooks, minutes or records of

meetings, minutes or records of conferences, expressions or statement of policy, lists or

persons attending meetings or conferences, reports and/or summaries of interviews, reports

and/ore summaries of investigations, records, reports or summaries of negotiations, drafts

of any documents, original or preliminary notes, marginal comments appearing on any documents and all other writings and data compilations including any written, printed, recorded, or graphic matter, photographic matter or sound reproductions, however produced or reproduced in the possession, custody or control of the Respondent, its agents, servants, or employees which are known by the Respondent to exist.

2.    "You" and "Your" means the Respondent and any of its agents, servants, employees, attorneys, or other persons acting or purporting to act in the Respondent's behalf.

3.    "Identify" or "Identity," when used in reference to an individual person, means to state his/her full name and present address, his/her present or last known position and business affiliation and his position and business affiliation at the time in question. The terms, when used in reference to documents, means to state their respective dates and authors, the type of documents (e.g., letters, memoranda, telegrams, affidavits, notes of conversations, etc.), or some other means of identifying them, and their present location and custodian. If a document was, but no longer is, in your control, state what disposition was made of it.

## INTERROGATORIES

1.    Please identify yourself by stating your name, address, date of birth, driver's license number, and social security number. Please state the name of the person or persons who assisted you in answering these interrogatories and the place where these interrogatories were answered.

2.    Identify each and every employer you have had for the past fifteen years. Please include dates of your employment, the type of work that you performed for each such employer and the reason you left your employment.

3.    Have you, including present litigation, other than this case, ever been sued or had a claim filed against you by any person(s), corporation(s), or other entities for any reason whatsoever.

If so, please:

    a.      identify each and every person(s), corporation(s), or other entities for each such claim or action;

    b.      the date of inception of each such action;

    c.      the court and civil action number in which each such action was pending;

    d.      a brief description of the allegations or nature of the claim as well as any and all causes of action against you in each such action;

    e.      the disposition of each such action, if any.

4.      Have you ever been convicted or arrested for a felony? If so, please state:

    a.      the date or dates of each such arrest and conviction;

    b.      the place of places of each such arrest and conviction;

    c.      the nature or charge of each such conviction;

    d.      the disposition of each such conviction.

5.      Please state how long you have known the Petitioner and where and when you first met the Petitioner.

6.      To your knowledge, please give a brief description, including all relevant times and locations, of what happened on the evening Respondent Mike Yarbrough was arrested by the Petitioner.

9.      Identify each and every person known to you who witnessed the arrest, or was in the vicinity before, at the time of, or just after its occurrence.

10.    Please list all of your current employer(s). Include a list of any and all duties at each such employer.

11.    Please list all businesses, ventures, or similar roles engaged in by this Respondent in which

this Respondent may be deemed self-employed.

12. Are you presently or were you at some time in the past employed as Mayor of the City of Lanett? If so, please state:

    a.    the date you began working for said employer in that capacity;

    b.    your primary job responsibilities with said employer;

    c.    your supervisor at said employer, if any;

    d.    the number of hours you work for said employer per week;

    e.    your last day of work for said employer if you no longer work for the City of Lanett.

13. State whether you were present at the hearing and deliberations of the Petitioner on or about November 9, 2006.

14. Please state whether or not you were recused from the hearing and/or deliberations regarding Petitioner's termination hearing on or about November 9, 2006.

15. Please state what your role was in the Petitioner's termination.

16. Please list any all regulations, rules, and or otherwise that this Respondent relied upon in terminating the Petitioner.

17. To your knowledge, state whether the Petitioner's termination was in accordance with the City of Lanett's written rules and regulations.

18. Describe the City of Lanett's policy and/or position with respect to the type of conduct involved in the complaint that was the subject of Petitioner's termination.

19. To your knowledge, state whether any oral or written warnings were issued to the Petitioner concerning any matter relating to the reason(s) for the Petitioner's termination. If yes, state the date, person(s) present and circumstances pertaining to such warnings and attach hereto copies of any records reflecting these warnings.

20.     State whether you were present at the hearing and deliberations of the Petitioner on or about November 9, 2006.

21.     State your role in the *hearing* on or about November 9, 2006 that led to Petitioner's termination.

22.     State your role in the *deliberations* after the hearing on or about November 9, 2006 that led to Petitioner's termination.

23.     State the following information for each person who participated in the decision to terminate the Petitioner and indicate the role that each played in that decision:

   a.     name;

   b.     address;

   c.     date of entry into their position;

24.     State whether this Respondent or anyone to this Respondent's knowledge has any transcript, notations, recordings, or otherwise, be they written, auditory, visual, or otherwise of any hearings, conversations, discussions, both on and off the record, as between any person(s) or present parties, as well as groups, boards, panels, or otherwise that is of, about, or in any way related to the basis of Petitioner's Amended Petition. If so, state:

   a.     the name and present address of the person or entity who made or submitted such item(s);

   b.     the name and present address of each such person or entity who possesses such item(s).

   c.     the specific subject matter, substance, and/or content of the communication;

   d.     the nature of the communication, i.e., whether written, recorded, oral, signed or unsigned;

e.    the date of the communication.

25.    State whether this Respondent or anyone to this Respondent's knowledge made or submitted

any written statement or report of the occurrence made the basis of this lawsuit. If so, state

separately and severally for each statement or report:

a.    the name, employer, job title and present address of each person who made or

submitted a statement or report;

b.    the name, employer, job title and present address of each person to whom each

statement or report was submitted;

c.    the substance and content of each statement or report;

d.    the full name of the report, including form number, heading or subject, and any other

detail necessary to identify the same;

e.    the name and address of each person who has possession, custody and/or control of

the statement(s) or report(s); and

f.    the date of the report.

26.    State whether this Respondent or anyone to this Respondent's knowledge has secured,

obtained or has any knowledge of any statement or account made by any person, including

parties, written, recorded or oral, which pertain in any way to the occurrence made the basis

of this lawsuit. If so, state separately and severally:

a.    the name and address of the person from whom the statement or account was

obtained;

b.    the name and address of each person who was present at the time the statement or

account was communicated;

c.      the name and address of the person who has possession, custody and/or control of

any note, statement or other recording regarding the communication;

d.      the nature of the communication, i.e., whether written, recorded, oral, signed or

unsigned;

e.      he specific subject matter of the communication; and

f.      the date of the communication.

27.    State the name, address and employer of each person known by this Respondent to have

knowledge whatsoever of matters pertinent to the occurrence made the basis of this lawsuit

and state separately and severally the substance of all information or knowledge about the

occurrence known to each such person.

28.    State whether or not this Respondent has ever been cited, criticized, reprimanded, had any

correspondence with, public hearings on, or had any legal action taken against it by any

current or former employee of the City of Lanett.  If so, state, separately and severally, the

details of each action taken including:

a.      the date;

b.      governmental agency involved;

c.      nature of the action;

d.      reason for the action and disposition.

29.    Besides the present litigation, state the number of lawsuits, administrative actions, binding

or non-binding arbitrations, or other similar actions, if any, that were initiated by or against

this Respondent and are currently pending against this Respondent, including any and all

appeals. If any such action is pending, please state:

    a.    the filing date of each lawsuit or otherwise;

    b.    the court, administrative agency, or arbitration panel or court, or otherwise in which each lawsuit is pending;

    c.    the action or court number or similar designation of each such action;

    d.    the name, address and designation of each party involved;

    e.    a full and complete statement of the substance of all claims and allegations.

30.    Other than any and all pending litigation, please state the number of all lawsuits, administrative actions, binding or non-binding arbitrations, or other similar action that have been initiated, filed, settled both in or out of court, tried to a jury, a judge or other administrative officer or agency or any arbitration court or panel or other similar tribunal either by or against this Respondent within the past two years, if any. If so, please also state:

    a.    the filing date of each lawsuit or otherwise;

    b.    the court, administrative agency, or arbitration panel or court, or otherwise in which each lawsuit was filed or initiated;

    c.    the action or court number or similar designation of each such action;

    d.    the name, address and designation of each party involved;

    e.    a full and complete statement of the substance of all claims and allegations; and

    f.    the disposition of each such action.

31.    Do you contend or have any knowledge whatsoever that anyone other than the named Respondents in this cause had any connection with or relationship to the occurrence made

the basis of Amended Petition? If so, please state:

    a.    the name and address of each such person or entity, and the nature of their connection with or relationship to said occurrence; and

    b.    in detail the facts upon which you base this connection.

32.    Approximately how many times has this Respondent sat for grievance hearing(s) for City of Lanett employees? Please include:

    a.    each of the employee's names, addresses and positions at the time of such hearings;

    b.    the nature and circumstances of each such grievance;

    c.    the outcome or decision of each such grievance hearing;

33.    Identify all persons terminated by this Respondent for the same act or reason Petitioner was terminated during Petitioner's employment with the City of Lanett and for each such person provide their current name, address, and position at time of termination.

34.    Please state whether any of the persons you named in your answer(s) to questions 32 and 33 above were ever re-employed by the City of Lanett. If so, please state:

    a.    name and address of each such person;

    b.    time of re-employment;

    c.    your role in the re-hiring of said employee.

35.    Please describe your role in general in grievance hearings.

36.    Identify by name and address each person having any knowledge of any discoverable matters (see Ala. R. Civ. P. 26(e)(1)(A)) in this action.

37.    List each and every defense known to this Respondent at this time which this Respondent intends to assert.

38.    If you have raised affirmative defenses, state what facts upon which you rely in support of

each, and the names and addresses of witnesses having knowledge of those facts.

## **REQUEST FOR PRODUCTION**

1. Please produce any and all files you have referable to the Petitioner.

2. Please produce copies of any and all investigation reports, recorded statements, signed or unsigned written statements, photographs, and any and all reports, memoranda, correspondence, etc., regarding any and all investigations, inspections or other inquiries you may have with respect to the occurrence made the basis of this suit.

3. Please produce all correspondence, memoranda, reports or other writings between this party and any other party or non-party regarding the occurrence made the basis of the complaint.

4. Please produce copies of any and all written or formulated rules, regulations, brochures or other writings which this relied upon and in force and effect with regard to Petitioner's termination.

5. Please produce a copy of any audiotape, videotape, moving picture, memorandum, notes, logbook, or otherwise taken by this Respondent or anyone else in any hearing, appeal, interrogation, or otherwise that refer or pertain to the Petitioner.

**DILLARD & ASSOCIATES, L.L.C.**
**Attorneys for Petitioner**

Timothy L. Dillard (DIL003)
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, first class postage prepaid and properly addressed on this the _____ day of _____, 2007, to wit:

**RESPONDENT'S ADDRESS**

**T. Randall Lyons**
Attorney for all Respondents
Webster, Henry & Lyons, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830

IN THE CIRCUIT COURT IN AND FOR CHAMBERS COUNTY, ALABAMA



STEVEN WOOD, an individual,

    Petitioner.                 )

v.                                   Civil Action No.:CV 06-267

CITY OF LANETT, et al.        )

                                   )

    Respondents.            )

## PETITIONERS FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO RESPONDENT MIKE YARBROUGH

    **COMES NOW**, Petitioner Steven Wood, by and through undersigned counsel, and desiring

the testimony of the Respondent Mike Yarbrough, propounds the following interrogatories to be

answered separately and severally and requests for production to be provided in the manner and form

provided by law:

### DEFINITIONS

    As used herein, the words defined below shall be deemed to have the following meanings:

1.    "Documents" mean, without limitation, the originals and all non-identical copies of the

    following items, whether printed or recorded or reproduced by any mechanical process, or

    written or produced by hand, namely: correspondence, affidavits, communications,

    telegrams, memoranda, summaries of records of personal conversations or interviews,

    diaries, forecasts, statistical statements, graphs, reports, notebooks, minutes or records of

    meetings, minutes or records of conferences, expressions or statement of policy, lists or

    persons attending meetings or conferences, reports and/or summaries of interviews, reports

    and/ore summaries of investigations, records, reports or summaries of negotiations, drafts

of any documents, original or preliminary notes, marginal comments appearing on any documents and all other writings and data compilations including any written, printed, recorded, or graphic matter, photographic matter or sound reproductions, however produced or reproduced in the possession, custody or control of the Respondent, its agents, servants, or employees which are known by the Respondent to exist.

2.  "You" and "Your" means the Respondent and any of its agents, servants, employees, attorneys, or other persons acting or purporting to act in the Respondent's behalf.

3.  "Identify" or "Identity," when used in reference to an individual person, means to state his/her full name and present address, his/her present or last known position and business affiliation and his position and business affiliation at the time in question. The terms, when used in reference to documents, means to state their respective dates and authors, the type of documents (e.g., letters, memoranda, telegrams, affidavits, notes of conversations, etc.), or some other means of identifying them, and their present location and custodian. If a document was, but no longer is, in your control, state what disposition was made of it.

## INTERROGATORIES

1.  Please identify yourself by stating your name, address, date of birth, driver's license number, and social security number. Please state the name of the person or persons who assisted you in answering these interrogatories and the place where these interrogatories were answered.

2.  Identify each and every employer you have had for the past fifteen years. Please include dates of your employment, the type of work that you performed for each such employer and the reason you left your employment.

3.  Have you, including present litigation, other than this case, ever been sued or had a claim filed against you by any person(s), corporation(s), or other entities for any reason whatsoever.

If so, please:

    a.    identify each and every person(s), corporation(s), or other entities for each such claim or action;

    b.    the date of inception of each such action;

    c.    the court and civil action number in which each such action was pending;

    d.    a brief description of the allegations or nature of the claim as well as any and all causes of action against you in each such action;

    e.    the disposition of each such action, if any.

4.    Have you ever been convicted or arrested for a felony? If so, please state:

    a.    the date or dates of each such arrest and conviction;

    b.    the place of places of each such arrest and conviction;

    c.    the nature or charge of each such conviction;

    d.    the disposition of each such conviction.

5.    Please state how long you have known the Petitioner and where and when you first met the Petitioner.

6.    Please give a brief description, including all relevant times and locations, of what happened on the evening you were arrested by the Petitioner.

7.    Please state where, when and what you posted on any and all utility poles or otherwise that was the subject of your arrest by Petitioner.

8.    Had you consumed any alcoholic beverages within twenty-four hours prior to your arrest by the Petitioner, and if so, state what kind or kinds of alcoholic beverages you drank, how many you had, and when each of these beverages were consumed.

9.    Identify each and every person known to you who witnessed the arrest, or was in the vicinity

before, at the time of, or just after its occurrence.

10.    Please list all of your current employer(s). Include a list of any and all duties at each such

employer.

11.    Please list all businesses, ventures, or similar roles engaged in by this Respondent in which

this Respondent may be deemed self-employed.

12.    Are you presently or were you at some time in the past employed as a councilman/council

person with the Respondent City of Lanett? If so, please state:

a.    the date you began working for said employer;

b.    your primary job responsibilities with said employer;

c.    your supervisor at said employer, if any;

d.    the number of hours you work for said employer per week;

e.    your last day of work for said employer if you no longer work for the City of Lanett.

13.    Please state what your role was in the Petitioner's termination.

14.    Please list any all regulations, rules, and or otherwise that this Respondent relied upon in

terminating the Petitioner.

15.    To your knowledge, state whether the Petitioner's termination was in accordance with the

City of Lanett's written rules and regulations.

16.    In your experience, describe the City of Lanett's policy with respect to the type of conduct

involved in the complaint that was the subject of Petitioner's termination.

17.    To your knowledge, state whether any oral or written warnings were issued to the Petitioner

concerning any matter relating to the reason(s) for the Petitioner's termination. If yes, state

the date, person(s) present and circumstances pertaining to such warnings and attach hereto

copies of any records reflecting these warnings.

18.  State whether you were present at the hearing and deliberations of the Petitioner on or about November 9, 2006.

19.  State your role in the hearing on or about November 9, 2006 that led to Petitioner's termination.

20.  State your role in the deliberations after the hearing on or about November 9, 2006 that led to Petitioner's termination.

21.  State the following information for each person who participated in the decision to terminate the Petitioner and indicate the role that each played in that decision:

    a.  name;

    b.  address;

    c.  date of entry into their position;

22.  State whether this Respondent or anyone to this Respondent's knowledge has any transcript, notations, recordings, or otherwise, be they written, auditory, visual, or otherwise of any hearings, conversations, discussions, both on and off the record, as between any person(s) or present parties, as well as groups, boards, panels, or otherwise that is of, about, or in any way related to the basis of Petitioner's Amended Petition. If so, state:

    a.  the name and present address of the person or entity who made or submitted such item(s);

    b.  the name and present address of each such person or entity who possesses such item(s).

    c.  the specific subject matter, substance, and/or content of the communication;

    d.  the nature of the communication, i.e., whether written, recorded, oral, signed or unsigned;

      e.      the date of the communication.

23.     State whether this Respondent or anyone to this Respondent's knowledge made or submitted any written statement or report of the occurrence made the basis of this lawsuit. If so, state separately and severally for each statement or report:

      a.      the name, employer, job title and present address of each person who made or submitted a statement or report;

      b.      the name, employer, job title and present address of each person to whom each statement or report was submitted;

      c.      the substance and content of each statement or report;

      d.      the full name of the report, including form number, heading or subject, and any other detail necessary to identify the same;

      e.      the name and address of each person who has possession, custody and/or control of the statement(s) or report(s); and

      f.      the date of the report.

24.     State whether this Respondent or anyone to this Respondent's knowledge has secured, obtained or has any knowledge of any statement or account made by any person, including parties, written, recorded or oral, which pertain in any way to the occurrence made the basis of this lawsuit. If so, state separately and severally:

      a.      the name and address of the person from whom the statement or account was obtained;

      b.      the name and address of each person who was present at the time the statement or account was communicated;

      c.      the name and address of the person who has possession, custody and/or control of

any note, statement or other recording regarding the communication;

d.    the nature of the communication, i.e., whether written, recorded, oral, signed or unsigned;

e.    he specific subject matter of the communication; and

f.    the date of the communication.

25.    State the name, address and employer of each person known by this Respondent to have knowledge whatsoever of matters pertinent to the occurrence made the basis of this lawsuit and state separately and severally the substance of all information or knowledge about the occurrence known to each such person.

26.    State whether or not this Respondent has ever been cited, criticized, reprimanded, had any correspondence with, public hearings on, or had any legal action taken against it by any current or former employee of the City of Lanett.  If so, state, separately and severally, the details of each action taken including:

a.    the date;

b.    governmental agency involved;

c.    nature of the action;

d.    reason for the action and disposition.

27.    Besides the present litigation, state the number of lawsuits, administrative actions, binding or non-binding arbitrations, or other similar actions, if any, that were initiated by or against this Respondent and are currently pending against this Respondent, including any and all appeals. If any such action is pending, please state:

a.    the filing date of each lawsuit or otherwise;

b.  the court, administrative agency, or arbitration panel or court, or otherwise in which each lawsuit is pending;

c.  the action or court number or similar designation of each such action;

d.  the name, address and designation of each party involved;

e.  a full and complete statement of the substance of all claims and allegations.

28.  Other than any and all pending litigation, please state the number of all lawsuits, administrative actions, binding or non-binding arbitrations, or other similar action that have been initiated, filed, settled both in or out of court, tried to a jury, a judge or other administrative officer or agency or any arbitration court or panel or other similar tribunal either by or against this Respondent within the past two years, if any. If so, please also state:

a.  the filing date of each lawsuit or otherwise;

b.  the court, administrative agency, or arbitration panel or court, or otherwise in which each lawsuit was filed or initiated;

c.  the action or court number or similar designation of each such action;

d.  the name, address and designation of each party involved;

e.  a full and complete statement of the substance of all claims and allegations; and

f.  the disposition of each such action.

29.  Do you contend or have any knowledge whatsoever that anyone other than the named Respondents in this cause had any connection with or relationship to the occurrence made the basis of Amended Petition? If so, please state:

a.  the name and address of each such person or entity, and the nature of their connection

with or relationship to said occurrence; and

    b.    in detail the facts upon which you base this connection.

30.    Approximately how many times has this Respondent sat for grievance hearing(s) for City of Lanett employees? Please include:

    a.    each of the employee's names, addresses and positions at the time of such hearings;

    b.    the nature and circumstances of each such grievance;

    c.    the outcome or decision of each such grievance hearing;

31.    Identify all persons terminated by this Respondent for the same act or reason Petitioner was terminated during Petitioner's employment with the City of Lanett and for each such person provide their current name, address, and position at time of termination.

32.    Please state whether any of the persons you named in your answer(s) to questions 30 and 31 above were ever re-employed by the City of Lanett. If so, please state:

    a.    name and address of each such person;

    b.    time of re-employment;

    c.    your role in the re-hiring of said employee.

33.    Please describe your role in general in grievance hearings

34.    Identify by name and address each person having any knowledge of any discoverable matters (see Ala. R. Civ. P. 26(e)(1)(A)) in this action.

35.    List each and every defense known to this Respondent at this time which this Respondent intends to assert.

36.    If you have raised affirmative defenses, state what facts upon which you rely in support of each, and the names and addresses of witnesses having knowledge of those facts.

## REQUEST FOR PRODUCTION

1. Please produce any and all files you have referable to the Petitioner.

2. Please produce copies of any and all investigation reports, recorded statements, signed or unsigned written statements, photographs, and any and all reports, memoranda, correspondence, etc., regarding any and all investigations, inspections or other inquiries you may have with respect to the occurrence made the basis of this suit.

3. Please produce all correspondence, memoranda, reports or other writings between this party and any other party or non-party regarding the occurrence made the basis of the complaint.

4. Please produce copies of any and all written or formulated rules, regulations, brochures or other writings which this relied upon and in force and effect with regard to Petitioner's termination.

5. Please produce a copy of any audiotape, videotape, moving picture, memorandum, notes, logbook, or otherwise taken by this Respondent or anyone else in any hearing, appeal, interrogation, or otherwise that refer or pertain to the Petitioner.

**DILLARD & ASSOCIATES, L.L.C.**
**Attorneys for Petitioner**

Timothy L. Dillard (DIL003)
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, first class postage prepaid and properly addressed on this the _20_ day of _November_, 2007, to wit:

### RESPONDENT'S ADDRESS

**T. Randall Lyons**
Attorney for all Respondents
Webster, Henry & Lyons, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830

**IN THE CIRCUIT COURT IN AND FOR CHAMBERS COUNTY, ALABAMA**



STEVEN WOOD, an individual,                    )
                                               )
    Petitioner.                            )
                                               )
v.                                             )          Civil Action No.:CV 06-267
                                               )
CITY OF LANETT, et al.                         )
                                               )
    Respondents.                           )

## PETITIONERS FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO RESPONDENT CITY OF LANETT

**COMES NOW**, Petitioner Steven Wood, by and through undersigned counsel, and desiring

the testimony of the Respondent City of Lanett, propounds the following interrogatories to be

answered separately and severally and requests for production to be provided in the manner and form

provided by law:

## DEFINITIONS

As used herein, the words defined below shall be deemed to have the following meanings:

1.    "Documents" mean, without limitation, the originals and all non-identical copies of the

following items, whether printed or recorded or reproduced by any mechanical process, or

written or produced by hand, namely: correspondence, affidavits, communications,

telegrams, memoranda, summaries of records of personal conversations or interviews,

diaries, forecasts, statistical statements, graphs, reports, notebooks, minutes or records of

meetings, minutes or records of conferences, expressions or statement of policy, lists or

persons attending meetings or conferences, reports and/or summaries of interviews, reports

and/ore summaries of investigations, records, reports or summaries of negotiations, drafts

of any documents, original or preliminary notes, marginal comments appearing on any documents and all other writings and data compilations including any written, printed, recorded, or graphic matter, photographic matter or sound reproductions, however produced or reproduced in the possession, custody or control of the Respondent, its agents, servants, or employees which are known by the Respondent to exist.

2.    "You" and "Your" means the Respondent and any of its agents, servants, employees, attorneys, or other persons acting or purporting to act in the Respondent's behalf.

3.    "Identify" or "Identity," when used in reference to an individual person, means to state his/her full name and present address, his/her present or last known position and business affiliation and his position and business affiliation at the time in question. The terms, when used in reference to documents, means to state their respective dates and authors, the type of documents (e.g., letters, memoranda, telegrams, affidavits, notes of conversations, etc.), or some other means of identifying them, and their present location and custodian. If a document was, but no longer is, in your control, state what disposition was made of it.

## INTERROGATORIES

1.    State the name, address, title and duty of the person or persons who answered and assisted in answering these interrogatories and the place where these interrogatories were answered.

2.    On what date did the Petitioner enter the employ of the Respondent City of Lanett?

3.    State the date, place, time, reason and other factors for Petitioner's termination.

4.    State whether the complainant's termination was in accordance with the respondent's written rules and regulations.

5.    If no written rules and regulations exist, describe the Respondent's policy with respect to the type of conduct involved in the complaint that was the subject of Petitioner's termination.

6.    State whether any oral or written warnings were issued to the Petitioner concerning any

matter relating to the reason(s) for the Petitioner's termination.  If yes, state the date,

person(s) present and circumstances pertaining to such warnings and attach hereto copies of

any records reflecting these warnings.

7.    State the following information for each person who participated in the decision to terminate

the Petitioner and indicate the role that each played in that decision:

a.    name;

b.    address;

c.    date of entry into present position;

d.    current role in the employ of City of Lanett.

8.    If Respondent admits that Petitioner was employed by Respondent, but denies that he was

acting in the scope or in the course of employment at or about the time of the arrest of

Respondent Yarbrough as stated in Petitioner's amended petition, state:

a.    the time he was required to begin work on that day;

b.    the time he would normally have completed his work for that day;

c.    the exact duties he was instructed to perform on that date;

d.    the name and address of his immediate superior on that date;

e.    any facts on which Respondent relies in making such denial.

9.    Did Respondent provide any course of training for Petitioner prior to the time the

relationship alleged to exist was created? If so, please state:

a.    the type of training provided;

b.    how often training was provided;

c.    the place where the training took place;

d.     the date each training course was completed.

10.     Did Petitioner ever receive any promotions or raises of any kind during his employment with the City of Lanett? If so, please state:

a.     the specific type of promotion and the amount of raise;

b.     the date or receiving such promotion or raise.

11.     State whether this Respondent or anyone to this Respondent's knowledge has any transcript, notations, recordings, or otherwise, be they written, auditory, visual, or otherwise of any hearings, conversations, discussions, both on and off the record, as between any person(s) or present parties, as well as groups, boards, panels, or otherwise that is of, about, or in any way related to the basis of Petitioner's Amended Petition. If so, state:

a.     the name and present address of the person or entity who made or submitted such item(s);

b.     the name and present address of each such person or entity who possesses such item(s).

c.     the specific subject matter, substance, and/or content of the communication;

d.     the nature of the communication, i.e., whether written, recorded, oral, signed or unsigned;

e.     the date of the communication.

12.     State whether this Respondent or anyone to this Respondent's knowledge made or submitted any written statement or report of the occurrence made the basis of this lawsuit. If so, state separately and severally for each statement or report:

a.     the name, employer, job title and present address of each person who made or submitted a statement or report;

    b.      the name, employer, job title and present address of each person to whom each statement or report was submitted;

    c.      the substance and content of each statement or report;

    d.      the full name of the report, including form number, heading or subject, and any other detail necessary to identify the same;

    e.      the name and address of each person who has possession, custody and/or control of the statement(s) or report(s); and

    f.      the date of the report.

13.    State whether this Respondent or anyone to this Respondent's knowledge has secured, obtained or has any knowledge of any statement or account made by any person, including parties, written, recorded or oral, which pertain in any way to the occurrence made the basis of this lawsuit. If so, state separately and severally:

    a.      the name and address of the person from whom the statement or account was obtained;

    b.      the name and address of each person who was present at the time the statement or account was communicated;

    c.      the name and address of the person who has possession, custody and/or control of any note, statement or other recording regarding the communication;

    d.      the nature of the communication, i.e., whether written, recorded, oral, signed or unsigned;

    e.      he specific subject matter of the communication; and

     f.      the date of the communication.

14.     Was an investigation or report made by or for this Respondent that was of or pertaining to the occurrence made the basis of this lawsuit? If so, as to each such investigation or report, state:

     a.      the nature of the investigation or report;

     b.      the date of investigation or report;

     c.      the name, job title and business and residence addresses of the person or persons who made such investigation or report; and

     d.      the name, job title and business and residence addresses of each person now having possession, custody or control of any documents reflecting the results of the investigation or report.

15.     State the name, address and employer of each person known by this Respondent to have knowledge whatsoever of matters pertinent to the occurrence made the basis of this lawsuit and state separately and severally the substance of all information or knowledge about the occurrence known to each such person.

16.     State what the Petitioner's average weekly wage and monthly wage was, as of the date of dismissal stated in the Amended Petition, and state:

     a.      who calculated Petitioner's wage;

     b.      how Petitioner's wage was calculated; and

     c.      what benefits were included in this calculation.

17.     State whether or not this Respondent has ever been cited, criticized, reprimanded, had any

correspondence with, public hearings on, or had any legal action taken against it by any current or former employee of the City of Lanett under circumstances similar to the subject of this action in Petitioner's Amended Petition. If so, state, separately and severally, the details of each action taken including

    a.    the date;

    b.    governmental agency involved;

    c.    nature of the action;

    d.    reason for the action and disposition.

18.    Besides the present litigation, state the number of lawsuits, administrative actions, binding or non-binding arbitrations, or other similar actions, if any, currently pending against this Respondent, including any and all appeals. If any such action is pending, please state:

    a.    the filing date of each lawsuit or otherwise;

    b.    the court, administrative agency, or arbitration panel or court, or otherwise in which each lawsuit is pending;

    c.    the action or court number or similar designation of each such action;

    d.    the name, address and designation of each party involved;

    e.    a full and complete statement of the substance of all claims and allegations.

19.    Other than any and all pending litigation, please state the number of all lawsuits, administrative actions, binding or non-binding arbitrations, or other similar action that have been initiated, filed, settled both in or out of court, tried to a jury, a judge or other administrative officer or agency or any arbitration court or panel or other similar tribunal within the past two years, if any. If so please also state:

a. the filing date of each lawsuit or otherwise;

b. the court, administrative agency, or arbitration panel or court, or otherwise in which each lawsuit was filed or initiated;

c. the action or court number or similar designation of each such action;

d. the name, address and designation of each party involved;

e. a full and complete statement of the substance of all claims and allegations; and

f. the disposition of each such action.

19. Do you contend or have any knowledge whatsoever that anyone other than the named Respondents in this cause had any connection with or relationship to the occurrence made the basis of Amended Petition? If so, please state:

a. the name and address of each such person or entity, and the nature of their connection with or relationship to said occurrence; and

b. in detail the facts upon which you base this connection.

20. Identify all persons terminated by this Respondent for the same act or reason Petitioner was terminated within the last twenty (20) years and for each such person provide their current name, address, and position at time of termination.

21. State whether any of the above persons were ever re-employed. If so, please state:

a. name and address of each such person

b. time of re-employment

22. Identify by name and address each such person having knowledge of discoverable matters (see Ala. R. Civ. P. 26(e)(1)(A)) relevant to this litigation.

23.    List each and every defense known to this Respondent at this time which this Respondent intends to assert.

24.    If you have raised affirmative defenses, state what facts upon which you rely in support of each, and the names and addresses of witnesses having knowledge of those facts.

## REQUEST FOR PRODUCTION

1.    Please produce the entire and complete personal, personnel, or service file/record of Petitioner during his entire period of employment by Respondent.

2.    Please produce copies of any and all payroll records referable to the Petitioner, especially those for the 52 weeks preceding the Petitioner's termination.

3.    Please produce copies of any and all investigation reports, recorded statements, signed or unsigned written statements, photographs, and any and all reports, memoranda, correspondence, etc., regarding any and all investigations, inspections or other inquiries by this party with respect to the occurrence made the basis of this suit.

4.    Please produce all correspondence, memoranda, reports or other writings between this party and any other party or non-party regarding the occurrence made the basis of the complaint.

5.    Please produce copies of any and all written or formulated rules, regulations, brochures or other writings which this party had in force and effect with regard to the work being performed by Petitioner at the time of the occurrence made the basis of this suit.

6.    Please produce copies of all correspondence, memos or other writings of any description or type between this party and anyone else concerning this occurrence.

7.    Please produce a copy of any audiotape, videotape, moving picture, memorandum, notes, logbook, or otherwise taken by or on behalf of Respondent of the Petitioner in any hearing, appeal, interrogation, or otherwise.

8.    Please produce a copy of the subject rules and regulations relied upon in answering question

number four (4) above of Petitioner's interrogatories.


**DILLARD & ASSOCIATES, L.L.C.**
**Attorneys for Petitioner**


Timothy L. Dillard (DIL003)
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823


## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, first class postage prepaid and properly addressed on this the 20 day of November, 2007, to wit:

**RESPONDENT'S ADDRESS**

**T. Randall Lyons**
Attorney for all Respondents
Webster, Henry & Lyons, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830

IN THE CIRCUIT COURT IN AND FOR CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| STEVEN WOOD, an individual, | ) | |
| | ) | |
|    Plaintiff. | ) | |
| | ) | |
| v. | ) | Civil Action No.:CV 06-267 |
| | ) | |
| CITY OF LANETT, a municipality; | ) | |
| MIKE YARBROUGH, in both his individual | ) | |
| and official capacities; OSCAR CRAWLEY, in | ) | |
| both his individual and official capacities; | ) | |
| Defendants 2, 3, and 4, those persons or | ) | |
| institutions responsible for making the | ) | |
| employment decisions regarding the Plaintiff | ) | |
| made the basis of the Complaint; Defendants 5, | ) | |
| 6, and 7,those persons or institutions | ) | |
| responsible for defaming the Plaintiff; | ) | |
| Defendants 8, 9, and 10, those persons or | ) | |
| institutions responsible for breaching the | ) | |
| contract made the basis of this Complaint; | ) | |
| Defendants 11, 12, and 13, those persons or | ) | |
| institutions responsible for interfering with | ) | |
| Plaintiff's contractual and employment rights, | ) | |
| all of whose true names and legal identities are | ) | |
| unknown to the Plaintiff at this time but will be | ) | |
| added by amendment when ascertained, | ) | |
| | ) | |
|    Defendants. | ) | |

FILED IN OFFICE THIS

NOV 9 2007

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## AMENDED PETITION

    **COMES NOW**, Plaintiff STEVEN WOOD, by and through undersigned counsel, hereby

files this Amended Petition against Defendants CITY OF LANETT, a municipality; MIKE

YARBROUGH, in both his official capacity as a Lanett City Council member and his individual

capacity; and OSCAR CRAWLEY, in both his official capacity as Mayor of the City of Lanett and

his individual capacity, (all the aforementioned defendants are hereinafter sometimes collectively

referred to as "Defendants") and further alleges as follows:

## JURISDICTION

1.  Plaintiff realleges and re-incorporates paragraphs one (1) through sixteen (16) of his initial petition and further avers that:

2.  This is an action in excess of $10,000.00 exclusive of all interest, attorney fees, and costs.

3.  Plaintiff STEVEN WOOD (hereinafter "WOOD") is a resident of Randolph County and is over the age of nineteen (19).

4.  Defendant CITY OF LANETT is a municipality located in Lanett, Chambers County, Alabama.

5.  Defendant MIKE YARBROUGH (hereinafter "YARBROUGH") is an individual and a Lanett City Council member residing in Lanett, Chambers County, Alabama.

6.  Defendant OSCAR CRAWLEY (hereinafter "CRAWLEY") is an individual and Mayor of the City of Lanett residing in Lanett, Chambers County, Alabama.

7.  Venue is proper because the cause of action accrued and all defendants reside in Chambers County, Alabama.

## FACTUAL BACKGROUND

8.  Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through seven (7) of the Amended Petition herein and further avers that:

9.  At all times material hereto Plaintiff WOOD was a police officer employed through Defendant CITY OF LANETT by and through the City of Lanett Police Department.

10. On or about September 30, 2006, Plaintiff WOOD, while on duty and acting in accordance with the methods taught in his law enforcement training with the City of Lanett Police Department, arrested Defendant/Lanett City Council Member YARBROUGH at his home in Lanett, Chambers County, Alabama.

11.    Defendant YARBROUGH was arrested for violation of City Ordinance 3-3, Posting Advertising Matter on Utility Poles.

12.    Prior to the arrest, Plaintiff WOOD, in compliance with the Fourth Amendment to the United States Constitution and police procedure as he was taught, obtained a judicial determination of probable cause regarding Defendant YARBROUGH whereby a valid arrest warrant was then issued for Defendant YARBROUGH.

13.    Following the arrest, on or about October 2, 2006, Defendant YARBROUGH filed a complaint against Plaintiff WOOD allegedly for the "way the arrest was handled."

14.    On or about October 13, 2006, Plaintiff WOOD was given a document titled "Notification of Disciplinary Hearing" which was scheduled for October 24, 2006. Plaintiff WOOD was to appear in front of Defendant CITY OF LANETT'S City Manager Joel Holley, in which the proposed disciplinary action was termination of employment.

15.    Plaintiff WOOD was allegedly being terminated because of his lawful arrest of Defendant YARBROUGH. More specifically, the Notification listed three reasons for the proposed action:

(1)    Violation of Group 2 Section 20 of the City of Lanett Personnel Handbook. "Abusive Personal Conduct or language toward the public or fellow employees, or abusive public criticism of a superior or other city official;"
(2)    Violation of Rules and Regulations of the Police Department 1.100 Primary Objectives.
(3)    Violations of Rules and Regulations of the Police Department 1.230 Conduct Unbecoming an Officer.

16.    Defendant CITY OF LANETT had, at some time in the past, promulgated the City of Lanett Employee Personnel Handbook, which was to govern the disciplinary procedures of its city employees.

17.    The Employee Personnel Handbook gave Plaintiff WOOD property rights in continued

employment under the Due Process Clause of the Fourteenth Amendment with Defendant CITY OF LANETT.

18.    Upon receipt of the Notification of Disciplinary Hearing, Plaintiff WOOD was placed on "Administrative Leave with Pay" pending the outcome of the Disciplinary Hearing to be held on October 24, 2006.

19.    The Employee Personnel Handbook of the City of Lanett does not enumerate "Administrative Leave with Pay" as a type of discipline to be implemented against City of Lanett employees.

20.    Furthermore, the description of Defendant CITY OF LANETT'S "Administrative Leave Policy" under Section IX(C)(4) of the Employee Personnel Handbook does not even include the incident made the basis of this Complaint as an appropriate situation for placing the Plaintiffs on such leave.

21.    On or about October 31, 2006, Plaintiff WOOD received the Decision Upon Disciplinary Hearing signed by City Manager Joel Holley stating, *inter alia*, that the recommendation of termination would be upheld.

22.    Plaintiff WOOD immediately appealed the decision to the Lanett City Council, as was his right, and on or about November 9, 2006, an appeal was heard.

23.    Plaintiff WOOD was represented by counsel at said appeal.

24.    Prior to the hearing on appeal, Plaintiff WOOD requested that Defendant/Council Member YARBROUGH recuse himself from deliberations and any decision in Plaintiff WOOD'S appeal as a result of his bias, prejudice, and conflicts of interest that existed in the case.

25.    Specifically, Defendant YARBROUGH'S arrest was the subject of Plaintiff WOOD'S termination and Defendant YARBROUGH initiated the complaint against Plaintiff WOOD.

CRAWLEY thereby affirmed the termination of Plaintiff WOOD.

36.    Defendant YARBROUGH and Defendant CRAWLEY'S participation in the decision and

deliberation was a conflict of interest as set out in the Employee Personnel Handbook.

37.    The discharge of Plaintiff WOOD by all present Defendants was in violation of Plaintiff

WOOD'S right to Due Process as guaranteed by the Fourteenth Amendment of the United

States Constitution and was thus arbitrary, capricious, malicious, willful, retaliatory,

oppressive, in bad faith, and for trivial, personal, and improper reasons.

## COUNT ONE - VIOLATION OF 42 U.S.C. § 1983 - SUBSTANTIVE DUE PROCESS

38.    Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through thirty-seven (37)

of the Amended Petition herein and further avers that:

39.    Plaintiff WOOD was a merit employee of the Defendant CITY OF LANETT and could be

dismissed only for cause as enumerated in Defendant CITY OF LANETT'S Employee

Personnel Handbook. Plaintiff WOOD therefore had a valid property interest in his

employment.

40.    Plaintiff WOOD was deprived of his valid property interest and his due process rights were

violated  by all named Defendants herein when Defendant YARBROUGH and Defendant

CRAWLEY participated in the deliberations and decision on Plaintiff WOOD'S appeal.

41.    As such, and as a direct and proximate consequence of all present Defendant's violations of

the Plaintiff WOOD'S substantive due process rights, Plaintiff WOOD has suffered the

following injuries and damages:

> **Plaintiff has been forced to endure financial hardship due to his
> termination. Defendant's conduct caused Plaintiff to suffer
> irreparable harm, which will continue unless enjoined by this
> court. Plaintiffs has no remedy at law to redress the deprivation
> of his rights.  Defendants caused Plaintiff to be unlawfully**

26.    Defendant/Council Member YARBROUGH agreed to recuse himself from deliberation.

27.    Prior to the hearing on appeal, Plaintiff WOOD requested that Defendant/Mayor CRAWLEY

recuse himself from deliberations and any decision in Plaintiff WOOD'S appeal as a result

of his bias, prejudice, and conflicts of interest that existed in the case

28.    Specifically, Defendant CRAWLEY was personally involved in the investigation of Plaintiff

WOOD'S case, and he had made biased statements against Plaintiff WOOD.

29.    Defendant/Mayor CRAWLEY, despite the repeated requests by Plaintiff WOOD, refused to

recuse himself from the deliberations on appeal.

30.    However, and to the dismay of Plaintiff WOOD, *both Defendant YARBROUGH and*

*Defendant CRAWLEY participated in the deliberations and ultimate decision to uphold*

*City Manager Joel Holley's termination of Plaintiff WOOD.*

31.    Thus, Defendant YARBROUGH, whose arrest was the reason for Plaintiff WOOD'S

termination, and who initiated the complaint against Plaintiff WOOD was allowed to

participate in the deliberations and decision that resulted in his termination.

32.    As well, Defendant CRAWLEY, who had personal involvement in the investigation of the

case, and had made biased statement about Plaintiff WOOD prior to the appeal was allowed

to participate in the deliberations and decision that resulted in his termination.

33.    The issues thus decided on Plaintiff WOOD'S appeal were the result of the bias and unfair

prejudice of both Defendant YARBROUGH and Defendant CRAWLEY's exertion of

pressure on the remaining of Lanett City Council's members.

34.    Defendant CRAWLEY even stated in deliberations that he "wanted [Plaintiff] WOOD fired

because [Plaintiff WOOD] was going to sue them anyway."

35.    The Lanett City Council with participation from Defendant YARBROUGH and Defendant

**WHEREFORE,** Plaintiff WOOD prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT THREE - VIOLATION OF 42 U.S.C. § 1983 - FIRST AMENDMENT RETALIATION

46.    Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through forty-five (45) of the Amended Petition herein and further avers that:

47.    Plaintiff WOOD was a merit employee of the Defendant CITY OF LANETT and could be dismissed only for cause as enumerated in Defendant CITY OF LANETT'S Employee Personnel Handbook. Plaintiff WOOD therefore had a valid property interest in his employment.

48.    Plaintiff WOOD's arrest of Defendant YARBROUGH was an activity to which he had been trained by the City of Lanett Police Department and he so engaged in that activity.  Said conduct was protected under the First Amendment.

49.    Defendants, all inclusive, retaliated against him for his exercise of that right and was fired because his otherwise valid arrest of Defendant/City Council Member YARBROUGH.

50.    As such, and as a direct and proximate consequence of all present Defendant's violations of Plaintiff WOOD'S First Amendment rights, Plaintiff WOOD was injured as set out in paragraph forty-one (41) above.

**WHEREFORE,** Plaintiff WOOD prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and

**deprived of wages and other benefits of his employment relations, career, and other employment related opportunities, and occupational liberty in his job. Defendant's conduct further caused Plaintiff to suffer substantial personal injuries, including, but not limited to anxiety, trauma, stress, emotional distress, embarrassment, loss of future employment prospects, and has permanently and adversely affected Plaintiff's life and career.**

**WHEREFORE,** Plaintiff WOOD prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT TWO - VIOLATION OF 42 U.S.C. § 1983 - PROCEDURAL DUE PROCESS

42.     Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through forty-one (41) of the Amended Petition herein and further avers that:

43.     Plaintiff WOOD was a merit employee of the Defendant CITY OF LANETT and could be dismissed only for cause as enumerated in Defendant CITY OF LANETT'S Employee Personnel Handbook. Plaintiff WOOD therefore had a valid property interest in his employment.

44.     Plaintiff WOOD was deprived of his right to a fair hearing as required under the Procedural Due Process Clause of the 14th Amendment by all named Defendants herein when Defendant YARBROUGH and Defendant CRAWLEY participated in the deliberations and decision on Plaintiff WOOD'S appeal.

45.     As such, and as a direct and proximate consequence of all present Defendant's violations of the Plaintiff WOOD'S procedural due process rights, Plaintiff WOOD was injured as set out in paragraph forty-one (41) above.

and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT FIVE - WRONGFUL TERMINATION

55.    Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through fifty-four (54) of the Amended Petition herein and further avers that:

56.    The *neglectful, careless, and unskillful* conduct of all present Defendants in terminating Plaintiff's employment without an adequate appellate hearing pursuant to the City of Lanett Employee Personnel Handbook as well as state and federal law contravened the established public policy of Alabama; therefore, Defendants have violated the Alabama doctrine of wrongful termination.

57.    As a direct and proximate result of the wrongful termination, the Plaintiff was injured as set out in paragraph forty-one (41) above.

**WHEREFORE**, Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT SIX - INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

58.    Plaintiff realleges and re-incorporates paragraphs one (1) through fifty-seven (57) of the Amended Petition herein and further avers that:

59.    As aforementioned, Plaintiff WOOD had a valid property right in continued employment with Defendant CITY OF LANETT and could be dismissed only for cause.

probability of causing Plaintiff emotional distress. These acts did in fact result in severe and extreme emotional distress to the Plaintiffs.

66. Defendants, all inclusive, knew or should have known that their conduct would cause Plaintiff severe emotional distress and mental suffering.

67. As a direct and proximate result of the extreme and outrageous conduct of Defendants alleged in this complaint, Plaintiff has suffered and continues to suffer severe emotional distress and mental suffering, anxiety, trauma, stress, embarrassment, and humiliation.

**WHEREFORE,** Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT EIGHT

68. Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through sixty-seven (67) of the Amended Petition herein and further avers that:

69. Defendants 2, 3, and 4 are those persons or institutions responsible for making the employment decisions regarding the Plaintiff made the basis of the Complaint.

70. As a direct and proximate result of these decisions, Plaintiff WOOD was injured as set out in paragraph forty-one (41) above.

**WHEREFORE,** Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court

benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further

retaliatory acts and other violations of law against Plaintiff; and award such other and further relief

as this court deems just and proper.

## COUNT FOUR - BREACH OF IMPLIED CONTRACT

51.  Plaintiff WOOD realleges and re-incorporates paragraphs one (1) through fifty (50) of the

Amended Petition herein and further avers that:

52.  Defendant CITY OF LANETT has adopted the City of Lanett Employee Personnel

Handbook which was in effect at all times material hereto, and which gave Plaintiff WOOD

certain procedural rights, and which further resulted in an implied contract as between

Defendant CITY OF LANETT and Plaintiff WOOD.

53.  Defendant CITY OF LANETT breached said contract when it failed to follow the procedures

outlined in its own City of Lanett Employee Personnel Handbook, to wit: failing to follow

due process procedures established by federal law, state law, and the City of Lanett

Employee Personnel Handbook itself.

54.  As such, and as a direct and proximate result of the Defendant's actions, Plaintiff WOOD

has been injured as follows:

> **The Plaintiff has lost the benefit of his bargain; The Plaintiff has
> been defrauded and lied to; Plaintiff has incurred additional
> unnecessary expenses as a result of Defendants' wrongful
> conduct; The Plaintiff has suffered extreme financial distress,
> emotional distress and mental anguish; Plaintiff has lost the value
> of his employment.**

**WHEREFORE,** Plaintiff prays that this court afford the following relief: grant the Plaintiff

a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits;

award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts

60.    Defendant CITY OF LANETT, Defendant YARBROUGH, and Defendant CRAWLEY affirmatively, intentionally, knowingly, maliciously, unjustifiably, and unlawfully interfered with the contractual relationship and employment rights between Plaintiff WOOD and Defendant CITY OF LANETT.

61.    As a direct and proximate result of Defendant YARBROUGH and Defendant CRAWLEY'S, interference with Plaintiff's contractual relationship with Defendant CITY OF LANETT, the Plaintiff was injured as set out in paragraph forty-one (41) above.

WHEREFORE, Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT SEVEN - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62.    Plaintiff realleges and re-incorporates paragraphs one (1) through sixty-one (61) of the Amended Petition herein and further avers that:

63.    The Defendants, all inclusive, had a duty to Plaintiff WOOD to act appropriately with respect to Plaintiff WOOD'S employment with Defendants, to honor their representations and promises, and to exercise due care with respect Plaintiff's employment.

64.    The Defendants, all inclusive, breached that duty by terminating Plaintiff for reasons not enumerated in the "Employee Personnel Handbook."

65.    The acts of Defendants, all inclusive, described in this Complaint were done willfully, maliciously, outrageously, deliberately, and intentionally with the intention to inflict emotional distress upon Plaintiff.  Such acts were done in reckless disregard of the

deems just and proper.

## COUNT NINE - DEFAMATION

71.    Plaintiff realleges and re-incorporates paragraphs one (1) through seventy (70) of the Amended Petition herein and further avers that:

72.    Defendants 5, 6, and 7 are those persons or institutions responsible for defaming the Plaintiff.

73.    As a direct and proximate result of the defamation, the Plaintiff was injured as set out in paragraph forty-one (41) above.

   **WHEREFORE**, Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT TEN - BREACH OF CONTRACT

74.    Plaintiff realleges and incorporates paragraphs one (1) through seventy-three (73) of the Amended Petition herein and further avers that:

75.    Defendants 8, 9, and 10 are those persons or institutions responsible for breaching the contract made the basis of the Complaint.

76.    When the Plaintiff was hired by the Defendants, Plaintiff was classified as an "Exempt Service Employee," whereby the Plaintiff and the Defendants entered into a contractual agreement wherein the Defendants agreed to provide the Plaintiff with employment that Plaintiff would be entitled to unless certain situations arose and/or Plaintiff's conduct was within certain terminable categories.

77.    The agreement entered into as previously described herein was a legal contract between the

parties. The Defendants, all inclusive, have breached said contract by taking actions to alter its nature that were neither bargained for or agreed to by the Plaintiff. The Defendants, all inclusive, breached that duty by terminating Plaintiff for reasons not enumerated in the "Employee Personnel Handbook."

78.     As a direct and proximate result of the Defendant's, all inclusive, actions to the Plaintiff, he has been injured as follows:

> **The Plaintiff has lost the benefit of his bargain; The Plaintiff has been defrauded and lied to; Plaintiff has incurred additional unnecessary expenses as a result of Defendants' wrongful conduct; The Plaintiff has suffered extreme financial distress, emotional distress and mental anguish; Plaintiff has lost the value of his employment.**

**WHEREFORE,** Plaintiff prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

## COUNT ELEVEN - INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

79.     Plaintiff WOOD realleges and incorporates paragraphs one (1) through seventy-eight (78) of the Amended Petition herein and further avers that:

80.     Defendants 11, 12, and 13 are those persons or institutions responsible for interfering with Plaintiff WOOD'S contractual and employment rights with Defendant CITY OF LANETT.

81.     As a direct and proximate result of these decisions, Plaintiff WOOD was injured as set out in paragraph forty-one (41) above.

**WHEREFORE,** Plaintiff prays that this court afford the following relief: grant the Plaintiff

a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

**DILLARD & ASSOCIATES, L.L.C.**
**Attorneys for the Plaintiff**

Timothy L. Dillard (DIL 003)
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823

**Trial Counsel**:
Timothy L. Dillard (DIL 003)
Stewart S. Wilbanks (WIL 312)

### ** PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

OF COUNSEL

**DEFENDANT'S ADDRESS:**

**Mike Yarbrough**                                          **(Please serve by certified mail)**
1012 South 13th Avenue
Lanett, AL 36863

**Oscar Crawley**                                          **(Please serve by certified mail)**
City Hall - Mayor's Office
401 N. Lanier Ave.
Lanett, AL 36863

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8 day of <u>November</u>, 2007, I have served a copy of the above and foregoing Motion to Amend Petition on all parties of record by United States Mail, first class, postage prepaid and properly addressed.

## DEFENDANT'S ADDRESS:

**T. Randall Lyons**                                                 **(Please serve by certified mail)**
Attorney for Defendant City of Lanett
Webster, Henry & Lyons, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

STEVEN WOOD, an individual, )

  Petitioner, )

v. )      Civil Action No.: CV-06-267

CITY OF LANETT, a municipality, )

  Respondent. )



FILED IN OFFICE THIS

JAN 1 9 2007

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

### ANSWER OF CITY OF LANETT

COMES NOW the Respondent, City of Lanett, by and through its attorney of record, and responds to the Petitioner's Petition for Review as follows:

1.  Based upon information and belief, admitted.

2.  Denied.

3.  It is admitted that Yarbrough filed a complaint against Petitioner.

4.  It is admitted that Petitioner was given notification of a disciplinary hearing and the proposed disciplinary action was termination of employment.

5.  It is admitted that the Petitioner was placed on administrative leave with pay pending the outcome of the disciplinary hearing.

6.  It is denied that administrative leave with pay is a type of disciplinary action as stated in Petitioner's paragraph number six.

7.  Based upon information and belief, admitted.

8.    It is admitted that the City Council upheld the discharge.  However, it is denied that it was arbitrary, capricious, malicious, willful, retaliatory, oppressive, in bad faith, and for trivial, personal, and improper reasons.

9.    Denied as stated.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied as stated.

14.    Admitted as stated.

15.    Denied.

16.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This Respondent denies each and every material allegation of the Petitioner's Complaint and demands strict proof thereof.

### SECOND DEFENSE

This Respondent pleads that the Petitioner had due process and that the actions of the City are to be upheld and affirmed, in that the City did not act in an arbitrary or capricious manner and did not fail to comply with applicable law.

### THIRD DEFENSE

This Respondent pleads that administrative leave with pay was not a disciplinary

action, but allowed the Respondent time in which to determine the disciplinary actions that would be taken by the City, which was then affirmed by the City Council.

## FOURTH DEFENSE

This Respondent pleads that the Petitioner was terminated for violation of rules and regulations of the police department in violation of **Group 2**, Section 20 of the City of Lanett's personnel handbook, which was a viable cause for disciplinary action.

## FIFTH DEFENSE

This Respondent pleads immunity, qualified, substantive, and absolute.

## SIXTH DEFENSE

This Respondent pleads the statutory cap.

## SEVENTH DEFENSE

This Respondent pleads that the Petitioner is not entitled to money damages.

## EIGTHTH DEFENSE

This Respondent pleads that the Petitioner is not entitled to attorney's fees.

## NINTH DEFENSE

This Respondent pleads that the Petitioner is not entitled to a trial by jury.


WHEREFORE, the Respondent prays that the Court will deny the Petitioner a sum of money, deny reinstatement, deny all back pay and benefits, deny reasonable attorney's fees and cost, and to affirm the Respondent's actions as taken which were not arbitrary nor capricious and were in accordance with law.

Respectfully submitted,

T. RANDALL LYONS (LYO006)
Attorney for Above-named Respondent

OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830
334-887-0111

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the following on this the _16th_ day of January, 2007 via United States Mail, postage prepaid:

Timothy Dillard
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham ,AL 35203

OF COUNSEL

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| STEVEN WOOD, an individual, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Civil Action No.: CV-06-267 |
| | ) |
| CITY OF LANETT, a municipality, | ) |
| | ) |
| Respondent. | ) |

FILED IN OFFICE THIS

JAN 1 0 2007

CHAMBERS CLERK

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

COMES NOW the Respondent, City of Lanett, by and through its attorney of

record, and files this Notice of Discovery for the following documents:

1.    Request for Discovery to Petitioner, Steven Wood.


Respectfully submitted,


T. RANDALL LYONS (LYO006)
Attorney for Above-named Defendant


OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830
334-887-0111

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the following on this the _____ day of January, 2007 via United States Mail, postage prepaid:

Timothy Dillard
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham ,AL 35203

OF COUNSEL

ORIGINAL

### IN THE CIRCUIT COURT FOR CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| STEVEN WOOD, | ) | |
| | ) | |
| **Plaintiff.** | ) | |
| | ) | |
| v. | ) | Civil Action No.: CV 06-267 |
| | ) | |
| CITY OF LANETT, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

This matter came before this Court pursuant to Plaintiff's Motion for a Protective Order for Discovery Pending Action filed on November 15, 2006. An Order granting Plaintiff's Protective Order pending a hearing on the issue was signed by this Court on November 16, 2006. Plaintiff subsequently filed a Complaint on November 28, 2006. The Motion for a Protective Order was heard on December 12, 2006; and whereas this Court having granted Plaintiff's Protective Order and having set this matter for trial, herein states the following:

It is hereby **ORDERED,** that Defendant, City of Lanett, shall produce a copy of any and all video and audio tapes of the due process "Employee Grievance Elevation" hearing of Plaintiff, Steven Wood, held on November 9, 2006.

It is **FURTHER ORDERED**, that Defendant, City of Lanett, within five (5) days of the date of this Order shall turn over to the attorneys of the Plaintiff, Steven Wood, the tapes as set forth above.

**DONE AND ORDERED** this the ___20th___ day of ___December___, 2006.

_____
Circuit Judge

FILED IN

DEC 2 1 2006

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

| State of Alabama<br>Unified Judicial System | **SUMMONS**<br>**-CIVIL-** | Case Number<br>CV _06-267_ |
|---|---|---|

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY

**Plaintiff:**        **Larry Clark, et al.**          **Defendant:**    **City of Lanett, et al.**

NOTICE TO:        City of Lanett           TO BE SERVED BY CERTIFIED MAIL
                  c/o Joel Holley
                  City Hall, City Manager's Office
                  Lanett, Alabama 36863

THE COMPLAINT, INTERROGATORIES AND REQUEST FOR PRODUCTION WHICH ARE ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY **Timothy L. Dillard, Dillard & Associates L.L.C., WHOSE ADDRESS IS 2015 2nd Avenue North, Berry Building, Fourth Floor, Birmingham, Alabama, 35203.**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30** DAYS AFTER THE SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

___        You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

Date: _____12-04-06_____                    _Charles W. Story_____By:_____
                                            Clerk/Register

_____ I certify that I personally delivered a copy of the Summons and Complaint to
_____ in _____, County, Alabama
on _____.
                    Date

_____        _____
Date                               Server's Signature

_____        _____
Address of Server                  Type of Process Server

IN THE CIRCUIT COURT FOR CHAMBERS COUNTY, ALABAMA

STEVEN WOOD, an individual,     )
                                   )
     Petitioner.               )
                                   )
v.                                 )     Civil Action No.: CV 06-267
                                   )
CITY OF LANETT, a municipality,     )
                                 )
     Respondent.            )

## PETITION FOR REVIEW

COMES NOW Petitioner, Steven Wood, by and through his attorney, and hereby petitions the Court for review of the decision of the Lanett City Council entered on November 9, 2006, based on the following facts and law:

1.     Petitioner Steven Wood is over the age of nineteen (19) and is a resident of Randolph County.  Petitioner was a Lieutenant with the City of Lanett Police Department. Respondent City of Lanett is a municipality located in Chambers County, Alabama.

2.     On September 30, 2006, Plaintiff Steven Wood, while on duty and acting in accordance with the methods taught in their law enforcement training, arrested Lanett City Councilperson Mike Yarbrough (hereinafter "Yarbrough") at his home in Lanett, AL. Yarbrough was arrested for violation of City Ordinance 3-3, Posting Advertising Matter on Utility Poles.

3.     Following the arrest, on or about October 2, 2006, Yarbrough filed a complaint against Petitioner for the "way the arrest was handled."  (See attached)

4.     On or about October 13, 2006, Petitioner was given of a Notification of Disciplinary Hearing scheduled for October 24, 2006, by City Manager Joel Holley, in which the

proposed disciplinary action was termination of employment. (See attached). Petitioner

was being terminated because of his lawful arrest of Yarbrough. The Notification listed

three reasons for the proposed action:

(1)     Violation of Group 2 Section 20 of the City of Lanett Personnel Handbook. "Abusive Personal Conduct or language toward the public or fellow employees, or abusive public criticism of a superior or other city official;"

(2)     Violation of Rules and Regulations of the Police Department 1.100 Primary Objectives.

(3)     Violations of Rules and Regulations of the Police Department 1.230 Conduct Unbecoming an Officer.

5.     On or about October 25, 2006, Petitioner was placed on Administrative Leave with Pay

pending the outcome of the Disciplinary Hearing held on October 24, a procedure for

which there is no policy in the City of Lanett Employee Personnel Handbook. (See

attached).

6.     The "Employee Personnel Handbook" of the City of Lanett does not enumerate

"administrative leave with pay" as a type of discipline to be implemented against City of

Lanett employees. Furthermore, the description of the City of Lanett's "Administrative

Leave Policy" in subsection C of Section IX of the ""Employee Personnel Handbook"

does not include the incident made the basis of this Complaint as an appropriate situation

for placing the Petitioner on such leave.

7.     On or about October 31, 2006, Petitioner received the Decision Upon Disciplinary

Hearing, stating that the "Department Head's recommendation of termination is upheld."

(See attached).

8.     Petitioner appealed the decision to the Lanett City Council, to wit; on or about November

9, 2006, an appeal was heard; whereby the City Council affirmed the termination of the

Petitioner.  Respondents' discharge of Petitioner was arbitrary and capricious, malicious, willful, retaliatory, oppressive, in bad faith, and for trivial, personal, and improper reasons.

9.    City Councilperson Yarbrough while "recusing" himself from the hearing did go into the "jury" room to participate in the deliberations.

10.    Petitioner avers that Yarbrough asserted pressure on the remaining Councilpersons to find against Petitioner.  The hearing was unfair because Yarbrough, who was the accuser and instigator of the termination proceedings against Petitioner, was allowed to participate in the deliberations concerning the Petitioner.

11.    Petitioner was classified as an "Exempt Service Employee," Petitioner was entitled to his employment  unless certain situations arose and/or Petitioner's conduct was within certain terminable categories.  Petitioner was fired for reasons not enumerated in the City of Lanett Personnel Handbook.

12.    Petitioner claims that the above retaliatory actions where taken as a result of the arrest of Yarbrough.

13.    The standard of judicial review applied to rulings of administrative agencies differs from that applied to rulings of trial courts.  An appellate court will affirm a ruling of a lower court if there is any valid reason to do so, even a reason not presented to--or rejected by-- the lower court.... When reviewing the decision of an administrative agency, however, an Alabama court will affirm only if the action and the stated basis for the action are correct." Glass v. City of Dothan Personnel Bd., 910 So.2d 128, 130 (Ala.Civ.App. 2004) (citing Ex parte Beverly Enterprises-Alabama, Inc., 812 So.2d 1189, 1195 (Ala. 2001)).

14.    "The decision of an administrative agency will be affirmed unless the appellant can prove

that the agency acted in an arbitrary and capricious manner or failed to comply with applicable law.... The Board's decision 'must be affirmed if there is substantial evidence to support the [Board's] findings.' " Ex parte City of Dothan Pers. Bd., 791 So.2d 353, 356 (Ala.2000) (*quoting* Ex parte Personnel Bd. for Mobile County, 637 So.2d 888, 889 (Ala.1994)).

15.    The City of Lanett acted in an arbitrary and capricious manner when they brought this matter before the Lanett City Council and failed to comply with the law when they allowed Petitioner's accuser, Councilman Yarbrough, to participate in the above mentioned proceedings that led to the termination of the Petitioner.

16.    The three reasons cited above, (*see* supra ¶ 4), for the termination of the Petitioner are all just a far reaching attempt to label the Petitioner's lawful conduct in a manner by which the City of Lanett could fire the Petitioner.  The reasons cited above are simply a facade to mask the real reason for the termination which is that several officials employed by the City of Lanett have a deep seeded dislike for the Petitioner.

WHEREFORE, Petitioner prays that this court afford the following relief: grant the Plaintiff a sum of damages;  reinstate Plaintiff to his former position;  award Plaintiff all back pay and benefits;  award Plaintiff reasonable attorney fees and cost;  enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

**DILLARD & ASSOCIATES, L.L.C.**
**Attorneys for the Petitioner**

Timothy L. Dillard (DIL 003)
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823

**Trial Counsel**:
Timothy L. Dillard (DIL 003)
Stewart S. Wilbanks (WIL 312)

**\*\* PLAINTIFFS DEMAND TRIAL BY STRUCK JURY\*\***

OF COUNSEL

**Respondent's Address:**

**City of Lanett**
c/o Joel Holley
City Hall, City Manager's Office
Lanett, Alabama 36863

**(Please serve by certified mail)**

NOV 2 8 2006

LAW OFFICES

# DILLARD AND ASSOCIATES, L.L.C.

FOURTH FLOOR, BERRY BUILDING
2015 SECOND AVENUE NORTH
BIRMINGHAM, ALABAMA 35203

TIMOTHY L. DILLARD
STEWART S. WILBANKS

TELEPHONE
(205) 251-2823
FACSIMILE
(205) 251-3832
E-MAIL: dillardandassoc@aol.com

November 21, 2006

Mr. Charles W. Story
Circuit Court Clerk
2 LaFayette Street
Lafayette, AL. 36862

NOV 2 8 2006

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

RE:    **Steven Wood v. City of Lanett, et al.**
       **Civil Action No.: CV 06-267**

Dear Mr. Story:

Enclosed please find an original and copies of the Petition for Review to be filed on behalf of the Petitioner in the above-captioned case. Please stamp an extra copy "filed" and return the same in the self-addressed, stamped envelope enclosed.

Thank you for your help and cooperation in this matter.

Sincerely,

Timothy L. Dillard

TLD/rtt
Enclosures

# IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

EX PARTE STEVEN WOOD,     )
                 )
                 )     Civil Action No: _CV 06 - 267_
                 )
    Petitioner.          )

## ORDER

It is hereby **ORDERED,** that a certain videotape along with any and all reports, documents, memoranda, or other writings, including but not limited to tape recordings, photographs, videotapes, charts, graphs, diagrams, or other writings pertaining to the termination of Petitioner Steven Wood, in the possession of the City of Lanett and its agents, shall be secured by the owner and/or person(s) in possession of said items; and that no alteration, activity or disposition of the videotape or any other recordings pertaining to the subject of this petition thereof until after a hearing on the motion presented herewith is had on _12-12_ , 2006 at _9:00_ AM. CDST in Lafayette, Alabama, in the Circuit Court of Chambers County, Alabama.

DONE AND ORDERED this the _16th_ day of _November_ , 2006.

_____
Circuit Judge

FILED IN OFFICE THIS

NOV 16 2006

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

Plt Atty.

ORIGINAL

# IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

**EX PARTE STEVEN WOOD,** )
 )
 )     Civil Action No: CV 06 - 267
 )
 **Petitioner.** )

## ORDER

It is hereby **ORDERED,** that a certain videotape along with any and all reports,

documents, memoranda, or other writings, including but not limited to tape recordings,

photographs, videotapes, charts, graphs, diagrams, or other writings pertaining to the termination

of Petitioner Steven Wood, in the possession of the City of Lanett and its agents, shall be secured

by the owner and/or person(s) in possession of said items; and that no alteration, activity or

disposition of the videotape or any other recordings pertaining to the subject of this petition

thereof until after a hearing on the motion presented herewith is had on _12 - 12_, 2006

at _9:00_ AM. CDST in Lafayette, Alabama, in the Circuit Court of Chambers County,

Alabama.

**DONE AND ORDERED** this the _16th_ day of _November_, 2006.

FILED IN OFFICE THIS

NOV 1 6 2006

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

_____
Circuit Judge

| STATE OF ALABAMA | Revised 3/23/05 | ►Case No. |
|---|---|---|
| Unified Judicial System | Check one *(Not for Workers' Comp., PFA, or Small Claims cases):* | |
| Chambers _____ County | ☐ District Court  ☑ Circuit Court | CN06-267 |

| Style of case: | **CIVIL MOTION COVER SHEET** |
|---|---|
| Ex parte Steven Wood | |
| v. | *Name of Filing Party:* |
| | Steven Wood |

*Name, Address, and Telephone No. of Attorney or Party, If Not Represented:*
Timothy L. Dillard, 2015 2nd Ave N, Fourth Floor Berry Building
Birmingham, Alabama 35203, (205) 251-2823
*Attorney Alabama State Bar No.:*    DIL 003

To be filled out by Clerk of Court:
☐ Filing Fee Charged and Collected (Amt $_____)
☐ Filing Fee Not Required
☐ Affidavit of Hardship on File or State Agency

## Type of Motion (Check One)

### Motions Requiring Fee

☐ Default Judgment ($50.00)
☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Judgment on the Pleadings ($50.00)
☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00)
☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Summary Judgment Pursuant to Rule 56 ($50.00)
☐ Other _____,
   pursuant to Rule_____ ($50.00)

* Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Cost $_____

NOV 1 5 2006

CHARLES W. STORY

Hearing Date:

### Motions Not Requiring Fee

☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☐ Compel
☐ Consolidation
☐ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during trial)
☐ Disburse Funds
☐ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement
☐ Motion to Dismiss pursuant to Rule 12(b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Pendente Lite
☐ Plaintiff's Motion to Dismiss
☐ Preliminary Injunction
☑ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Revive Judgment
☐ Sanctions
☐ Sever
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Vacate or Modify
☐ Withdraw
☐ Other_____,
   pursuant to Rule_____ (Subject to filing fee)

| *Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government.* ☐ | *Date:* 11/14/06 | *Signature of Attorney or Party:* |

* This Cover Sheet must be completed, signed by the filing attorney or party, and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
** Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

LAW OFFICES

# DILLARD AND ASSOCIATES, L.L.C.

FOURTH FLOOR, BERRY BUILDING

2015 SECOND AVENUE NORTH

BIRMINGHAM, ALABAMA 35203

TIMOTHY L. DILLARD
STEWART S. WILBANKS

TELEPHONE
(205) 251-2823
FACSIMILE
(205) 251-3832
E-MAIL: dillardandassoc@aol.com

November 14, 2006

Mr. Charles W. Story
Circuit Court Clerk
2 LaFayette Street
Lafayette, AL. 36862

    RE:    *Ex parte Steven Wood*

Dear Mr. Story:

    Enclosed please find an original and copies of the Motion to be filed on behalf of the Petitioner in the above-captioned case. Please stamp the extra copy "filed" and return the same in the self-addressed, stamped envelope enclosed.

    Thank you for your help and cooperation in this matter.

                  Sincerely,

                  Timothy L. Dillard

NOV 15 2006

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

TLD/rtt
Enclosures

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

NOV 1 5 2006

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

EX PARTE STEVEN WOOD,  )
                       )
                       )    Civil Action No: _CV 0 6 - 2 6 7_
                       )
         Petitioner.   )

## MOTION FOR A PROTECTIVE ORDER
## FOR DISCOVERY PENDING ACTION

COMES NOW Petitioner, Steven Wood, by and through his attorney, and hereby moves this Honorable Court for entry of a Protective Order for Discovery Pending Action to prevent spoliation of evidence thereby preserving future claims, and states the following in support of said motion:

1.    Pursuant to Alabama Rule of Civil Procedure, Rule 27(a)(1), Petitioner desires to obtain discovery under Alabama Rule of Civil Procedure, 34.

2.    The Petitioner expects to be a party to an action cognizable in a court in this state but is presently unable to bring the action,

3.    The Petitioner, Steven Wood, was fired from his job as a Lanett Police Officer on or about October 24, 2006.

4.    The Petitioner appealed the termination, and at a hearing on or about November 9, 2006. The City's decision to terminate Petitioner was affirmed.  The appeal was heard before the Lanett City Council and was partial and biased.  The decision to terminate Petitioner was capricious, dishonest, and fraudulent.

5.    Officer Steven Wood properly arrested City Councilman Michael Yarbrough on or about September 30, 2006 for violation of City Ordinance 3-3, Posting Advertising Matter on Utility Poles.

6.    On or about October 2, 2006, Councilman Yarbrough filed a complaint against Petitioner

for the "way the arrest was handled." (See attached Exhibit 1).

7.    On or about October 13, 2006, Petitioner was given of a Notification of Disciplinary

Hearing scheduled for October 24, 2006, by City Manager Joel Holley, in which the

proposed disciplinary action was termination of employment. (See attached Exhibit 2).

8.    On or about October 25, 2006, Petitioner was placed on Administrative Leave with Pay

pending the outcome of the Disciplinary Hearing held on October 24, (See attached

Exhibit 3), a procedure for which there is no policy in the City of Lanett Employee

Personnel Handbook.

9.    On or about October 31, 2006, Petitioner received the Decision Upon Disciplinary

Hearing, stating that the "Department Head's recommendation of termination is upheld."

(See attached Exhibit 4).

10.    Petitioner appealed the decision to the Lanett City Council, to wit; on or about November

9, 2006, an appeal was heard whereby the City Council affirmed the termination of the

Petitioner.

11.    City Councilman Yarbrough while "recusing" himself from the hearing did go into the

"jury" room to participate in the deliberations.

12.    Petitioner avers that Councilman Yarbrough asserted pressure on the remaining

Councilman to find against Petitioner. The hearing, including said deliberations, was

recorded via videotape, further it is unknown at this time whether if additional recordings

were made of the hearing and/or deliberations.

13.    The recording(s) in question are presently in Chambers County, Alabama and is subject to

the jurisdiction of this court, as are all of the individuals who have contact with the case,

as all are residents of Chambers County, Alabama

14.    The injuries sustained by Petitioner Steven Wood, may involve claims against the City of Lanett, its officers, agents, and/or others acting under its control. The validity of the claims can only be ascertained by the inspection and evaluation of the recording(s).

15.    The Petitioner expects that the owner of said recording, the City of Lanett, will be an adverse party to any future actions.

16.    The Petitioner, Steven Wood, by and through his attorney, Timothy L. Dillard, is seeking to preserve the evidence by the issuance of a court order, securing the tape and additional tangible evidence, therewith for a short period, to wit; ninety (90) days, in order for an inspection and evaluation of evidence to be had and concluded.

17.    Petitioner's reasons for desiring to preserve that evidence as set forth above, prior to an action being filed in this case, are that such evidence, in whole or in part, is extremely vital and necessary to establish the facts in support of the petitioner's claims against the City of Lanett, its officers, agents, and/or others acting under its control. Petitioner is informed and believes and on such information and belief alleges that without a court ordering that those items set forth above be preserved, the items set forth above will and/or may be destroyed, lost, concealed, tampered with, and/or otherwise not be available to the petitioner and/or petitioner's counsel at the time of trial of this matter.

   WHEREFORE, the Petitioner respectfully asks and requests this Court to issue an order of protection and what other such equitable relief that this Court may deem appropriate.

DILLARD & ASSOCIATES, L.L.C.
**Attorney for Petitioner**

Timothy L. Dillard
The Berry Building, Suite 400
2015 2nd Avenue North
Birmingham, Alabama 35203

I, Steven Wood, hereby verify the facts contained in the forgoing Petition are true and correct to the best of my knowledge and belief.

_Steven Wood_
**Steven Wood**

**STATE OF ALABAMA** )

**CHAMBERS COUNTY** )

Before me, the undersigned notary public in and for said county and state, personally appeared Steven Wood, who is known to me and who, being first duly sworn, deposes and says that he has read the foregoing Petition and that to the best of his personal knowledge the matters and facts contained therein are true and correct.

*SWORN* to and *SUBSCRIBED* before me on this 14th day of November, 2006.

_____
NOTARY PUBLIC

My Commission Expires: 7/1/09

**Respondent's Address**
**City of Lanett**
**401 North Lanier Avenue**
**Lanett, AL 36863**

### RETURN OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon the Respondent of record by hand delivery on this the_____day of _____, 2006.

_____
Process Server

EXHIBIT

1

# Administrative Investigation Complaint
## Lanett Police Department
### For Internal Use Only

Date Reported: _10 / 2 / 2006_    Time of Report: _0850_

Complainant's Name: _MIKE YARBROUGH_

Complainant's Address: _1018 S. 13th Ave   Lanett, AL  36863_

Date of Birth: _3/18/58_    Home Phone: _642-4747_    Work: _645-7609_

Nature of Complaint: _WAY ARREST WAS HANDLED_

Employee(s) named in complaint: _LT. STEVEN WOOD_

Employee(s) supervisor: _Chief RON DOCIMO_

Location of Reported Occurrence: _RESIDENCE_

Name(s) of Witnesses:    Address:    Telephone:

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____

**Narrative:**

_SEE ATTACHED STATEMENT._

_____    continue on witness statement form

_____    _____    _____    _____
Signature of Supervisor    I.D. NO.    Complainant's Signature    Date

Below for Administrative Use
Received by Command level:    Date    Previous Administrative Contact

_____    _____    [ ] Yes    [ ] No

AT 9:30 SATURDAY NIGHT 9/30/06 I WAS
LAYING ON THE SOFA WHEN THE DOOR BELL
RINGS. TWO POLICE OFFICERS WERE AT THE
DOOR. LT. STEVEN WOOD AND A UNKNOWN
W/M OFFICER I DO NOT KNOW. I ASKED THEM
TO COME IN. THE DID. LT. STEVEN WOOD
ASKED ME TO STEP OUTSIDE AND I DID.
HE ASKED ME HOW LONG THE ALABAMA AND
AUBURN SIGN HAD BEEN ON THE LIGHT POLE
IN MY YARD. I REPLIED 3 1/2 YEARS, HE
SAID THAT LONG. HE THEN SAID YOU ARE
UNDER ARREST, DO YOU WANT TO GO
TELL BETH (MY WIFE). I SAID YES.
WE ALL WENT BACK INSIDE AND I TOLD
MY WIFE. SHE STATED ARE YOU JOKING.
ARE YALL GOING TO TAKE HIM AND ARREST
HIM FOR THAT. LT. STEVEN WOOD SAID
NOT THE OTHER OFFICER I'AM DOING THE
ARRESTING THE OTHER OFFICER IS JUST A
WITNESS. I THEN ASKED ARE YOU GOING
TO TAKE ME WITH YOU AND NOT USE
A ORDINANCE CITATION. HE SAID YOU HAVE
TO GO WITH ME. I SAID OK MAY I
CHANGE OUT OF MY SHORTS INTO SOME
PANTS. HE SAID SURE. I WENT TO MY
BEDROOM AND LT. STEVEN WOOD WENT
WITH ME TO CHANGE. WE THEN LEFT FOR

I HAD TO HAVE TWO PEOPLE TO MAKE MY
BOND WITH DEEDS TO THEIR PROPERTY.
I WAS HAVEING A THE HARD TIME WITH
PEOPLE THAT WAS TRYING TO MAKE MY
BOND BECAUSE THEY COULD NOT LOCATE
THEIR DEEDS TO THEIR HOME AT THAT
TIME OF NIGHT. LT. STEVEN WOOD STATED
IF YOU WANT TO YOU CAN SEE IF
CHIEF DOCIMO WILL APPROVE YOUR BOND.
I SAID NO THAT THE CHIEF HAS NOTHING
TO DO WITH THIS. AFTER OVER A
HOUR TO A HOUR 15 MIN. APPROX. MRS.
MARY BULLARD CALLED AND TOLD ME
SHE FOUND HER DEEDS AND WAS
ON THE WAY. I TOLD HER THAT I
HAD TO HAVE ANOTHER PERSON BESIDES
HER. LT. STEVEN WOOD WOULD NOT
LET MY WIFE. LT. STEVEN WOOD
THEN STATED I WILL TAKE
MRS. MARY BULLARD. MRS. BULLARD
CAME AND SIGNED AND WE LEFT.

Micky E. Yarbrough
OCT. 2, 2006

10/31/06          MIKE YARBROUGH

MR. YARBROUGH COMPLAINS THAT THE ARREST WAS NOT HANDLED
PROPERLY. HIS MAIN QUESTION IS " HOW MANY PEOPLE HAS ANY OFFICER
AT LANETT ARRESTED ON THE CITY ORDINANCE AND PICKED THEM UP
AT 9:30 AT NIGHT AND TAKE THEM TO THE PD AND DO ALL THE
FORMAL BOND PROCEDURES.

**EXHIBIT**

*2*

City of Lanett                                                                State of Alabama
Employer

vs.

Steven Wood
Employee

## *NOTIFICATION OF DISICPLINARY HEARING*

You are hereby notified that disciplinary action is contemplated against you on the charges as specified below. Such action could result in your suspension, demotion or dismissal. Your Department Head has recommended dismissal from employment.

Said hearing shall be held on, to wit; Tuesday, the 24th of October 2006 at 1:00 P.M. Eastern Standard Time at the Conference Room of the City Hall.

Said hearing will be conducted by the City Manager.

Disciplinary action is being sought against you on the grounds that you possibly committed the following act or acts, to wit;

1. Violation of Group 2 Section 20 of the City of Lanett Personnel Handbook. "Abusive Personal Conduct or language toward the public or fellow employees, or abusive public criticism of a superior or other city official,
2. Violation of Rules and Regulations of the Police Department 1.100 Primary Objectives.
3. Violations of Rules and Regulations of the Police Department 1.230 Conduct Unbecoming an Officer.

The proposed disciplinary action is termination of employment.

At said hearing, on the above referenced  date, you will be given a full and complete opportunity to respond to the above charge(s) orally or in writing, or both if you so desire and to rebut any and all of the preceding charges against you, or to explain. You have the right to representation of your choice. You will have three (3) working days to respond to this notice. If you fail to respond to this notice, the proposed disciplinary action will be effective on the date specified.

This hearing will not be of any adversary nature and no examination of any witness will be permitted.

After such hearing, I, as City Manager, will give you or your representative a response within 24 hours.

In the event of disciplinary action is taken against you, the procedures for review or appeal or as provided by the particular rules and regulations governing your employment are available. (See Personnel Handbook)

_____
City Manager

*Page 1*                                                10/13/2006

**EXHIBIT**

*3*

October 24th, 2006

Time: _B 4:59 PM E.T._

Lt. Steven Wood, as City Manager you are hereby placed on **ADMINISTRATIVE LEAVE WITH PAY** until disciplinary hearing is concluded or on or about October 25th, 2006. You are ordered to stay away from the Police Department unless you have court, or are called in by the Chief of Police or the City Manager.

City Manager

**EXHIBIT**

4

*City of Lanett*

**City of Lanett**
**Employer**                                    STATE OF ALABAMA

**vs.**

**Steven Wood**
**Employee**

## DECISION UPON DISCIPLINARY HEARING

You are hereby notified that as a result of the disciplinary hearing held on Tuesday, October 24th,

2006, the following decision was made concerning disciplinary action, to-wit:

Department Head's recommendation of termination is upheld. You are hereby terminated, effective immediately. You will need to make an appointment with Mrs. Gunnells about your retirement and any insurance matters. You have the right to elevate your grievance to the City Council (within 10 working days) for an audience before them. The Council will furnish you an answer within 5 working days. You have the right to elevate your grievance to the Council for full due process hearing within 10 working days of its decision. See pages 30 and 31 of the City of Lanett Employee Personnel Handbook.

Joel Holley, City Manager