IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
STEVEN WOOD,                 )
                             )
     Plaintiff,              )
                             )        CIVIL ACTION NO.
     v.                      )         3:07cv1128-MHT
                             )             (WO)
CITY OF LANETT; MIKE         )
YARBROUGH, in his official   )
and individual capacities;   )
OSCAR CRAWLEY, in his        )
official and individual      )
capacities,                  )
                             )
     Defendants.             )
```

OPINION AND ORDER

Plaintiff Steven Wood filed this lawsuit against defendants City of Lanett, City Councilman Mike Yarbrough, and Mayor Oscar Crawley, asserting three federal-law and eight state-law claims arising from his termination as a city police officer. This suit, which all three defendants removed to federal court based on federal-question and supplemental jurisdiction, 28 U.S.C. §§ 1331, 1367, 1441, is now before the court on Wood's

motion to remand.  For the reasons that follow, Wood's remand motion will be denied.

## I. STANDARDS FOR REMOVAL AND REMAND

A civil action brought in state court may be removed by a defendant to federal court if it could have been brought in federal court in the first instance.  28 U.S.C. § 1441(a).  Federal-question jurisdiction exists when the civil action arises under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and supplemental jurisdiction generally exists over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

The party seeking removal bears the burden of establishing jurisdiction.  28 U.S.C. § 1446; <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).  After removal, a party may move to remand to state court

on the basis of any defect in the removal, including lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c). A motion based on a removal defect must be made within 30 days after the filing of the notice of removal. <u>Id</u>. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." <u>Id</u>. Thus, there is no time limitation on a motion to remand for lack of subject-matter jurisdiction. <u>Lowery v. Alabama Power Co.</u>, 483 F.3d 1184, 1214 n.64 (11th Cir. 2007) ("The existence of subject matter jurisdiction, on the other hand, may be challenged at any time, including within the first thirty days after the notice of removal.").

Finally, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." <u>Univ. of S. Ala. v. Am.</u>

<u>Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).


## II. FACTS

Officer Wood's alleged facts are as follows.  In the fall of 2006, Wood arrested Councilman Yarbrough for violating a city ordinance that prohibited posting advertisements on utility poles.  Wood performed the arrest in accordance with proper police procedures, which included obtaining a judicial determination of probable cause and a valid arrest warrant.

Wood's troubles began two days after the arrest, when Yarbrough filed a complaint against Wood for the "way the arrest was handled."  Wood was notified that a disciplinary hearing proposing his termination would be held before the city manager; the notice informed him that he had violated a provision of the city personnel handbook concerning "abusive public criticism of a ... city official" and two provisions of police department

4

rules and regulations. Wood was placed on "administrative leave without pay" pending the outcome of the hearing, even though that status is not authorized by the city personnel handbook. After the hearing, the city manager upheld the recommendation of termination.

Wood appealed to the Lanett City Council. At the council hearing, Wood requested that Yarbrough and Mayor Crawley recuse themselves: Yarbrough was the impetus behind the termination proceedings, and Crawley had been personally involved in investigating Wood's case and had made biased statements against Wood prior to his appeal. Yarbrough agreed to recuse himself, but Crawley did not. However, both Yarbrough and Crawley participated in the deliberations and in the city council's ultimate decision to uphold Wood's termination. During deliberations, Crawley went so far as to say that he "wanted Wood fired because [Wood] was going to sue them anyway."

On November 28, 2006, Wood filed this lawsuit in state court against the City of Lanett. The subsequent critical events are as follows:

<u>November 9, 2007</u>: Wood filed a motion to amend his complaint to add Yarbrough and Crawley as defendants and to assert federal-law violations. He filed a proposed amended complaint too.

<u>November 26 and 27</u>: Crawley and Yarbrough were served with the proposed amended complaint

<u>November 30</u>: The state court granted Wood's motion to amend the complaint

<u>December 28</u>: All the defendants filed a notice of removal, removing this case from state to federal court.

## III. DISCUSSION

### A. Timeliness of Notice of Removal

28 U.S.C. § 1446 sets forth the procedural requirements for filing a notice of removal. Subpart (b) of § 1446 provides that a notice of removal "shall be

6

filed within thirty days after the receipt by the defendant ... of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). This subpart further provides that, when, as in the instant case, the initial pleading does not itself contain removable claims, "a notice of removal may be filed within thirty days after receipt by the defendant ... of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id.

The parties dispute the date on which this case became removable from state court. Wood urges that, because the potential for removal was clear when he filed his motion to amend, along with proposed amended complaint, in state court on November 9, 2007, the December 28 removal was more than 30 days later and thus was untimely.[1] See Corbitt v. Mangum, 523 So.2d 348, 350-

---

    1. Because Crawley and Yarbrough were not served
(continued...)

51 (Ala. 1988) ("[I]t is the date of the filing of the amendment ... from which all time periods are to be computed."). The defendants argue, however, that, because Wood's proposed amended complaint accompanied a motion to allow it, "the matter was not removable until the court issued an order allowing the amendment," Defs.' Resp. to M. Remand (Doc. No. 16), at 3, which it did on November 30.

After oral argument on this question, the court concludes that the 30-day window began on the date that the state court granted the motion to amend. Under Ala. R. Civ. P. 15(a), a party may amend his complaint either by filing it directly with the court--which it may do at any time more than 42 days before the case's first trial setting--or by filing a motion for leave to amend.[2]

_____

1.   (...continued)
with the proposed amended complaint until November 26 and 27, 2007, the notice of removal would have been late even had the 30-day window begun then.

2.   Ala. R. Civ. P. 15(a) provides:

(continued...)

8

The parties agree that, because Wood's case had not been set for trial in state court, he was not required to ask for leave to amend. But Wood chose to file a motion for leave to amend and thus chose to condition the allowance of his amendment on court approval, a procedure that Rule 15(a) does not appear to disallow. Indeed, because Rule 15(a) provides that a state court may later "disallow" a amendment that has been filed without leave, a party not

---

2.    (...continued)
"Amendments. Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court's own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires. Thereafter, a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause. A party shall plead in response to an amended pleading within the time remaining for a response to the original pleading or within ten (10) days after service of the amended pleading, whichever period may be longer, unless the court orders otherwise."

required to seek leave might nevertheless seek approval beforehand so as to avoid unnecessary expenditures should the state court be of the mind that the amendment is not allowable.

By filing a motion to amend on November 9, Wood chose to condition the allowance of his proposed amendment on state-court approval.  As such, his proposed amendment-- and, as result, the suit's removability--did not become effective until that court granted Wood's motion on November 30.  A motion is, by its very nature, powerless to compel any action until it is granted by the court. See Black's Law Dictionary (8th ed. 2004) (defining "motion" as a "written or oral application requesting a court to make a specified ruling or order").  The defendants' December 28 notice of removal was therefore timely filed 28 days later.

Moreover, from a practical perspective, all that the defendants could have ascertained from the November 9 motion to amend was that Wood believed that his suit

<u>could</u> <u>include</u> federal-law claims, for the state court retained discretion to deny the motion and thus disallow the amendment. <u>See</u> <u>Gulf Coast Realty Co., Inc. v. Prof.</u> <u>Real Estate Partners, Inc.</u>, 926 So.2d 992, 1003 (Ala. 2005) ("Discretion rests in the trial judge to deny amendments for good cause.") (quoting <u>Ex parte Tidmore</u>, 418 So.3d 868-69 (Ala. 1982)). Because the defendants could not have been known of the suit's removability until the state court's November 30 order, their removal 28 days later fell within the required 30-day time frame.

### B. Necessary Documents for Notice of Removal

Wood also argues that the defendants' notice of removal is procedurally defective because it failed to include all the state-court filings: copies of the summonses issued for Crawley or Yarbrough, the City of Lanett's answer to Wood's initial complaint, and the pending motion to reconsider. He relies on subpart (a)'s requirement in 28 U.S.C. § 1446 that the notice of

removal "contain[] a short and plain statement of the
grounds for removal, together with a copy of all process,
pleadings, and orders served upon [them]," for the
proposition that failure to include these filings is a
procedural defect fatal to removal, and, as such, remand
is required under subpart (c) of 28 U.S.C. § 1447.[3] <u>See
also</u> <u>Snapper, Inc. v. Redan</u>, 171 F.3d 1249, 1253 (11th
Cir. 1999) ("The failure to comply with these express
statutory requirements for removal can fairly be said to
render the removal 'defective' and justify a remand
pursuant to § 1447(c).").

Precedent establishes that subpart (c) to § 1447 does
not <u>require</u> remand where the notice of removal lacks

_____

3.    Section 1447(c) governs the procedure for remand
back to state court after removal.  It provides:

> "A motion to remand the case on the
> basis of any defect other than lack of
> subject matter jurisdiction must be made
> within 30 days after the filing of the
> notice of removal under section 1446(a).
> If at any time before final judgment it
> appears that the district court lacks
> subject matter jurisdiction, the case
> shall be remanded."

necessary documents.    In 1883, the Supreme Court held that the district court has discretion in some circumstances to permit removal despite procedural defects.  <u>St. Paul & Chicago Ry. Co. v. McLean</u>, 108 U.S. 212, 216-17 (1883).  The former Fifth Circuit Court of Appeals applied this rule in <u>Covington v. Indemnity Insurance Co. of North America</u>, 251 F.2d 930 (5th Cir. 1958).[4]  In <u>Covington</u>, the plaintiff attacked removal on a procedural ground because the defendant had not filed with the notice of removal certain documents required as part of "all process, pleadings and orders served upon him."  <u>Id</u>. at 932.  The court rejected the plaintiff's argument, holding that "mere modal or procedural defects are not jurisdictional" because any documents filed in the state court before the notice of removal "are properly a part of the record coming to this court ...

---

4.    In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[I]f any of them are lacking from the original removal record, they may be later supplied." <u>Id</u>. at 933. As further support, the court cited subpart (b)'s statement in 28 U.S.C. § 1447 that the district court "may require [the party seeking removal] to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court." <u>Id</u>. All told, such omissions from the record are "completely without effect upon the removal, if the case is in its nature removable." <u>Id</u>.

Since <u>Covington</u>, the Eleventh Circuit Court of Appeals has continued to hold that failure to file certain documents with the notice of removal does not defeat the district court's removal jurisdiction. <u>See</u> <u>Usatorres v. Marina Mercante Nicaraguenses, S.A.</u>, 768 F.2d 1285, 1286 (11th Cir. 1985) (per curiam) ("[T]he failure to file papers required by the removal statute may be remedied."); <u>Stephens v. State Farm Fire & Cas.</u>

14

<u>Co.</u>, 149 F. App'x 908, 910 (11th Cir. 2005) ("[T]his Court has held that although a party failed to file all the necessary papers with the district court under § 1446, removal was proper."). This court therefore concludes that the defendants' omission of documents in its notice of removal does not require remand.

## C. Proper Provision for Removal

Wood contends that this federal court may not hear his state-law claims because the defendants failed to meet the requirements for removal under subpart (c) of 28 U.S.C. § 1441, which addresses the situation where "a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action." This argument is, however, entirely without merit for a simple and direct reason: The defendants were not required to meet subpart (c)'s requirement in § 1441 because subpart (c) is not the

15

basis for removal of any part of this case from state to federal court.

First, this court may hear Wood's federal-law claims because subpart (a) of § 1441 allows the removal of claims "of which the district courts of the United States have original jurisdiction," and 28 U.S.C. § 1331 confers original jurisdiction over federal-laws claims such as those presented in this case.    Second, pursuant to subpart (a) of § 1441, this court may hear Wood's state-law claims because they are part of the same case or controversy as the federal-law claims, in that they both arise from Wood's termination, and 28 U.S.C. § 1367(a) confers supplemental original jurisdiction over such state-law claims.  See Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002) (when a federal-question claim was removed, "the court also had supplemental jurisdiction over the remaining state law claims in the original complaint" under § 1367(a)).    All of Wood's claims, federal and state, were therefore properly

16

removed based on § 1441(a) (removal jurisdiction), § 1331 (federal-question jurisdiction), and § 1367(a) (supplemental jurisdiction). Subpart (c) of § 1441 is irrelevant.

                        ***

    For the foregoing reasons, it is ORDERED that plaintiff Steven Wood's motion for remand (Doc. No. 13) is denied.

    DONE, this the 15th day of April, 2008.

                        /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE