IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2008 JUN -5 P 3:26

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT

| | | |
|---|---|---|
| STEVEN WOOD, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CASE NO.:** |
| | ) | |
| CITY OF LANETT, a municipality, | ) | |
| MIKE YARBROUGH, in both his | ) | **07-CV-1128-MHT** |
| individual and official capacities; | ) | |
| OSCAR CRAWLEY, in both his | ) | |
| individual and official capacities; | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NARRATIVE SUMMARY OF UNDISPUTED FACTS
## AND BRIEF OF APPLICABLE LAW

The Defendants submit this Narrative Summary of Undisputed Facts and Brief of Applicable Law in support of their Motion for Summary Judgment filed simultaneously herewith.

### Narrative Summary of Undisputed Facts

This matter arises out of determination of Stephen Wood from his position as a police officer with the City of Lanett Police Department. On or about September 30, 2006, at approximately 9:00 p.m. Eastern Time, Lt. Stephen Wood went to the home of Defendant Mike Yarbrough. Lt. Wood asked Yarbrough to step outside. Once outside he asked Yarbrough the Alabama and Auburn sign had been on the light pole in his yard.

counsel and Mayor. (See Administrative Leave With Pay document attached as Exhibit "E".)

During this time, the ordinance attached as Exhibit "A" number 05-05-04 stated non-custodial arrest citation form.

> "Whenever in this code or in any ordinance of the city an act is prohibited or is made or declared to be unlawful or an offense or a misdemeanor, or whenever in such code or ordinance or doing of any act is required or the failure to do any act is declared to be unlawful, in addition to other lawful procedures to effect a non-custodial/non-custodian arrest or citation, any police officer, other official of the city, or private individual with the authority to issue citations may use to effect such non-custodial/non-traffic arrest, the State of Alabama Unified Judicial System Uniform Non-Traffic Citation and Complaint Form as such form now exists or may in the future be amended."

Plaintiffs have responded to a Request for Admissions which is attached as Exhibit "F" and admitted that General Order No. 2005-21 that stated that personnel may use a Uniform Non-Traffic Citation and Complaint in place of making custodial arrest for an ordinance violation and this was to be done at the officer's discretion. Further, Plaintiff admits that the arrest of councilman Mike Yarbrough was for an ordinance violation and further admits that in lieu of arresting councilman Yarbrough and taking him into jail, the Uniform Non-Traffic Citation and Complaint could have been issued.

On or about November 9, 2006, an appeal was heard by the Mayor and council regarding the appeal of Lt. Wood. Councilman Yarbrough, the Complainant, agreed to recuse himself from deliberation. Lt. Wood requested that Mayor Crawley recuse himself

from deliberations; however, Crawley would not recuse himself from the deliberation. The City Council and Mayor upheld the termination of Plaintiff Wood by a vote of 3 to 2.

Thereafter, Plaintiff, Lt. Wood filed a Petition for Review in the Circuit Court of Chambers County on or about November 28, 2006. (See attached Petition for Review attached as Exhibit "G".) In this action, Plaintiff was merely acting for an Alabama court to review the decision of the administrative agency.

Thereafter, on or about November 8, 2007, Plaintiff filed a Motion to Amend the Petition and filed an Amended Petition which then for the first time brought out Mike Yarbrough as an additional Defendant and Oscar Crawley as a Defendant, both individually and as their capacity and claimed violation of 42 U.S.C. 1983 Substantive Due Process, violation of 42 U.S.C. 1983 Procedural Due Process, violation of 42 U.S.C. 1983 First Amendment Retaliation, breach of implied contract, wrongful termination, intentional interference with a contractual relationship, intentional infliction of emotional distress, and claims for breach of contract.

This matter was removed to this Court on federal question jurisdiction.

## Brief of Applicable Law

## Summary Judgment Standard

Under Federal Rules of Civil Procedure 567(c) summary judgment is proper "if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett* 477

U.S. 317, 322 (1986). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any" which it believes demonstrates the absence of the genuine issue of material fact." Id. 323. The movant may meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id 322-324. If the movant succeeds in demonstrating the absence of a material fact, the burden shifts to the non-movant to establish, with evidence beyond the pleadings, that a genuine issue of material to the non-movant's case exist. See *Fitzpatrick v. City of Atlanta*, 2 Fed.3rd 1112, 1115-17 (11th Circuit. 1993). See also Federal Rules of Civil Procedure 56(e). [When a motion for summary judgment is made and supported...an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his] response...must set forth specific facts showing that there is a genuine issue for trial."] What is material is determined by the substantive law applicable to the case. *Anniston v. Liberty Lobby, Inc.*, 477 US 242, 248 (1986). A dispute of material fact is "genuine"...if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. 248. The non-movant must "do more than simply show that there is metaphysical doubt as to the material facts." *Matsushita Electric Industry Company v. Zenith Radio Corp.*, 475 US 574, at 586 (1986). Rather, the non-movant must present "affirmative evidence" of material factual conflicts to defeat a

properly supported Motion for Summary Judgment. *Anderson*, 477 US at 257. If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant. See *Hollifield v. Reno,*. 115, Fed 3rd 1555, 1564 N. 6 (11th Circuit 1997); *Harris v. Ostrout*, 65 Fed. 3rd 912 (11th Circuit 1995). However, if there is a conflict in the evidence, the [Plaintiffs] evidence is to be believed and all reasonable inferences must be drawn in his favor." *Anderson*, 477 US at 255, *Molina v. Merrit Inferman Insurance Agency*, 207 Fed 3[rd] 1351, 1356 (11th Circuit 2000). After the non-moving party has responded to the motion for summary judgment, the court must grant summary judgment and there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Federal Rules of Civil Procedure 56(c).

### The Plaintiff's claims are due to be dismissed.

The Defendants request the Court to dismiss this case in that the Plaintiff has not complied with Alabama Code, Section 11-40-23 which requires that tort claims must be presented to the clerk of the court within six months of the accrual of the tort. In this case, the original "petition" only requested administrative review of the action of the City of Lanett. Further, the City of Lanett was the only party.

The Plaintiff then by amendment has filed new at least seven new claims against the City of Lanett and the Mayor and Councilman Yarbrough outside the six month statutory claim period.

In *Locker v. City of St. Floorian*,  Opinion Slip No. 2060888, Ala.Civ.App. 2008, a case where the Plaintiff appealed the Circuit Court's dismissing his Complaint against the City and the Chief of Police in his official capacity. In *Locker*, the Plaintiff filed a notice of claim with the city clerk's office and then a little over a month later filed a complaint in circuit court. The City filed a motion to dismiss stating that his claim failed to comply with 11-47-23 because it was filed more than six months after the June 12, 2006 alleged incident.  The Plaintiff subsequently amended his Complaint on April 4, 2007, to allege allegations of false arrest and false imprisonment based on his June 13, 2006 arrest on a menacing charge, and his September 25th arrest on harassment charge.  The City again moved to dismiss the complaint alleging that his claims were either barred by 11-47-23, or the City of immune from liability. The trial court granted the City's motion to dismiss the complaint and it was appealed.  The Court held

> "If an injured party files a complaint alleging tort claims against a municipality within the six month period prescribed by Section 11-47-23, this would also satisfy the notice requirement." See *Diemert v. City of Mobile*, 474 So.2d 663 (Ala. 1985).  In this case, the Plaintiff did not file any notice of claim with the city clerk.  However, his initial petition was filed November 28, 2006, within six months of the acts claimed of.  However, the original petition does not state or describe any information regarding the Plaintiff's claims for violation of due process, substitute due process, retaliation, breach of contract, are his other claims in this action.  The amended petition was filed

well over the six month time period. Therefore, the claims that are made in the amended petition are due to be dismissed as not pursuant to 11-47-23.

Therefore, the Plaintiff's claims are due to be dismissed.

However, even if the claims are not due to be dismissed for statutory failure, the Defendants submit the following:

## 1.    The Defendants did not deprive the plaintiff of his civil rights.

The Defendants did not deprive the Plaintiff of his civil rights to free speech, political affiliation, or due process of law. In the Plaintiff's Complaint, the Plaintiff claims violation for substantive due process, procedural due process and retaliation. The Defendants will address each cause of action separately:

## 2.    The Defendants did not deprive the Plaintiff of his due process of law.

The Defendants provided the Plaintiff with procedural due process. If the Defendants did not provide the Plaintiff with procedural due process, the plaintiff is unable to recover damages prayed for in the Complaint. The Plaintiffs allege that Oscar Crawley refused to recuse himself from the proceedings and that there was a failure to provide an unbiased hearing on the fact. The Plaintiff has inappropriately asserted a cause of action against the Defendants for allegedly depriving him of his right to procedural due process. "Procedural due process violations do not become complete unless/until the State refuses to provide due process." Quoting *Zinermon v. Burch*, 494 U.S. 1113, 123 (1990). "In the case of an employment termination case, due process [does not] require the State to provide an impartial decision maker at the pre-termination hearing. The State is obligated

only to make available "the means by which [the employee] can receive redress for the deprivations [satisfying requirements of due process]". *McKinney v. Pate* 20 Fed.3[rd] 1550 (11th Circuit 1994) (citing *Schafer v. City of Huntsville*, 813 Fed 2nd 709, 715-16 (5th Circuit 1987) (Quoting *Parratt v. Taylor*, 451 U.S. 5127, 543 (1981)), Id. at 1562.

"Even if [the Plaintiff] allegations [of bias] are true, the presence of a satisfactory State remedy mandates that [of court] find that no procedural due process violation occurred." Id.at 1564; See also Tinney v. Shores, 77 Fed 3rd 378, 382 (11th Circuit 1996) (the [Plaintiff] … failed to state a valid due process claim because they [did] not allege [that Alabama law provided them with an inadequate post deprivation remedy"). The question established by Parratt and its progeny are easily applicable to the present matter: Even if the Plaintiff suffered a procedural deprivation at the hands of a biased pre-termination hearing, "he has not suffered a violation of this procedural due process unless and until the State of Alabama refuses to make available a means to remedy the deprivation". *McKinney*, 20 Fed 3rd at 1563. Even if the pre-termination hearing was biased "under Parratt, only the State's refusal to provide a means to correct any error resulting from the bias would engender a procedural due process violation." Id.

In *McKinney*, the Plaintiff filed a cause of action relating to deprivation of due process rights at the hand of State actors. Like the Plaintiff in this matter, the Plaintiff in *McKinney* also chose to allege a cause of action under the 14th Amendment, which made it necessary for the matter to be heard in federal court. The 11th Circuit, sitting en panc, held

that the Plaintiff cannot state a valid constitutional claim if the State provides an adequate process to remedy the allege due process violation. Id.

The Plaintiff's remedy through the State is adequate. The Alabama State Courts cause an action under State law possess the power to remedy Plaintiff's loss, both in terms of damages and equitable relief. *Wallace v. City of Montgomery*, 956 Fed Sup 965, 981 (M.D. Ala. 1996) ("The State of Alabama provides adequate post-deprivation remedies.") As a result, Alabama procedures satisfy procedural due process and alleviate any deprivation the Plaintiff may have suffered at the hands of the board.

Therefore, the Plaintiff does not state a valid cause of action for the violation of federal due process. As this court stated in *Wallace*, the Alabama courts are empowered to…. City council's decision…accordingly, to the extent that the Plaintiff Complaint sets forth procedural due process claim pursuant to the 14th Amendment, the court finds the summary judgment is due to be granted. *Wallace*, 956 Fed Sup at 981 (As a result, the Defendants respectfully request that this Honorable Court grant summary judgment with respect to the Plaintiff's due process claims.)

### 3.    The Defendants provided the Plaintiff with all the process required.

Even if it is decided that the Plaintiff has properly asserted a cause of action for deprivation for procedural due process rights, the Defendants do not deprive the Plaintiff of his right to procedural due process, because the Defendants provided the Plaintiff with a notice of the charges against him, an explanation of the Defendant's evidence, and an opportunity for the Plaintiff to present his side of the story. The Plaintiff did not dispute

these facts. Rather, the Plaintiff alleges his rights were deprived due to (1) the Defendant's failure to provide an unbiased hearing on the facts and (2) by Mayor Oscar Crawley refusing to recuse himself from the proceedings.

Under procedural due process standard, all that is required in a pre-termination hearing is "[1] oral written notice of the charges against [employee] [2] an explanation of the lawyer's evidence, and [3] an opportunity [for the employee] to present his side of the story." *Cleveland Board of Education v. Lowder Mill*, 470 US 532, 546 (1985). Immediately following the standard, the Supreme Court stated, "to require more than this prior to termination would intrude to an unwarranted extent of the government's interest in quickly removing an unsatisfactory employee." Id.

The Defendants provided to the Plaintiff the three federal due process requirements stated in *Cleveland Board of Education*. Mr. Wood met with the Defendants on a number of occasions prior to the City Council's due process hearing. During those meetings, Mr. Wood was explained the charges in evidence against him. Further, the City Council's hearing the council gave Mr. Wood an opportunity to testify and call witnesses on his own behalf. After that hearing, the City Council voted 3 to 2 to terminate the Plaintiff. These facts are undisputed by the Plaintiff.

The Plaintiff has not provided substantial evidence that the Mayor was biased. Instead, the only evidence the Plaintiff has proffered is grounded in hearsay and conjecture. The Plaintiff has stated in his Complaint that the Mayor has stated that he

wanted to fire him because he was going to sue them anyway. However, the Plaintiff has

no other evidence of Mayor Crawley's ill-will or ill feelings toward him.

Therefore, the Defendants did not deprive the Plaintiff of his right to procedural

due process and the Defendants are entitled to judgment as a matter of law.

### 4.    The Defendants did not retaliate against the Plaintiff.

The City determined, after a thorough investigation, that the Plaintiff was

inappropriate in his arrest of Mr. Yarbrough. The Chief of Police ordered an investigation

and then recommended that the Plaintiff be terminated. That recommendation was

appealed to the City Manager who recommended the Plaintiff be terminated. That

decision was appealed to the City Council who voted 3 to 2 to terminate the Plaintiff. The

Mayor, the alleged target of the Plaintiff's claim of bias, was the final vote. In this matter,

there is no evidence that there was any retaliation against Mr. Wood for any action.

### 5.    The Defendants did not intentionally inflict emotional distress upon the Plaintiff.

The Defendants did not intentionally inflict emotional distress upon the Plaintiff

when they terminated his position with the city. To be actual under the tort of outrage, the

conduct involved must be "so outrageous in character and so extreme in degree as to go

beyond all possible bounds of decency, and … be regarded as atrocious and utterly

intolerable in a civilized society." *American Road Service v. Inmon*, 394 So.2d 361,365

(Ala. 1980)(citing re-statement of torts, section 46, comment D at 73 [1965]). In the

present matter, the Plaintiff admits the arrest, but insists the Defendant's true motivation
for terminating his position is in retaliation.

Even if the Plaintiff's assertions are true, terminating a person for an improper
arrest or what was perceived to be an improper arrest in committing conduct unbecoming a
police officer are valid reasons for terminating his position. Therefore, even if the
Defendants were motivated by some other action pursued they might not have ordinarily
pursued, does not rise to the level of "going beyond all possible bounds of decency" and is
not "atrocious and utterly intolerable in a civilized society." Specifically, the claims made
do not rise to a level of intentional infliction of emotional distress and summary judgment
is due to be granted after those claims.

### 6.    Breach of implied contract.

The Plaintiff appears, by the complaint, to allege that the City of Lanett Employee
Handbook was an implied contract. Further, that the City of Lanett breached that contract.
However, the only allegations given for that is that Plaintiff was put on an administrative
leave, with pay. Plaintiff has alleged that that is a violation of the employee handbook.
However, the employee handbook, which is attached to this motion, does not state an
administrative leave with pay specifically as to the situation with Wood, it is not a
disciplinary action and does not take away property rights or other rights of the Plaintiff by
giving administrative leave with pay. Further, Plaintiff appears to claim that the City
failed to follow due process procedures. However, clearly the City followed all due
process procedures as required by their personnel handbook as well as federal law.

Thus, the City contends that the employee handbook is not determined to be a contract of employment. In *Hoffman-LaRose, Inc. v. Campbell*, 512 So.2d 725 (Ala. 1987), the Court lays a conjunctive three-prong test to determine whether the contents of an employee handbook constitute a binding unilateral contract superseding the general employee at will rule as follows:

1.    The language in the handbook must be specific enough to form an offer;

2.    The offer must have been communicated to the employee, by the handbook or otherwise; and

3.    The employee must have accepted the offer by continuing to work after becoming aware of the offer. Id at 735.

To constitute a valid offer, the handbook language must be sufficiently specific rather than simply giving a general policy statement. *Hoffman* 512 So.2d 734. In this case, the handbook itself does not specify an employment contract. It is merely a policy of the City and gives information regarding such items as leave, administrative procedures, pay, employment advancement, as well as disciplinary actions. Thus, not being specific to form any type of offer to the Plaintiff or any other employee of the City of Lanett. Thus, the Defendants would have to violate the handbook before there had been a breach of any implied contract, if such contract existed. However, there was no violation and is no contract in existence. Thus, the claim is due to be dismissed.

**7.    Defendants Crawley and Yarbrough are due to be dismissed.**

It should be stressed that Defendant Crawley is Mayor is the City of Lanett and Defendant Yarbrough is a member of the City Council. Therefore, what the Plaintiff is alleging that the Mayor and a member of the City Council are responsible for all the claims against the City and both Defendants.

The Defendants are city officials acting in the scope of their authority. "City officials are absolutely immune from suits attacking their legislative judgment." *Tutwiler Drug Company v. City of Birmingham*, 418 So.2d 102 (Ala. 1982). City officials acting within the general scope of their authority have a qualified discretionary immunity and are not subject to tort liability for an administrative act or omission. **Taylor v. Shoemaker**, 605 So.2d 828 (Ala. 1992), adopting re-statement of tort Section 895 D (1979). The re-statement provides that "A public officer acting within the general scope of his authority is not subject to tort liability for an administrative act or omission if…he is immune because he engaged in the exercise of a discretionary function." Thus, as a general rule, city officials are immune from suit unless they violate clearly established law.

As discussed above, the Defendants were acting within the scope of their authority when they voted to terminate the Plaintiff. Charges against the Plaintiff were investigated by the police department. That investigation concluded that the Plaintiff had acted as charged. The investigation was reviewed by the Chief of Police who agreed with the results and recommended the Plaintiff be terminated, that recommendation was appealed to the City Manager, who agreed with the recommendation and believed that the Plaintiff should be terminated. Finally, the City Council held a hearing in which the Plaintiff was permitted to

testify and all the forgoing information was before the Defendants when they exercised their legislative judgment and acted within the scope of their employment during a second hearing on the matter, wherein the Defendants voted to terminate the Plaintiff during a second hearing on the matter.

### 9.    The Defendants did not wrongfully terminate the Plaintiff.

The question for the Court is whether the Plaintiff has a cause of action under 42 U.S.C. Section 1983 for person under retaliation. The Plaintiff claims that he was terminated for exercising his right of making a valid arrest against Defendant/City Council Member Yarbrough.

In *Hargraves v. City of Philadelphia*, 2007 WL1276937 (E.D.PA. 2007).  In *Hargraves*, the Plaintiff was a police officer employed by the City of Philadelphia that was terminated.  Plaintiff claimed, among other things, that his termination came about as a result of his doing official duties which was constitutionally protected.  Id. at 2.  The Court held that making arrests and otherwise performing police duties were not "protected activities". Id at 5.  Thus, in this matter, effectuating an arrest was not a protected  activity.  Therefore, the Plaintiff's claim for retaliation is due to be dismissed in that such an action is not protected under the First Amendment.  The Defendants did not wrongfully terminate the Plaintiff from his position with the City of Lanett, because the City provided the Plaintiff with a pre-termination hearing before he was finally terminated from his employment. "The dismissal of a public employee who is entitled to a pre-termination hearing, <u>without such hearing</u>, is a wrongful act constituting a tort under Alabama law."

*Hardric v. City of Stephenson*, 843 So.2d 206, 210 (Ala. Civ. App. 2002)(citing *City of Gadsden v. Hawthorn*, 298 So.2d 707,708 (Ala. Civ. App. 1981)(emphasis added). The City of Lanett provided Mr. Wood with a pre-termination hearing. Indeed, Mr. Wood was not terminated until after the final termination hearing of November, 2006.

The City of Lanett did not wrongfully discharge Plaintiff. The City of Lanett investigated the claims against the Plaintiff and found them to be true. Because the claims constituted terminable offenses, the Chief of Police recommended Mr. Wood be terminated. Consistent with policies and procedures available to him, Mr. Wood appealed the Chief's decision to the City Manager. When the City Manager did not disagree with the Chief's recommendation, Mr. Wood appealed the decision to the City Council. The City Council held a due process hearing and later voted 3 to 2 to terminate the Plaintiff. After the Council's vote, the City of Lanett took Mr. Wood off the City's payroll. Because Mr. Wood received a pre-termination hearing before he was terminated and removed, he was not wrongfully discharged. Therefore, there is no genuine issue and material fact and the Defendant requests the Court grant summary judgment in favor of the Defendants with respect to the claim of wrongful termination.

**11.    The Defendants did not intentionally interfere with any contracts or relationship of the Plaintiff.**

The Alabama Supreme Court has laid out a four-part test to be used to determine whether there is a cause of action either for the tort of interference with a contractual relationship or the tort of interference with a business relationship:

1.    The existence of a contract of a business relation;

2.    Defendant's knowledge of the contract of business relation;

3.    The intentional interference by the Defendant with the contract or business relation; and

4.    Damage to the Plaintiff as a result of the Defendants' interference.

See *Serra Chevrolet, Inc. v. Edwards Chevrolet, Inc.* 857 So.2nd 259, 265 (Ala. 2002). The third element does not require that the interference be "malicious" but only that it be "intentional". *Crael v. Davis*, 544 So.2d at 145, 148 (Ala. 1999).

As a part of the Plaintiff's prima facia case, the case must show the Defendant is a third party (that is a "stranger to the contract".) *BellSouth Mobility v. Cellulink, Inc.* 814 So.2d 203, 212 (Ala. 2001). Principle's agent or employee generally considered to be a part to the contract and may not sue for interference. *Harrell v. Reynolds Metals Company*, 495 So.2d 1381, 1389 (Ala. 1986). However, an employee acting with malice and outside the scope of his employment may be sued for intentional interference. *Hickman v. Winston County Hospital Board*, 508 So.2d 237, 239 (Ala. 1987).

In this case, the Plaintiff appears to allege that he had a property rights to continue his employment with the City. He alleges that Yarbrough and Crawley interfered with his contractual relationship by violation of his substantive due process. The Defendants would state that, first, there has been no contract to be interfered with; secondly, there is no evidence that if there was any interference, that it was intentional. Lastly, the Plaintiff must show that the Defendant is a stranger to the contract. In this situation the Plaintiff is claiming that the

City Councilman and the Mayor are the actors that were interfering with his alleged contractual relationship. In that the City Councilman and the Mayor are acting as the City, they cannot be a stranger to any alleged contract. Therefore, any claims against them for interference with a contractual relationship are due to fail.

Lastly, there is no evidence that either Crawley or Yarbrough acted with malice and outside the scope of his employment.

Therefore, the Plaintiff's claims for intentional interference with a contractual relationship are due to be dismissed.

Therefore, there is no genuine issue of material fact and the Defendants respectfully request that the court enter summary judgment with respect to the Plaintiff's claims against the Mayor Crawley and Councilman Yarbrough both in their individual and official capacities.

Respectfully submitted,

T. RANDALL LYONS (LYO006)
Attorney for Above-named Defendants

OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830
334-887-0111

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the following on this the 5th day of June, 2008 via United States Mail, postage prepaid:

Timothy Dillard
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham ,AL 35203

OF COUNSEL

## ORDINANCE NO. 05-05-04
### AN ORDINANCE TO AMEND THE CODE OF ORDINANCES
### OF THE CITY OF LANETT, ALABAMA

WHEREAS, the Mayor and Council of the City of Lanett, Alabama (the "City") deem it to be in the best interests of the citizens of the City to amend Chapter 1 of the Code of Ordinances (General Provisions) of the City by adding a new section thereto dealing with the adoption of the form of a uniform non-traffic citation and complaint form.

NOW THEREFORE, BE IT HEREBY ORDAINED BY THE MAYOR AND COUNCIL OF THE CITY OF LANETT, ALABAMA, AS FOLLOWS:

Section 1.    Chapter 1 of the Code of Ordinances of the City of Lanett, Alabama is hereby amended by adding a new Section 1-15 thereto which shall read in words as follows:

"*Sec. 1-15. Non-Custodial Arrest Citation Form.*

*Whenever in this Code or in any ordinance of the city an act is prohibited or is made or declared to be unlawful or an offense or a misdemeanor, or whenever in such Code or ordinance the doing of any act is required or the failure to do any act is declared to be unlawful, in addition to other lawful procedures to effect a non-custodial/non-custodial arrest or citation, any police officer, other official of the city or private individual with the authority to issue citations may use to effect such non-custodial/non-traffic arrest the State of Alabama Unified Judicial System Uniform Non-traffic Citation and Complaint Form(Form ABJA-20) as such form now exists or may in the future be amended.*

Section 2.    All ordinances or parts of ordinances in conflict herewith are hereby repealed.

Section 3.    This ordinance shall become effective upon its due publication as required by law.

ADOPTED this 2nd day of May 2005.

_____
OSCAR CRAWLEY, Mayor

ATTEST:

_____
Acting City Clerk

EXHIBIT
A

# Administrative Investigation Complaint
## Lanett Police Department
### For Internal Use Only

Date Reported: 10 / 2 / 2006    Time of Report: 0850

Complainant's Name: MIKE YARBROUGH

Complainant's Address: 1018 S 13th Ave LANETT, AL 36863

Date of Birth: 3/18/58    Home Phone: 642-4747    Work: 645-7609

Nature of Complaint: WAY ARREST WAS HANDLED

Employee(s) named in complaint: LT. STEVEN WOOD

Employee(s) supervisor: CHIEF RON DOCIMO

Location of Reported Occurrence: RESIDENCE

Name(s) of Witnesses:    Address:    Telephone:

_____  _____  _____

_____  _____  _____

**Narrative:**

SEE ATTACHED STATEMENT.

continue on witness statement form

_____  _____  _____  _____
Signature of Supervisor   I.D. NO.   Complainant's Signature   Date

Below for Administrative Use
Received by Command level:    Date    Previous Administrative

[ ] Yes    [ ]

EXHIBIT
B
tabbies

AT 9:30 SATURDAY NIGHT 9/30/06 I WAS
LAYING ON THE SOFA WHEN THE DOOR BELL
RINGS. TWO POLICE OFFICERS WERE AT THE
DOOR. LT. STEVEN WOOD AND A UNKNOWN
W/m OFFICER I DO NOT KNOW. I ASKED THEM
TO COME IN. THE DID. LT. STEVEN WOOD
ASKED ME TO STEP OUTSIDE AND I DID.
HE ASKED ME HOW LONG THE AUBURN AND
AUBURN SIGN HAD BEEN ON THE LIGHT POLE
IN MY YARD. I REPLYED 3½ YEARS, HE
SAID THAT LONG. HE THEN SAID YOU ARE
UNDER ARREST, DO YOU WANT TO GO
TELL BETH (my WIFE). I SAID YES.
WE ALL WENT BACK INSIDE AND I TOLD
MY WIFE. SHE STATED ARE YOU JOKEING
ARE YALL GOING TO TAKE HIM AND ARREST
HIM FOR THAT. LT. STEVEN WOOD SAID
NOT THE OTHER OFFICER I'AM DOING THE
ARRESTING THE OTHER OFFICER IS JUST A
WITNESS. I THEN ASKED ARE YOU GOING
TO TAKE ME WITH YOU AND NOT USE
A ORIGINAL CITATION. HE SAID YOU HAVE
TO GO WITH ME. I SAID OK MAY I
CHANGE OUT OF MY SHORTS INTO SOME
PANTS. HE SAID SURE. I WENT TO MY
BEDROOM AND LT. STEVEN WOOD WENT
WITH ME TO CHANGE. WE THEN LEFT FOR

I HAD TO HAVE TWO PEOPLE TO MAKE MY
BOND WITH DEEDS TO THEIR PROPERTY.
I WAS HAVEING A HARD TIME WITH
PEOPLE THAT WAS TRYING TO MAKE MY
BOND BECAUSE THEY COULD NOT LOCATE
THEIR DEEDS TO THEIR HOME AT THAT
TIME OF NIGHT. LT. STEVEN WOOD STATED
IF YOU WANT TO YOU CAN SEE IF
CHIEF DOCIMO WILL APPROVE YOUR BOND.
I SAID NO THAT THE CHIEF HAS NOTHING
TO DO WITH THIS. AFTER OVER A
HOUR TO A HOUR 15 MIN. APPROX. MRS.
MARY BULLARD CALLED AND TOLD ME
SHE FOUND HER DEEDS AND WAS
ON THE WAY I TOLD HER THAT I
HAD TO HAVE ANOTHER PERSON BESIDE
HER. LT. STEVEN WOOD WOULD NOT
LET MY WIFE. LT. STEVEN WOOD
THEN STATED I WILL TAKE
MRS. MARY BULLARD. MRS. BULLARD
CAME AND SIGNED AND WE LEFT.

Mickey E. Yarbrough
OCT. 2, 2006

10/21/06        MIKE YARBROUGH

MR. YARBROUGH COMPLAINS THAT THIS ARREST WAS NOT HANDLED
PROPERLY. HIS MAIN QUESTION IS "HOW MANY PEOPLE HAS ANY OFFICER
AT LANETT ARRESTED ON THE CITY ORDINANCE AND PICKED THEM UP
AT 9:30 AT NIGHT AND TAKE THEM TO THE PD AND DO ALL THE
FORMAL BOND PROCEDURES.

City of Lanett                                           State of Alabama
Employer

vs.

Steven Wood
Employee

### *NOTIFICATION OF DISICPLINARY HEARING*

You are hereby notified that disciplinary action is contemplated against you on the charges as specified below. Such action could result in your suspension, demotion or dismissal. Your Department Head has recommended dismissal from employment.

Said hearing shall be held on, to wit; Tuesday, the 24th of October 2006 at 1:00 P.M. Eastern Standard Time at the Conference Room of the City Hall.

Said hearing will be conducted by the City Manager.

Disciplinary action is being sought against you on the grounds that you possibly committed the following act or acts, to wit;

1.  Violation of Group 2 Section 20 of the City of Lanett Personnel Handbook. "Abusive Personal Conduct or language toward the public or fellow employees, or abusive public criticism of a superior or other city official.
2.  Violation of Rules and Regulations of the Police Department 1.100 Primary Objectives.
3.  Violations of Rules and Regulations of the Police Department 1.230 Conduct Unbecoming an Officer.

The proposed disciplinary action is termination of employment.

At said hearing, on the above referenced date, you will be given a full and complete opportunity to respond to the above charge(s) orally or in writing, or both if you so desire and to rebut any and all of the preceding charges against you, or to explain. You have the right to representation of your choice. You will have three (3) working days to respond to this notice. If you fail to respond to this notice, the proposed disciplinary action will be effective on the date specified.

This hearing will not be of any adversary nature and no examination of any witness will be permitted.

After such hearing, I, as City Manager, will give you or your representative a response within 24 hours.

In the event of disciplinary action is taken against you, the procedures for review or appeal or as provided by the particular rules and regulations governing your employment are available. (See Personnel Handbook)

City Manager

EXHIBIT

*C*

## City of Lanett

**City of Lanett**
**Employer**

**STATE OF ALABAMA**

**vs.**

**Steven Wood**
**Employee**

### DECISION UPON DISCIPLINARY HEARING

You are hereby notified that as a result of the disciplinary hearing held on Tuesday, October 24th, 2006, the following decision was made concerning disciplinary action, to-wit:

Department Head's recommendation of termination is upheld. You are hereby terminated, effective immediately. You will need to make an appointment with Mrs. Gunnells about your retirement and any insurance matters. You have the right to elevate your grievance to the City Council (within 10 working days) for an audience before them. The Council will furnish you an answer within 5 working days. You have the right to elevate your grievance to the Council for full due process hearing within 10 working days of its decision. See pages 30 and 31 of the City of Lanett Employee Personnel Handbook.

Joel Holley, City Manager


**EXHIBIT**
D

Yarbrough replied "Three-and-a-half years." He said "That long." He said "You are under arrest." Yarbrough then went and told his wife. Lt. Wood told Yarbrough he was doing the arresting, that the other officer with him was just a witness. Yarbrough asked if he was going to take him with him or not use an ordinance citation, but Wood said that he had to go with him. Yarbrough was taken to the police headquarters and had to have two people make his bond with deeds to their property. Mike Yarbrough made a complaint to Chief Ron Dosomo of the Lanett Police Department regarding the way the arrest was handled (See Administrative Investigation Report and statement attached as Exhibit "B".) Mr. Yarbrough's main question to Chief Dosomo was "How many people has any officer of Lanett arrested on a City ordinance and picked them up at 9:30 at night and taken them to the Police Department and done all the formal bond procedures." (See Supplement to Administrative Investigation Report attached as Exhibit "B".)

The investigation complaint was reported on October 2, 2006, and a investigation into by Chief Ron Dosomo. Chief Dosomo recommended dismissal from employment. Thereafter, a document was submitted to Lt. Wood stating that a Notification of Disciplinary Hearing attached as Exhibit "C". That hearing was on October 24, 2006, at 1:00 p.m. Eastern Standard Time. Following that hearing, a Decision Upon Disciplinary Hearing was submitted by the City Manager, at which time the Department Head's recommendation of termination was upheld. (See Decision Upon Disciplinary Hearing attached as Exhibit "D".) Further, on October 24, 2006, at 4:59 p.m. Eastern Time, Lt. Wood was placed on administrative leave until a hearing could be held with the full

October 24th, 2006

Time: 4:59 PM E.T.

Lt. Steven Wood, as City Manager you are hereby placed on **ADMINISTRATIVE LEAVE WITH PAY** until disciplinary hearing is concluded or on or about October 25th, 2006. You are ordered to stay away from the Police Department unless you have court, or are called in by the Chief of Police or the City Manager.

City Manager

EXHIBIT

E

tabbies

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN WOOD, an individual, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |
| v. | ) | Civil Action No.: 07-CV-1128-MHT |
| | ) | |
| CITY OF LANETT, et al. | ) | |
| | ) | |
| Respondents. | ) | |

**PLAINTIFF'S RESPONSE TO RESPONDENTS REQUEST FOR ADMISSIONS**

    **COMES NOW,** Plaintiff Steven Wood, by and through undersigned counsel, who hereby

files these Responses to Respondents Request for Admissions, and answers the same as follows:

**RESPONSES**

    1.    Admitted

    2.    Admitted

    3.    Admitted

    4.    Admitted

                                                  **DILLARD & ASSOCIATES, L.L.C.**
                                                **Attorneys for Petitioner**

                                                  Timothy L. Dillard (DIL003)
                                                  The Berry Building, Suite 400
                                                  2015 Second Avenue North
                                                  Birmingham, Alabama 35203
                                                  (205) 251-2823

**EXHIBIT
F**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, first class postage prepaid and properly addressed on this the 25th day of April, 2008, to wit:

**RESPONDENT'S ADDRESS**

**T. Randall Lyons**
Attorney for all Respondents
Webster, Henry & Lyons, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830

23-021

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

STEVEN WOOD, an individual,    )
    )
   Plaintiff,    )
    )
v.    )    Case No.: 07-CV-1128-MHT
    )
CITY OF LANETT, a municipality,    )
MIKE YARBROUGH, in both his    )
individual and official capacities;    )
OSCAR CRAWLEY, in both his    )
individual and official capacities;    )
et al.,    )
    )
   Defendants.    )

### RESPONDENT'S REQUEST FOR ADMISSIONS

COMES NOW the Respondent, City of Lanett, Alabama, by and through its

attorney of record, and respectfully request Petitioner Wood to admit or deny the

following:

1.    Please admit that the attached ordinance #05-05-04, an ordinance to amend

the Code of Ordinances of the City of Lanett was amended to state as

follows:

"Non-Custodial Arrest Citation Form.
Whenever in this Code or in any ordinance of the city an act is
prohibited or is made or declared to be unlawful or an offense or a
misdemeanor, or whenever in such Code or ordinance the doing of
any act is required or the failure to do any act is declared to be
unlawful, in addition to other lawful procedures to effect a non-
custodial/non-custodian arrest or citation, any police officer, other
official of the city or private individual with the authority to issue
citations may use to effect such non-custodial/non-traffic arrest the

State of Alabama Unified Judicial System Uniform Non-traffic
Citation and Complaint Form as such form now exists or may in the
future be amended."
(See amended ordinance attached as Exhibit "A").

Please admit that this non-custodial arrest citation form ordinance was in effect at

the time of your arrest of City Councilman Mike Yarbrough.

2.    Please admit that general order #2005-21, to all personnel from Chief Ron

Docimo dated May 22, 2005, was effective immediately and that personnel

may use the uniform non-traffic citation and complaint in the place of

making a custodial arrest for an ordinance violation and this was to be done

at the officers discretion. The form could be used for ordinances that treat

the offense as a violation or as a misdemeanor. When this form is

completed, the pink copies are to be given to the violator. The issuing

officer will then appear before a magistrate and "swear" to the citation as is

done with a traffic citation. The issuing officer is to complete an arrest

report and turn both documents into the records division at the same time.

Please admit that this was a general order in effect prior to the time of your

arrest of Councilman Mike Yarbrough.

3.    Please admit that the arrest of Councilman Mike Yarbrough was for an

ordinance violation.

4.    Please admit that in lieu of arresting Councilman Yarbrough and taking him

to jail, a uniform non-traffic citation and complaint could have been issued

to him.

Respectfully submitted,


_____
T. RANDALL LYONS (LYO006)
Attorney for Above-named Respondent

OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, AL 36830
334-887-0111


## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing document was served upon the following on this the ___ day of April, 2008 via United States Mail, postage prepaid:

Timothy Dillard
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham ,AL 35203


_____
OF COUNSEL

ORDINANCE NO. 05-05-04
### AN ORDINANCE TO AMEND THE CODE OF ORDINANCES
### OF THE CITY OF LANETT, ALABAMA

WHEREAS, the Mayor and Council of the City of Lanett, Alabama (the "City") deem it to be in the best interests of the citizens of the City to amend Chapter 1 of the Code of Ordinances (General Provisions) of the City by adding a new section thereto dealing with the adoption of the form of a uniform non-traffic citation and complaint form.

NOW THEREFORE, BE IT HEREBY ORDAINED BY THE MAYOR AND COUNCIL OF THE CITY OF LANETT, ALABAMA, AS FOLLOWS:

Section 1.    Chapter 1 of the Code of Ordinances of the City of Lanett, Alabama is hereby amended by adding a new Section 1-15 thereto which shall read in words as follows:

*"Sec. 1-15. Non-Custodial Arrest Citation Form.*

*Whenever in this Code or in any ordinance of the city an act is prohibited or is made or declared to be unlawful or an offense or a misdemeanor, or whenever in such Code or ordinance the doing of any act is required or the failure to do any act is declared to be unlawful, in addition to other lawful procedures to effect a non-custodial/non-custodial arrest or citation, any police officer, other official of the city or private individual with the authority to issue citations may use to effect such non-custodial/non-traffic arrest the State of Alabama Unified Judicial System Uniform Non-traffic Citation and Complaint Form(Form ABJA-20) as such form now exists or may in the future be amended.*

Section 2.    All ordinances or parts of ordinances in conflict herewith are hereby repealed.

Section 3.    This ordinance shall become effective upon its due publication as required by law.

ADOPTED this 2nd day of May 2005.

_____
OSCAR CRAWLEY, Mayor

ATTEST:

_____
Acting City Clerk

EXHIBIT
A

*Non-Custodial Arrest Citation Form*                                    *Page 1*

# RECEIPT OF GENERAL ORDER
### #2005-21

My signature denotes that I have received, read and understand this General Order.

| Employee | Signature | Date |
|----------|-----------|------|
| Sgt. Wood |  | 5/22/05 |
| Off. Clark |  | May 22, 2005 |

GENERAL ORDER #2005-21

TO:   All Personnel
FR:   Chief Docimo
RE:   Uniform Non-Traffic Citation and Complaint
DA:   May 22, 2005

Effective immediately personnel may use the Uniform Non-Traffic Citation and
Complaint in the place of making a custodial arrest for an ordinance violation, this is
done at the officer's discretion.  This form can be used for ordinances that treat the
offense as a violation or as a misdemeanor.  When this form is completed, the pink copy
is to be given to the violator.  The issuing officer will then appear before a magistrate and
"swear" to the citation as is done with a traffic citation.  The issuing officer is to complete
an arrest report and turn both documents into the Records Division at the same time.

cc: File

## IN THE CIRCUIT COURT FOR CHAMBERS COUNTY, ALABAMA

STEVEN WOOD, an individual,   )
          )
  Petitioner.      )  NOV 2 8 2006
          )
v.          )  Civil Action No.: CV 06-267
          ) CLERK
CITY OF LANETT, a municipality,  ) COUNTY ALABAMA
          )
  Respondent.     )

### PETITION FOR REVIEW

COMES NOW Petitioner, Steven Wood, by and through his attorney, and hereby petitions the Court for review of the decision of the Lanett City Council entered on November 9, 2006, based on the following facts and law:

1. Petitioner Steven Wood is over the age of nineteen (19) and is a resident of Randolph County. Petitioner was a Lieutenant with the City of Lanett Police Department. Respondent City of Lanett is a municipality located in Chambers County, Alabama.

2. On September 30, 2006, Plaintiff Steven Wood, while on duty and acting in accordance with the methods taught in their law enforcement training, arrested Lanett City Councilperson Mike Yarbrough (hereinafter "Yarbrough") at his home in Lanett, AL. Yarbrough was arrested for violation of City Ordinance 3-3, Posting Advertising Matter on Utility Poles.

3. Following the arrest, on or about October 2, 2006, Yarbrough filed a complaint against Petitioner for the "way the arrest was handled." (See attached)

4. On or about October 13, 2006, Petitioner was given of a Notification of Disciplinary Hearing scheduled for October 24, 2006, by City Manager Joel Holley, in which the



EXHIBIT
G

proposed disciplinary action was termination of employment. (See attached). Petitioner

was being terminated because of his lawful arrest of Yarbrough. The Notification listed

three reasons for the proposed action:

   (1)     Violation of Group 2 Section 20 of the City of Lanett Personnel Handbook. "Abusive Personal Conduct or language toward the public or fellow employees, or abusive public criticism of a superior or other city official;"

   (2)     Violation of Rules and Regulations of the Police Department 1.100 Primary Objectives.

   (3)     Violations of Rules and Regulations of the Police Department 1.230 Conduct Unbecoming an Officer.

5.     On or about October 25, 2006, Petitioner was placed on Administrative Leave with Pay

pending the outcome of the Disciplinary Hearing held on October 24, a procedure for

which there is no policy in the City of Lanett Employee Personnel Handbook. (See

attached).

6.     The "Employee Personnel Handbook" of the City of Lanett does not enumerate

"administrative leave with pay" as a type of discipline to be implemented against City of

Lanett employees. Furthermore, the description of the City of Lanett's "Administrative

Leave Policy" in subsection C of Section IX of the ""Employee Personnel Handbook"

does not include the incident made the basis of this Complaint as an appropriate situation

for placing the Petitioner on such leave.

7.     On or about October 31, 2006, Petitioner received the Decision Upon Disciplinary

Hearing, stating that the "Department Head's recommendation of termination is upheld."

(See attached).

8.     Petitioner appealed the decision to the Lanett City Council, to wit; on or about November

9, 2006, an appeal was heard; whereby the City Council affirmed the termination of the

Petitioner. Respondents' discharge of Petitioner was arbitrary and capricious, malicious, willful, retaliatory, oppressive, in bad faith, and for trivial, personal, and improper reasons.

9.    City Councilperson Yarbrough while "recusing" himself from the hearing did go into the "jury" room to participate in the deliberations.

10.    Petitioner avers that Yarbrough asserted pressure on the remaining Councilpersons to find against Petitioner. The hearing was unfair because Yarbrough, who was the accuser and instigator of the termination proceedings against Petitioner, was allowed to participate in the deliberations concerning the Petitioner.

11.    Petitioner was classified as an "Exempt Service Employee," Petitioner was entitled to his employment unless certain situations arose and/or Petitioner's conduct was within certain terminable categories. Petitioner was fired for reasons not enumerated in the City of Lanett Personnel Handbook.

12.    Petitioner claims that the above retaliatory actions where taken as a result of the arrest of Yarbrough.

13.    The standard of judicial review applied to rulings of administrative agencies differs from that applied to rulings of trial courts. An appellate court will affirm a ruling of a lower court if there is any valid reason to do so, even a reason not presented to--or rejected by-- the lower court.... When reviewing the decision of an administrative agency, however, an Alabama court will affirm only if the action and the stated basis for the action are correct." Glass v. City of Dothan Personnel Bd., 910 So.2d 128, 130 (Ala.Civ.App. 2004) (citing Ex parte Beverly Enterprises-Alabama, Inc., 812 So.2d 1189, 1195 (Ala. 2001)).

14.    "The decision of an administrative agency will be affirmed unless the appellant can prove

that the agency acted in an arbitrary and capricious manner or failed to comply with applicable law.... The Board's decision 'must be affirmed if there is substantial evidence to support the [Board's] findings.' " Ex parte City of Dothan Pers. Bd., 791 So.2d 353, 356 (Ala.2000) (quoting Ex parte Personnel Bd. for Mobile County, 637 So.2d 888, 889 (Ala.1994)).

15. The City of Lanett acted in an arbitrary and capricious manner when they brought this matter before the Lanett City Council and failed to comply with the law when they allowed Petitioner's accuser, Councilman Yarbrough, to participate in the above mentioned proceedings that led to the termination of the Petitioner.

16. The three reasons cited above, (see supra ¶ 4), for the termination of the Petitioner are all just a far reaching attempt to label the Petitioner's lawful conduct in a manner by which the City of Lanett could fire the Petitioner. The reasons cited above are simply a facade to mask the real reason for the termination which is that several officials employed by the City of Lanett have a deep seeded dislike for the Petitioner.

WHEREFORE, Petitioner prays that this court afford the following relief: grant the Plaintiff a sum of damages; reinstate Plaintiff to his former position; award Plaintiff all back pay and benefits; award Plaintiff reasonable attorney fees and cost; enjoin Defendants from all further retaliatory acts and other violations of law against Plaintiff; and award such other and further relief as this court deems just and proper.

DILLARD & ASSOCIATES, L.L.C.
**Attorneys for the Petitioner**

Timothy L. Dillard (DIL 003)
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823

**Trial Counsel**:
Timothy L. Dillard (DIL 003)
Stewart S. Wilbanks (WIL 312)

**\*\* PLAINTIFFS DEMAND TRIAL BY STRUCK JURY\*\***

OF COUNSEL

**Respondent's Address**:                                         **(Please serve by certified mail)**

**City of Lanett**
c/o Joel Holley
City Hall, City Manager's Office
Lanett, Alabama 36863